## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | Case Number: 1:07 CV 07232 |
| *Plaintiff,* | |
| -vs- | Honorable George W. Lindberg, *Judge Presiding* |
| THE VILLAGE OF HINSDALE, ILLINOIS, *an Illinois Municipal Corporation*; THE HINSDALE POLICE DEPARTMENT; *and* UNKNOWN OTHERS, | Honorable Geraldine Soat Brown, *Assigned U.S. Magistrate Judge* |
| *Defendants.* | Civil Rights Litigation<br>42 USC, Section 1983 |

**FILED**
JAN 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO:  Russell W. Hartigan, Esq.          Michael W. Dobbins, Clerk
     Patrick H. O'Connor, Esq.          U.S. District Court, Northern District of
     Michael R. Hartigan, Esq.             Illinois, Eastern Division
     HARTIGAN & CUISINER, PC           Dirksen McKinley Federal Building
     222 North LaSalle Street, Suite 2150   219 South Dearborn Street, 20th Floor
     Chicago, Illinois 60601            Chicago, Illinois 60604

*PLEASE TAKE NOTICE* that the undersigned filed with the Clerk of the Court the fully executed **WAIVER OF SERVICE OF SUMMONS** for Defendants the Village of Hinsdale and The Hinsdale Police Department, *as served upon you herewith.*

### PROOF OF SERVICE

LAMAR C. CHAPMAN III, *Solo Fides*, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, being first duly sworn under oath and in accordance with the penalties of perjury states that he personally served this Notice and all relevant attachments on the above-named attorneys or their designated representatives on Monday, January 14, 2008, before the hour of 3:00 PM.

*Respectfully submitted,*

LAMAR C. CHAPMAN III, *Solo Fides*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road   POB 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

LAMAR C. CHAPMAN III

**DEFENDANTS**

THE VILLAGE OF HINSDALE ILLINOIS

**(b) County of Residence of First Listed Plaintiff**  DU PAGE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  n/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**

Plaintiff, Pro Se
See Verified Complaint

**Attorneys (If Known)**

Unknown

FILED
APR 19 2007

07CV7232
JUDGE LINDBERG
MAGISTRATE JUDGE BROWN

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

**VI. CAUSE OF ACTION**

Civil Rights Redress 42 U.S.C., Section 1983

**VIII. REQUESTED IN COMPLAINT**

DEMAND $ $25 Million

DATE  April 9, 2007

Lamar C. Chapman III, Pro Se

AO 399 (Rev. 10/95)            07-30-4778

# WAIVER OF SERVICE OF SUMMONS

FILED
JAN 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: **Lamar C. Chapman, III (pro se)**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **Village of Hinsdale**,
(DEFENDANT)

acknowledge receipt of your request that I waive service of summons in the action of **Lamar C. Chapman III v. Village of Hinsdale**, which is case number **07 CV 2175** in the
(CAPTION OF ACTION)                                (DOCKET NUMBER)

the United States District Court for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **5/17/07**
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_May 18, 2007_            _Christine M. Bruton_
(DATE)                            (SIGNATURE)

Printed/Typed Name: **Chris Bruton**
As _Deputy Village Clerk_ of _Village of Hinsdale_
(TITLE)                            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United states who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)  07-30-4778

# WAIVER OF SERVICE OF SUMMONS

TO:  **Lamar C. Chapman, III (pro se)**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____Village of Hinsdale Police Department_____,
(DEFENDANT)
acknowledge receipt of your request that I waive service of summons in the action of __Lamar C. Chapman III v. Village of Hinsdale__, which is case number __07 CV 2175__ in the
(CAPTION OF ACTION)                                  (DOCKET NUMBER)

the United States District Court for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __5/17/07__
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__5/20/07__
(DATE)

__Bradley Bloom__ (SIGNATURE)
Printed/Typed Name: __Bradley Bloom__
As __Chief__ of __Village of Hinsdale Police Dept.__
    (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United states who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.