# EXHIBIT "A"

**FILED**

APR 19 2007
APR 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLILNOIS
## EASTERN DIVISION

LAMAR C. CHAPMAN III,

       *Plaintiff,*

-vs-

THE VILLAGE OF HINSDALE, ILLINOIS,
*an Illinois Municipal Corporation;* THE
HINSDALE POLICE DEPARTMENT;
*and* UNKNOWN OTHERS,

       *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

**07CV2175**
**JUDGE LINDBERG**
**MAG. JUDGE BROWN**

*Civil Rights Lawsuit*
*42 United States Code*
*Sections, 1983, 1988, et al.*

## VERIFIED COMPLAINT

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, complains of The Village of Hinsdale, Illinois; The Hinsdale Police Department; and Unknown Others as follows:

### INTRODUCTION

This lawsuit is intended to redress the intentional and fundamental violations of Plaintiff's civil rights. It is apparent that the Defendants have "a real zeal for justice that is not in accordance with the law."

Plaintiff has been warned by a credible member of the state and federal bar association that "if he didn't stop doing what he is doing that certain federal employees would kill him." Plaintiff's constitutional rights were grossly suspended and violated for retaliatory purposes only to teach the Plaintiff a lesson or to "make an impression" on the Plaintiff. Plaintiff has been incarcerated in a maximum security institution on nothing

1

more than the "say so" jurisdiction of certain federal employees for ten and one half (10½) months on a six (6) month sentence that has never amounted to a federal crime or federal jurisdiction. Plaintiff was arrested by local law enforcement officers without any state or federal arrest warrant or any other legal authorization. Plaintiff's residence was broken into by Defendants; searched without warrant, permission or legal authorization; and precious jewelry in the form of a thirty (30) year old wrist watch collection containing eight (8) gold watches were seized, stolen and removed from Plaintiff's residence.

## SUMMARY OF ACTION

Plaintiff Lamar C. Chapman III, ("*Chapman*"), a highly decorated African-American, an alumnus of the United States Naval Academy, recipient of a Presidential Appointment (*Richard Milhous Nixon*), Congressional Nomination (*William L. Dawson*), Gubernatorial Military Commission (*Richard B. Ogilvie*), and Judicial Appointment (*Honorable Francis Barth, Circuit Court of Cook County, Illinois*) has been an outspoken critic of the federal judiciary for the Northern District of Illinois, Eastern Division and related local federal agencies and their employees for the past twenty-three (23) years. During this twenty-three (23) year period, Chapman as an activist has repeatedly lobbied Washington, DC and the presidential administrations of President Ronald Reagan and all other administrations subsequent thereto to investigate verified allegations of official misconduct, including racial discrimination in judicial rulings and procedure and has been an advocate for civil rights, due process and full and fair treatment under the law.

2

## JURISDICTION AND VENUE

1.       Jurisdiction is proper in this Court pursuant to 28 U.S.C., Section 1331 and 28 U.S.C., Section 1343 because this action arises under the laws of the United States, specifically the United States Constitution, the First, Fifth, Eight and Fourteenth Amendments to the United States Constitution, 42 U.S.C., Section 1983 and 42 U.S.C., Section 1988.

2.       Venue is proper in this District pursuant to Plaintiff's choice of venue and 28 U.S.C., Section 1391(b) because Defendants' conduct and activities giving rise to this cause of action occurred under the laws of the United States of America.

## PARTIES

3.       The Village of Hinsdale, Illinois is a municipal corporation situated in DuPage County, Illinois.

4.       The Hinsdale Police Department is the law enforcement agency of the Village of Hinsdale, Illinois.

10.      Unknown Others are local state, county, municipal and federal law enforcement employees who have gone unidentified and who have searched the Plaintiff's residence and have seized or stolen Plaintiff's personal property or individuals who looked the other way while Plaintiff's personal property was being stolen, seized or re-appropriated. Unknown Others operated as enforcers pursuant to color of government vested in them by federal, state, county or municipal laws.

3

## CAMPAIGN OF CIVIL RIGHTS DEPRIVATION AND RETALIATION

## AGAINST THE PLAINTIFF

11.    On Friday, February 4, 2005, Plaintiff was denied the requested benefit of counsel in a criminal proceeding in the United States District Court, for the Northern District of Illinois, Eastern Division, Judge James B. Zagel, presiding.

12.    Also, on Friday, February 4, 2005, Plaintiff requested from the Court to amend Plaintiff's February 7, 2005, surrender date to facilitate Plaintiff's request to be arrested on said date in lieu of an unconstitutional surrender.  The Court granted Plaintiff's request to be arrested.  *See Report of Proceedings by reference made a part hereof.*

13.    On Monday, February 7, 2005, Plaintiff made himself available to be arrested by The United States Marshal who failed to arrest the Plaintiff because a warrant for said arrest had not been issued by the Court.

14.    On Monday, February 14, 2005, a warrant for Plaintiff's arrest was prepared by Ms. Michelle Warner, Clerk for the United States Marshal Service.  *See Exhibit, A, attached hereto and made a part hereof as a true and correct copy of said warrant.*

15.    On Monday, February 14, 2005, *Exhibit, A* was submitted to the Federal Bureau of Investigations ("FBI") international warrant bureau without authorization of a judge of the Court.

16.    On or after Monday, February 14, 2005, Plaintiff's name, identity, personal information and purported warrant were placed on the international file with the Federal Bureau of Investigations without authorization of a judge of the Court.

4

17.    On or before April 8, 2005, Plaintiff's name was placed the United States Marshal's List of wanted fugitives under the code name "Operation Falcon."

18.    On or before April 8, 2005, Plaintiff's residence was under surveillance by Defendants.

20.    On or before April 8, 2005, an Unknown Member of the Hinsdale Police Department went to the gated community of Plaintiff's residence and questioned the guards and security management on the whereabouts of Plaintiff.

21.    On April 8, 2005, at the hour of 6:00 a.m., Unknown Officers of the Hinsdale Police Department came into the Plaintiff's gated community under "Operation Falcon."

22.    Also on April 8, 2005, Plaintiff's community security management advised Defendants that Plaintiff and his wife were not home.

23.    On April 8, 2005, Defendant and Unknown Others secured a ladder and entered the Plaintiff's residence by way of cutting the screen and entering through the second floor veranda.

24.    On Monday, April 8, 2005, Defendant and Unknown Others with guns drawn entered Plaintiff's residence and searched the same.

25.    Also, on Monday, April 8, 2005, Defendants and Unknown Others looked under Plaintiff's mattress.

26.    Also, on Monday, April 8, 2005, Defendants and Unknown Others looked into Plaintiff's refrigerator and freezer.

27.    Also, on Monday, April 8, 2005, Defendants and Unknown Others looked into Plaintiff's closets and storage areas.

5

28.    Also, on Monday, April 8, 2005, Defendants and Unknown Others looked into Plaintiff's garage and interrogated Plaintiff's neighbors regarding the whereabouts of Plaintiff.

29.    Also, on Monday, April 8, 2005, Defendants and Unknown Others located a jewelry box hidden between the house plants on top of Plaintiff's sweater armoire.

30.    Also, on Monday, April 8, 2005, Defendants and Unknown Others opened the wooden jewelry box and found eight (8) expensive antique and modern collectible gold watches located in the same.

31.    Also, on Monday, April 8, 2005, Defendants and Unknown Others seized and removed Plaintiff's gold watches from Plaintiff's residence.

32.    Defendants and Unknown Others did not have a warrant to enter Plaintiff's residence or to search the same.

33.    Defendants and Unknown Others did not have Plaintiff's permission to enter Plaintiff's residence or to seize any property from the same.

34.    Defendants and Unknown Others did not have a warrant to search Plaintiff's residence.

35.    Defendants and Unknown Others did not have Plaintiff's permission to search his residence.

36.    On April 8, 2005, Defendants refused to take Plaintiff's 911 emergency telephone call and complaint for residential burglary.

37.    Defendants refused to send a patrol car to the Plaintiff's residence to take a written complaint for residential burglary.

38.    Defendants intentionally failed to investigate Plaintiff's claim for residential burglary.

39.    Defendants failed to take photographs of the crime scene or do any other investigatory work on behalf of Plaintiff.

40.    Plaintiff has been denied property without due process of law.

41.    Plaintiff has been denied liberty and liberty rights without due process of law.

42.    Plaintiff has been denied privileges and freedoms guaranteed by the United States Constitution without due process of law.

43.    Defendants' conduct was intentional and calculated to violate the Plaintiff's constitutional rights under the color of law.

44.    Plaintiff has suffered monetary damages as a result of Defendants' unconstitutional conduct.

45.    Plaintiff has suffered emotional pain and suffering as a result of Defendants' unconstitutional conduct.

46.    Plaintiff has suffered damage to his good name and reputation as a result of Defendants' unconstitutional conduct.

## COUNT I

## **INJUNCTIVE RELIEF**

47.    Plaintiff alleges paragraphs one through forty-six as alleged herein and continues as follows:

7

48.    Plaintiff has been harassed and will continue to be harassed unless this Court orders the parties to have no contact with each other outside these legal proceedings or pending further order of the court.

49.    To grant Plaintiff's request for injunctive relief will further the interest of justice and will not harm any party to this civil rights lawsuit.

WHEREFORE, Plaintiff respectfully request that an order for injunctive relief is entered and that all Defendants or their agents or designated representatives are barred from engaging in any contact with the Plaintiff outside of these legal proceedings pending further order of court.

## COUNT II

## VIOLATION OF FOURTH AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

50.    Plaintiff alleges paragraphs one through forty-six as if alleged herein and continues as follows:

51.    Plaintiff has had his personal property and possessions searched without a warrant, permission or legal authorization.

52.    Defendants have intentionally violated provisions of the United States Constitution which prohibits the search and seizure without a warrant, permission or legal authorization.

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated Plaintiff's constitutional rights and each Defendant in their individual capacity are ordered to pay compensatory

damages in excess of one million dollars or such greater amount to be determined by the Court;

B.    Plaintiff is awarded punitive damages in excess of five million dollars or such greater amount to be determined by the Court from each Defendant;

C.    Statutory damages as allowed by the law; *and*

D.    Such further relief as authorized by law including court costs and fees.

## COUNT III

## VIOLATION OF FIFTH AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

53.    Plaintiff alleges paragraphs one through forty-six as if alleged herein and continues as follows:

54.    Plaintiff has had his personal liberty restrained without warrant, legal authorization or due process of law.

55.    Defendants have intentionally caused Plaintiff personal damages as a result of their actions and have intentionally violated provisions of the Fifth Amendment of the United States Constitution.

*WHEREFORE,* Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Fifth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the court;

B.    Defendants are ordered to pay punitive damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the Court;

C.    Statutory damages as allowed by law; *and*

D.    Such further relief as authorized by law including court costs and fees.

## IV

## COUNT FOUR

## VIOLATION OF EIGHT AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

56.    Plaintiff alleges paragraphs one through forty-six as if alleged herein and continues as follows:

57.    Plaintiff has been intentionally treated by Defendants in violation of the laws that prohibit cruel and unusual punishment.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Eighth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in an amount in excess of ten million dollars or such greater amount to be determined by the Court;

B.    Defendants are ordered to pay punitive damages in excess of twenty-five million dollars or such greater amount as order by the court;

C.    Statutory damages as allowed by law; *and*

D.    Such further relief as allowed by law including court costs and fees.

## COUNT V

10

## VIOLATION OF THE FOURTEENTH AMENDMENT

## THE UNITED STATES CONSTITUTION, 42 U.S.C., Section 1983

58.    Plaintiff alleges paragraphs one through forty-six as alleged herein and continues as follows:

59.    Plaintiff has been intentionally treated by Defendants in violation of Plaintiff's constitutional rights which prohibits denial of due process under the law.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Fourteenth Amendment of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount to be determined by the Court;

B.    Defendants are ordered to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C.    Statutory damages as ordered by the Court; *and*

D.    Such further relief as allowed by law including court costs and fees.

### COUNT VI

### VIOLATION OF THE FOURTEENTH AMENDMENT

### EQUAL PROTECTION UNDER THE LAW – 42 U.S.C., Section 1983

60.    Plaintiff alleges paragraphs one through forty-six as if alleged herein and continues as follows:

61.    Plaintiff has been intentionally treated by the Defendants in violation of Plaintiff's constitutional rights which guarantees equal protection under the law.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

11

A.    That Defendants are adjudged by this Court to have violated Plaintiff's Fourteenth Amendment Rights of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount as ordered by the Court;

B.    Defendants are order to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C.    Statutory damages as ordered by the Court; *and*

D.    Such other relief as ordered by the Court including court costs and fees.

## JURY DEMAND

Plaintiff hereby demands that this matter is tried by a jury.

STATE OF ILLINOIS      )
                                    ) *SS*
COUNTY OF **DU PAGE** )

## VERIFICATION

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, being first duly sworn under oath states that he has prepared the foregoing Verified Complaint and knows the contents thereof and the same is true and correct, with the exception of allegations based on information and belief and as to such allegations the Plaintiff verily believes that same to be true and correct; any and all exhibits attached to this Verified Complaint represents a true and correct copy of its original; this verified complaint is made pursuant to provisions of the law and is not interposed for bad faith or in violation of any Federal Rules of Civil Procedure. *FURTHER AFFIANT SAYETH NAUGHT.*

12

Respectfully submitted,

_____

LAMAR C. CHAPMAN III, *Solo Fides*

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 9TH DAY OF APRIL, 2007.

(S E A L *of* N O T A R Y)

_____

*Signature of Notary Public*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (877) 31-BLOCK
Facsimile (800) 706-5373
Direct (630) 881-1936
Email:  lasallecompanies@aol.com

13

Case 1:07-cv-02175   Document 1   Filed 04/18/2007   Page

AO 442 (Rev. 6/97) Warrant for Arrest

# United States District Court
## Northern District of Illinois
### Eastern Division

WARRANT FOR ARREST

United States of America

v.

Lamar Chapman

Case Number: 04 cr 307-1

To:   The United States Marshal
      And any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest **Lamar Chapman** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☒ Order of court   ☐ Violation Notice
☐ Probation   ☐ Violation Petition

charging him or her with:   Failure to surrender for sentencing
                            (See Attachment)

in violation of Title United States Code, Section(s)

**FILED**
JAN 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Yvette Pearson Issuing Officer

U.S. Deputy Clerk

Signature of Issuing Officer

February 14, 2005; Chicago

Bail fixed at $                                    , Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arrest Officer |
| Date of Arrest  01/18/06 | DUSM GABINO G. BRIBON | |

08FEB 14 PM 2:59
UNITED STATES MARSHAL

*Exhibit A*

*EXHIBIT "B"*

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0**
**Eastern Division**

Lamar C Chapman III

                                      Plaintiff,

                                            Case No.: 1:07−cv−02175

v.                                             Honorable George W. Lindberg

The Village of Hinsdale, Illinois, et al.

                                      Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 4, 2007:

      MINUTE entry before Judge George W. Lindberg : Pursuant to the Executive Committee order dated May 24, 2007, this action is dismissed without prejudice, due to Mr. Champman's failure to comply with the filing procedures set forth in the Executive Committee's order of September 17, 2002. Defendants' motion to dismiss is moot.Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

*EXHIBIT "C"*

(Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2175 | **DATE** | 6/13/2007 |
| **CASE TITLE** | Chapman vs. The Village of Hinsdale, et al. | | |

**DOCKET ENTRY TEXT**

The motion for reconsideration [23] is denied. Contrary to Mr. Chapman's assertion, the Executive Committee denied him leave to proceed with the instant case on May 24, 2007. Therefore, the court's order dismissing the case stands.

Docketing to mail notices.

| | Courtroom Deputy Initials: | slb |
|---|---|---|

U.S. DISTRICT COURT

2007 JUN 13 PM 7:47

FILED

07C2175 Chapman vs. The Village of Hinsdale, et al.

Page 1 of 1

# EXHIBIT "D"

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Lamar C Chapman III

                  Plaintiff,

                             Case No.: 1:07–cv–02175

v.
                             Honorable George W. Lindberg

The Village of Hinsdale, Illinois, et al.

                 Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 21, 2007:

      MINUTE entry before Judge George W. Lindberg :Mr. Chapman's third motion for reconsideration [30] is denied for the reasons stated in the court's minute order dated June 13, 2007. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

*EXHIBIT "E"*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In the Matter of            )
                            )        Civil Action No.
                            )        02 C 6581
Lamar Chapman III           )
        Plaintiff, *pro se* )

## EXECUTIVE COMMITTEE ORDER

IT APPEARING THAT on September 17, 2002, an Executive Committee order was entered, limiting filings by Mr. Lamar Chapman III, and

IT FURTHER APPEARING THAT on December 5, 2007, Mr. Chapman submitted documents for filing, and

IT FURTHER APPEARING THAT at its December 13, 2007 meeting, the Executive Committee granted Mr. Chapman leave to file, now therefore

IT IS HEREBY ORDERED That Mr. Lamar Chapman III is granted leave to file his documents submitted to on December 5, 2007, and

**IT IS FURTHER ORDERED** That the Clerk shall cause a copy of this order to be mailed to Mr. Chapman at 1314 Kensington Road, P.O. Box 5232, Oak Brook, Illinois 60523-5232, the address given by Mr. Chapman in the papers submitted on December 5, 2007. Such mailing shall be by certified or registered mail, return receipt requested.

ENTER:
**FOR THE EXECUTIVE COMMITTEE**

James F. Holderman
            Chief Judge

Dated at Chicago, Illinois this  17th  day of December, 2007.