*EXHIBIT "H"*

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7232 | **DATE** | 1/30/2008 |
| **CASE TITLE** | Chapman vs. Village of Hinsdale | | |

**DOCKET ENTRY TEXT**

Motion hearing held on plaintiff's motion to reinstate case. Plaintiff's motion to reinstate case is granted. Civil case reinstated. Status hearing set for 2/21/2008 at 9:00a.m.

Docketing to mail notices.

00:05

| | Courtroom Deputy Initials: | SLB |
|---|---|---|

# EXHIBIT "I"

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6531 | **DATE** | 1/15/2008 |
| **CASE TITLE** | Lamar C. Chapman, III vs. United States Marshal for the Northern District of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 1/15/2008. Plaintiff's pro se motion to reinstate above-captioned lawsuit or in the alternative verified advisement of compliance with ruling of the court [3] is granted. Plaintiff is directed to immediately serve the complaint. Parties to file a joint status report on or before 2/15/2008. The Court will hold a status hearing in open court on 2/21/2008 at 9:30 a.m.

Docketing to mail notices.

00:05

| | Courtroom Deputy Initials: | RO |
|---|---|---|

*EXHIBIT "J"*

Page 2 of 12

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report

Case 1:07-cv-07232   Document 16-5 - Filed 05/25/2008   Page 6 of 41
Case 1:07-cv-02175   Document 13-3   Filed 05/25/2007   Page 3 of 13

## Terminated Counts

18:513A.F UTTER FORGED AND
COUNTERFEIT SECURITY
(1)

18:513A.F UTTER FORGED AND
COUNTERFEIT SECURITY
(3)

## Disposition

All remaining counts are dismissed on the
motion of the United States.

All remaining counts are dismissed on the
motion of the United States.

## Highest Offense Level (Terminated)

Felony

## Complaints

None

## Disposition

## Plaintiff

**United States of America**

represented by **Pravin B. Rao**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: pravin.rao@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pretrial Services**
.
435-5545
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov

*ATTORNEY TO BE NOTICED*

**Probation Department**
.
408-5197
Email: Intake_Docket_ILNP@ilnp.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2004 | 1 | INDICTMENT Counts filed against Lamar Chapman (1) count(s) 1-3 (meg) (Entered: 03/19/2004) |
| 03/18/2004 | 2 | DESIGNATION SHEET FELONY Category III (meg) (Entered: 03/19/2004) |
| 03/18/2004 | 3 | MINUTE ORDER of 3/18/04 by Hon. Arlander Keys as to Lamar Chapman : To set preliminary bail at $4,500.00 and that defendant be allowed to sign own recognizance |

Page 3 of 12

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois

Case 1:07-cv-07232    Document 36-5    Filed 05/25/2008    Page 7 of 41
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 4 of 13

| | | |
|---|---|---|
| | | bond. No notice (meg) (Entered: 03/19/2004) |
| 03/19/2004 | 4 | ARRAIGNMENT NOTICE: Before Hon. James B. Zagel as to Lamar Chapman : Arraignment and plea set on Monday, 3/29/04 at 10:00 a.m. Mailed notice (meg) (Entered: 03/19/2004) |
| 03/29/2004 | 5 | ORDER by Hon. James B. Zagel setting conditions of release for Lamar Chapman III in the amount of $4,500.00 (Own Recognizance.) Report to Pretrial Services: as directed. (For further detail see order.) (meg) (Entered: 03/30/2004) |
| 03/29/2004 | 6 | BOND ( $4,500.00 (Own Recognizance)) by Lamar Chapman III (meg) (Entered: 03/30/2004) |
| 03/29/2004 | 9 | APPEARANCE of Attorney for Lamar Chapman III by Patrick Alan Tuite (meg) (Entered: 04/07/2004) |
| 03/29/2004 | 10 | MINUTE ORDER of 3/29/04 by Hon. James B. Zagel as to Lamar Chapman III: Arraignment held. Defendant enters plea of not guilty. Rule 16.1A conference deadline 4/5/04. Pretrial motions deadline 4/26/04. Government's response deadline 5/3/04. Status hearing set for 5/11/04 at 10:00 a.m. Order bond set in the amount of $4,500.00 own recognizance. Order time excluded pursuant to 18:3161(h)(8)(B)(iv) from 3/29/04 to 5/11/04. Mailed notice (meg) (Entered: 04/07/2004) |
| 03/30/2004 | 7 | NOTICE regarding passport by USA as to Lamar Chapman III (meg) (Entered: 03/31/2004) |
| 03/30/2004 | 8 | PASSPORT RECEIPT by USA as to Lamar Chapman (meg) (Entered: 03/31/2004) |
| 04/26/2004 | 15 | MOTION by Lamar Chapman III to sever counts ; Notice (meg) (Entered: 05/18/2004) |
| 04/26/2004 | 16 | MEMORANDUM of law by Lamar Chapman III in support of his motion to sever counts [15-1] (meg) (Entered: 05/18/2004) |
| 05/03/2004 | 11 | RESPONSE by Lamar Chapman III to defendant's motion to sever counts (Attachments); Notice (meg) (Entered: 05/04/2004) |
| 05/04/2004 | 12 | AMENDMENT by USA to response to defendant's motion to sever counts; (Attachment) Notice. (emd) (Entered: 05/05/2004) |
| 05/06/2004 | 13 | MINUTE ORDER of 5/6/04 by Hon. James B. Zagel as to Lamar Chapman III: Status set for 5/11/04 is stricken on the court's own motion. Status hearing reset for 5/14/04 at 10:00 a.m. Order time excluded pursuant to 18:3161(h)(8)(B)(iv) from 5/11/04 to 5/14/04. Mailed notice (meg) (Entered: 05/07/2004) |
| 05/10/2004 | 14 | LETTER from Patrick A. Tuite to Clerk of the U.S. District Court dated 5/10/04. (emd) (Entered: 05/11/2004) |
| 05/14/2004 | 17 | MINUTE ORDER of 5/14/04 by Hon. James B. Zagel as to Lamar Chapman III: Order time excluded pursuant to 18:3161(h)(8)(B)(iv) from 5/18/04 to 6/16/04. Status hearing reset for 6/16/04 at 10:00 a.m. Mailed notice (meg) (Entered: 05/18/2004) |
| 06/16/2004 | 18 | MINUTE ORDER of 6/16/04 by Hon. James B. Zagel as to Lamar Chapman III: Order time excluded pursuant to 18:3161(h)(8)(B)(iv) from 6/16/04 to 6/30/04. Status hearing held; continued to 6/30/04 at 10:00 a.m. Mailed notice (meg) (Entered: 06/18/2004) |
| 06/30/2004 | 19 | MINUTE ORDER of 6/30/04 by Hon. James B. Zagel as to Lamar Chapman III: Status hearing held; continued to 7/29/04 at 10:00 a.m. Order time excluded pursuant to 18:3161(h)(B)(iv) from 6/30/04 to 7/20/04. Mailed notice (meg) (Entered: |

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report
Case 1:07-cv-07232   Document 13-3   Filed 05/25/2007   Page 8 of 41
Case 1:07-cv-02175   Document 13-3   Filed 05/25/2007   Page 5 of 13

| | | |
|---|---|---|
| | | 07/02/2004) |
| 07/29/2004 | 20 | MINUTE ORDER of 7/29/04 by Hon. James B. Zagel as to Lamar Chapman III: Change of plea set for 8/3/04 at 10:30 a.m. Status hearing held. Order time excluded pursuant to 18:3161(h)(8)(B)(iv) from 7/29/04 to 8/3/04. Mailed notice (meg) (Entered: 08/04/2004) |
| 08/03/2004 | 21 | PLEA Agreement as to Lamar Chapman III (meg) (Entered: 08/04/2004) |
| 08/03/2004 | 22 | MINUTE ORDER of 8/3/04 by Hon. James B. Zagel as to Lamar Chapman III: Change of plea hearing held. Defendant withdraws plea of not guilty and enters plea of guilty to Count 2. Defendant informed of his rights. Plea accepted and judgment of guilty entered on Count 2. Presentence investigation report ordered. Sentencing set for 10/19/04 at 2:00 p.m. Mailed notice (meg) (Entered: 08/04/2004) |
| 10/04/2004 | 23 | MINUTE ORDER of 10/4/04 by Hon. James B. Zagel as to Lamar Chapman III: Sentencing reset for 10/22/04 at 10:45am from 10/19/04. Mailed notice (emd) (Entered: 10/05/2004) |
| 10/22/2004 | 24 | SENTENCING/Judgment and Commitment Order of 10/22/04 by Hon. James B. Zagel : Sentencing Lamar Chapman (1) count(s) 2. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Six (6) Months on count 2. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on 1/14/05. Upon release from imprisonment, the defendant shall be on supervised release for a term of Thirty-Six (36) Months. (Additional Supervised Release Terms). The Defendant shall make total restitution in the amount of $77,860.00. Schedule of Payments. , Counts dismissed as to Lamar Chapman III Lamar Chapman (1) count(s) 1, 3 . All remaining counts are dismissed on the motion of the United States. Case terminated. (For further detail see order.) Mailed notice (meg) (Entered: 11/19/2004) |
| 11/19/2004 | | JUDGMENT and Commitment issued to U.S. Marshal Hon. James B. Zagel as to Lamar Chapman (meg) (Entered: 11/19/2004) |
| 12/13/2004 | 25 | MOTION by Lamar Chapman III to extend the time within which to surrender ; Notice (meg) (Entered: 12/22/2004) |
| 12/21/2004 | 26 | MINUTE ORDER of 12/21/04 by Hon. James B. Zagel as to Lamar Chapman III: Defendant's motion to extend the time within which to surrender [25-1] is entered; continued to 1/5/05 at 10:00 a.m. Mailed notice (meg) (Entered: 12/22/2004) |
| 01/05/2005 | 27 | MINUTE ORDER of 1/5/05 by Hon. James B. Zagel as to Lamar Chapman III: Motion to extend surrender date is granted [25-1]. Defendant to surrender to the designated institution for incarceration on 2/7/05 by 12:00 noon. Mailed notice (emd) (Entered: 01/06/2005) |
| 01/05/2005 | 28 | MOTION by Lamar Chapman III to extend the time within which to surrender (Attachments); Notice (meg) (Entered: 01/07/2005) |
| 01/06/2005 | 29 | MINUTE ORDER of 1/6/05 by Hon. James B. Zagel as to Lamar Chapman III: Defendant's motion to extend the time within which to surrender is denied [25-1]. Defendant's amended motion to extend the time within which to surrender is granted [28-1] from the reasons stated in open court on 1/5/05. Mailed notice (meg) (Entered: 01/07/2005) |
| 01/24/2005 | 30 | MOTION as to Lamar Chapman, III to withdraw as counsel Patrick A. Tuite & Patrick J. Cotter (meg, ) (Entered: 01/25/2005) |

Page 5 of 12

Case 1:07-cv-07232    Document 16-5 s - Docket Report 5/2008    Page 9 of 11
CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 8 of 13

| | | |
|---|---|---|
| 01/24/2005 | 31 | NOTICE of Motion by Patrick Alan Tuite, Patrick John Cotter for presentment of motion to withdraw as attorney 30 before Honorable James B. Zagel on 1/27/2005 at 10:15 AM. (meg, ) (Entered: 01/25/2005) |
| 01/24/2005 | 32 | VERIFIED MOTION/OR PETITION by Lamar Chapman, III for recusal and for change of venue; Notice; Exhibits. (meg, ) Modified on 3/24/2006 (ym, ). (Entered: 01/27/2005) |
| 01/24/2005 | 33 | NOTICE of Motion by Lamar C Chapman, III for presentment of verified motion for recusal and change of venue 32 before Honorable James B. Zagel on 1/27/2005 at 10:15 a.m. (meg, ) (Entered: 01/27/2005) |
| 01/24/2005 | 34 | ATTORNEY Appearance for defendant Lamar Chapman, III by Lamar C Chapman, III (meg, ) (Entered: 01/27/2005) |
| 01/24/2005 | 35 | VERIFIED MOTION/OR PETITION by Lamar Chapman, III to vacate, void or set aside the 10/22/04 sentence of incarceration; Notice (Exhibits) (meg, ) Modified on 5/17/2006 (aew, ). (Entered: 01/27/2005) |
| 01/24/2005 | 36 | NOTICE of Motion by Lamar C Chapman, III for presentment of for verified motion or petition to vacate the 10/22/04 sentence 35 before Honorable James B. Zagel on 1/27/2005 at 10:15 AM. (meg, ) (Entered: 01/27/2005) |
| 01/27/2005 | 37 | MEMORANDUM by Lamar Chapman, III in support of verified petition by Lamar Chapman, III to vacate, void or modify the 10/22/04 sentence of this honorable court 35; Notice (meg, ) (Entered: 01/31/2005) |
| 01/27/2005 | 46 | MINUTE entry before Judge James B. Zagel :Motion to withdraw as attorney Patrick A. Tuite and Patrick J. Cotter 30 is granted as to Lamar Chapman III (1); Motion to set aside sentence 35 is stricken as to Lamar Chapman III (1); Motion to vacate 35 is stricken as to Lamar Chapman III. (drw, ) (Entered: 02/08/2005) |
| 02/01/2005 | 38 | EMERGENCY VERIFIED MOTION by Lamar Chapman, III for stay of surrender pending disposition of defendant's verified motion to vacate sentence; Exhibits. (gma, ) Modified on 11/29/2005 (ym, ). (Entered: 02/02/2005) |
| 02/01/2005 | 39 | NOTICE of Motion for presentment of EMERGENCY VERIFIED MOTION by Lamar Chapman, III for stay of surrender pending disposition of defendant's verified motion to vacate sentence 38 before Honorable Joan B. Gottschall on 2/4/2005 at 09:30 AM. (gma, ) (Entered: 02/02/2005) |
| 02/02/2005 | 43 | MINUTE entry before Judge Joan B. Gottschall as to Lamar Chapman: Emergency verified motion by Defendant, Lamar C. Chapman III, non-attorney, non-lawyer, pro se for stay of surrender pending disposition of Defendant's verified montion to vacate sentence is denied without prejudice to the refiling of the motion before the proper court. No appearance is required 2/3/05 at 9:30 a.m. before Judge Joan B. Gottschall. (meg, ) (Entered: 02/03/2005) |
| 02/02/2005 | 55 | EMERGENCY MOTION by Lamar Chapman, III for hearing; Notice. (emd, ) (Entered: 02/16/2005) |
| 02/02/2005 | 56 | EMERGENCY NOTICE of motion by Lamar Chapman, III regarding motion for hearing. (emd, ) (Entered: 02/16/2005) |
| 02/03/2005 | 40 | VERIFIED MOTION by Lamar Chapman, III for stay of surrender for fourteen (14) days pending retention of replacement counsel; Exhibits. (gma, ) Modified on 12/13/2005 (ym, ). (Entered: 02/03/2005) |

Page 6 of 12

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report

Case 1:07-cv-07232    Document 13-3    Filed 05/25/2007    Page 10 of 31
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 7 of 31

| | | |
|---|---|---|
| 02/03/2005 | 41 | NOTICE of Motion for presentment of VERIFIED MOTION by Lamar Chapman, III for stay of surrender for fourteen (14) days pending retention of replacement counsel 40 before Honorable James B. Zagel on 2/4/2005 at 10:15 AM. (gma, ) (Entered: 02/03/2005) |
| 02/03/2005 | 42 | EMERGENCY NOTICE of filing by Lamar Chapman, III regarding MOVERIFIED MOTION by Lamar Chapman, III for stay of surrender for fourteen (14) days pending retention of replacement counsel 40 (gma, ) (Entered: 02/03/2005) |
| 02/03/2005 | 44 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman: The motion 32 to recuse is denied. The motion to vacate to is stricken without prejudice to refiling after defendant is in custody. (meg, ) (Entered: 02/04/2005) |
| 02/03/2005 | 57 | MINUTE entry before Judge James B. Zagel : Defendant's emergency motion for hearing 55 is granted as to Lamar Chapman III (1). No notice (emd, ) (Entered: 02/16/2005) |
| 02/04/2005 | | ORAL MOTION by Lamar Chapman, III to modify the place of surrender from the designated institution for incarceration to the U.S. Marshal Service (meg, ) (Entered: 02/07/2005) |
| 02/07/2005 | 45 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman: Defendant's emergency motion to stay surrender date is denied [40-1] for the reasons stated in open court. Defendant's oral motion to modify the place of surrender from the designated institution for incarceration to the U.S. Marshal Service is granted. Defendant to voluntarily surrender to the U.S. Marshal Service for the Northern District of Illinois on 2/7/05 by 2:00 p.m. (meg, ) (Entered: 02/07/2005) |
| 02/07/2005 | 47 | VERIFIED MOTION by Lamar Chapman, III to vacate, void or set aside the October 22, 2004 sentence of imprisonment. (gma, ) (Entered: 02/08/2005) |
| 02/07/2005 | 48 | NOTICE of Motion for presentment of VERIFIED MOTION by Lamar Chapman, III to vacate, void or set aside the October 22, 2004 sentence of imprisonment47 before Honorable James B. Zagel on 2/10/2005 at 10:15 AM. (gma, ) (Entered: 02/08/2005) |
| 02/07/2005 | 49 | EMERGENCY MOTION by Lamar Chapman, III for leave to travel outside of this judicial district. (gma, ) (Entered: 02/08/2005) |
| 02/07/2005 | 50 | NOTICE of Motion for presentment of EMERGENCY MOTION by Lamar Chapman, III for leave to travel outside of this judicial district 49 before Honorable James B. Zagel on 2/7/2005 at 10:15 AM. (gma, ) (Entered: 02/08/2005) |
| 02/08/2005 | 51 | MOTION by United States of America for rule to show cause why defendant's release pending surrender for service of sentence should not be revoked (gma, ) (Entered: 02/08/2005) |
| 02/08/2005 | 52 | NOTICE of Motion by Pravin B. Rao for presentment of ?MOTION by United States of America for rule to show cause why defendant's release pending surrender for service of sentence should not be revoked 51 before Honorable James B. Zagel on 2/10/2005 at 10:15 AM. (gma, ) (Entered: 02/08/2005) |
| 02/10/2005 | 53 | MINUTE entry before Judge James B. Zagel : Motion hearing held on 2/10/2005 and defendant fails to appear. Motion to set aside sentence is stricken. Motion to vacate is stricken. Motion for leave to travel outside the Northern District of Illinois is denied. Government motion fo rule to show cause is granted. Government's oral motion for bench warrant to issue for failure of the defendant to voluntarily surrender is granted. (drw, ) (Entered: 02/14/2005) |

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report

Case 1:07-cv-07232    Document 36-5    Filed 05/25/2009    Page 11 of 31
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 8 of 11

| 02/10/2005 | 54 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman : Enter order for bench warrant to issue for defendant's failure to surrender on 2/7/05 for service of sentence of incarceration. (yap, ) (Entered: 02/14/2005) |
| 06/08/2005 | 58 | NOTICE OF APPEAL by Lamar Chapman, III regarding order on motion for change of venue, order on motion for miscellaneous relief, 44, order on motion to stay,,, 43 ; Notice of Filing (dj, ) Modified on 6/9/2005 (dj, ). w/ jurisdictional statement Modified on 6/9/2005 (dj, ). Fee Due (Entered: 06/09/2005) |
| 06/08/2005 | 58 | DOCKETING statement by Lamar Chapman, III regarding notice of appeal58; w/notice of appeal (dj, ) (Entered: 06/09/2005) |
| 06/08/2005 | 59 | Transmission of short record as to Lamar Chapman, III to US Court of Appeals re notice of appeal58 (dj, ) Additional attachment(s) added on 6/9/2005 (dj, ). (Entered: 06/09/2005) |
| 06/13/2005 | 60 | USCA case number as to Lamar Chapman, III 05-2685 for notice of appeal, 58 (kmt, ) (Entered: 06/16/2005) |
| 06/13/2005 | 61 | CIRCUIT rule 3(b) notice (kmt, ) (Entered: 06/16/2005) |
| 06/21/2005 | 62 | USCA fees received $ 255.00, receipt number 10328550 as to Lamar Chapman, III re notice of appeal, 58 : (dj, ) (Entered: 06/22/2005) |
| 06/29/2005 | 63 | CERTIFIED and transmitted the long record regarding notice of appeal, 58 as to Lamar Chapman, III to US Court of Appeals (USCA no. 05-2685) consisting of 1 volume of pleadings. (dj, ) Additional attachment(s) added on 7/5/2005 (dj, ). (Entered: 06/29/2005) |
| 07/14/2005 | 64 | MOTION by Lamar Chapman, III to quash bench warrant. (emd, ) (Entered: 07/27/2005) |
| 07/14/2005 | 65 | NOTICE of motion by Lamar Chapman, III regarding motion to quash bench warrant. (emd, ) (Entered: 07/27/2005) |
| 07/15/2005 | 66 | MINUTE entry before Judge James B. Zagel : Motion to quash 64 the court's bench warrant is denied as to Lamar Chapman III No notice (drw, ) (Entered: 08/04/2005) |
| 08/02/2005 | 67 | MEMORANDUM by Lamar Chapman, III in support of verified petition to vacate, void, or modify the 10/22/04 sentence of this honorable court; Notice (meg, ) (Entered: 08/04/2005) |
| 08/12/2005 | 68 | VERIFIED MOTION by Lamar Chapman or petition to vacate, void or set aside the 10/22/04 sentence of incarceration 24 (Exhibits) (las, ) (Entered: 08/15/2005) |
| 08/12/2005 | 69 | NOTICE of Motion for presentment of defendant's verified motion or petition to vacate the 10/22/04 sentence 68 before Honorable James B. Zagel on 8/19/2005 at 10:15 AM. (las, ) (Entered: 08/15/2005) |
| 08/17/2005 | 70 | MOTION by Lamar Chapman, III to arrest judgment for want of federal jurisdiction (Exhibits).(emd, ) (Entered: 08/19/2005) |
| 08/17/2005 | 71 | NOTICE of motion by Lamar Chapman, III (emd, ) (Entered: 08/19/2005) |
| 08/19/2005 | 72 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman: Defendant?s motion 68 to vacate, void, or set aside sentence is denied, without prejudice, for lack of jurisdiction. Mailed notice (meg, ) (Entered: 08/22/2005) |
| 08/29/2005 | 73 | NOTICE of Motion for presentment of VERIFIED petition for ineffective-assistance- |

Page 8 of 12

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report
Case 1:07-cv-07232   Document 13-3   Filed 05/25/2007   Page 9 of 31
Case 1:07-cv-02175

| | | |
|---|---|---|
| | | of-counsel before Honorable James B. Zagel on 9/1/2005 at 09:00 AM. (gma, ) (Entered: 08/30/2005) |
| 08/29/2005 | 74 | NOTICE by defendant of filing VERIFIED petition for ineffective-assistance-of-counsel (gma, ) (Entered: 08/30/2005) |
| 08/29/2005 | 75 | VERIFIED PETITION by Lamar Chapman, III for ineffective - assistant - of - counsel (meg, ) (Entered: 08/30/2005) |
| 09/07/2005 | 82 | APPEAL record returned as to Lamar Chapman, III: notice of appeal 58. Consisting of One Volume of pleadings. (05-2685) (meg, ) (Entered: 10/12/2005) |
| 09/13/2005 | 76 | MOTION by Lamar Chapman, III requesting ruling on motion to arrest judgment for want of federal jurisdiction.( Exhibits) (vcf, ) (Entered: 09/13/2005) |
| 09/13/2005 | 77 | NOTICE of Motion requesting ruling on motion to arrest judgment for want of federal jurisdiction76 before Honorable James B. Zagel on 9/14/2005 at 09:00 AM. (vcf, ) (Entered: 09/13/2005) |
| 09/26/2005 | 78 | ORDER of USCA (certified copy) as to Lamar Chapman, III regarding notice of appeal 58. Petition for writ of mandamus filed. It Is Ordered that the petition is Denied. (meg, ) (Entered: 09/30/2005) |
| 09/26/2005 | 79 | NOTICE of docketing record on appeal from USCA as to Lamar Chapman, III re notice of appeal, 58. USCA Case Number 05-3757 (meg, ) (Entered: 09/30/2005) |
| 09/26/2005 | 80 | CIRCUIT rule 3(b) notice as to Lamar Chapman (05-3757) (meg, ) (Entered: 09/30/2005) |
| 10/07/2005 | 81 | MANDATE of USCA (certified copy) as to Lamar Chapman, III regarding notice of appeal, 58. It is ordered that this appeal is Dismissed for lack of jurisdiction. (05-2685) (meg, ) (Entered: 10/12/2005) |
| 10/28/2005 | 83 | MOTION by Lamar Chapman, III Second request for ruling on motion to arrest judgment for want of federal jurisdiction. (vcf, ) (Entered: 10/31/2005) |
| 10/28/2005 | 84 | NOTICE of Motion for presentment of motion for Second request for ruling on motion to arrest judgment for want of federal jurisdiction83 before Honorable James B. Zagel on 10/24/2005 at 09:00 AM. (vcf, ) (Entered: 10/31/2005) |
| 11/07/2005 | 85 | MOTION by Lamar Chapman, III to quash indictment; arrest sentence; and dismiss for want of Federal Jurisdiction (gma, ) (Entered: 11/07/2005) |
| 11/07/2005 | 86 | NOTICE of Motion for presentment of MOTION by Lamar Chapman, III to quash indictment; arrest sentence; and dismiss for want of Federal Jurisdiction 85 before Honorable James B. Zagel on 11/10/2005 at 10:15 AM. (gma, ) (Entered: 11/07/2005) |
| 11/14/2005 | 87 | MINUTE entry before Judge Charles R. Weiner as to Lamar Chapman : Defendant's motions 70 and 83 for ruling on pending post trial motions are granted. Defendant's motion to arrest judgment 70, verified petition for ineffective of counsel 75 and motion to quash indictment, arrest sentence, and dismiss for want of jurisdiction are denied, without prejudice, to refiling under Title 28, United States Code, Section 2255 when the defendant is remanded to federal custody. Successive petitions under 28:2255 are not permitted. Mailed notice (las, ) (Entered: 11/15/2005) |
| 11/22/2005 | 88 | MOTION by Lamar Chapman, III for reconsideration of the November 14, 2005 order of Court (gma, ) (Entered: 11/22/2005) |
| 11/22/2005 | 89 | NOTICE of Motion for presentment of MOTION by Lamar Chapman, III for |

Page 9 of 12

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois
Case 1:07-cv-07232 Document 16-5 is - Docket Report
Case 1:07-cv-02175 Document 13-3 Filed 05/25/2007 Page 10 of 141

| | | reconsideration of the November 14, 2005 order of Court 88 before Honorable James B. Zagel on 11/29/2005 at 10:15 AM. (gma, ) (Entered: 11/22/2005) |
|---|---|---|
| 11/29/2005 | 90 | MINUTE entry before Judge James B. Zagel : Defendant's motion for reconsideration of the 11/14/05 order of court 88 is denied. Mailed notice (emd, ) (Entered: 11/30/2005) |
| 12/05/2005 | 91 | MOTION by Lamar Chapman, III for ruling on issue of federal jurisdiction or in the alternative motion to dismiss for want of federal Jurisdiction.( Exhibit) (vcf, ) (Entered: 12/05/2005) |
| 12/05/2005 | 92 | NOTICE of Motion for presentment of motion for ruling on issue of federal jurisdiction or in the alternative motion to dismiss for want of jurisdiction 91 before Honorable James B. Zagel on 12/8/2005 at 10:15 AM. (vcf, ) (Entered: 12/05/2005) |
| 12/15/2005 | 93 | MINUTE entry before Judge James B. Zagel : Motion for ruling on issue of federal jurisdiction, or in the alternative, motion to dismiss for want of jurisdiction 91 is denied. (drw, ) (Entered: 12/15/2005) |
| 01/04/2006 | 94 | MOTION by Lamar Chapman, III for extension of time to file notice of appeal (gma, ) (Entered: 01/05/2006) |
| 01/04/2006 | 95 | NOTICE of Motion for presentment of MOTION by Lamar Chapman, III for extension of time to file notice of appeal 94 before Honorable James B. Zagel on 1/5/2006 at 10:00 AM. (gma, ) (Entered: 01/05/2006) |
| 01/05/2006 | 103 | MINUTE entry before Judge James B. Zagel : Motion for extension of time 94 is denied as to Lamar Chapman III. No notice (drw, ) (Entered: 01/24/2006) |
| 01/06/2006 | 96 | MOTION by Lamar Chapman, III of advisement prosecutorial and official misconduct (gma, ) (Entered: 01/06/2006) |
| 01/06/2006 | 97 | NOTICE of Motion for presentment of MOTION by Lamar Chapman, III of advisement prosecutorial and official misconduct 96 before Honorable James B. Zagel on 1/10/2006 at 10:00 AM. (gma, ) (Entered: 01/06/2006) |
| 01/10/2006 | 104 | MINUTE entry before Judge James B. Zagel : Motion 96 is entered and continued as to Lamar Chapman III (1) until 1/13/2006. No notice (drw, ) (Entered: 01/24/2006) |
| 01/11/2006 | 99 | PETITION by United States of America for writ of habeas corpus ad prosequendum as to Lamar Chapman, III (Redacted image) (las, ) (Entered: 01/18/2006) |
| 01/11/2006 | 100 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman III: Petition for writ of habeas corpus is granted 99. Telephoned notice (las, ) (Entered: 01/18/2006) |
| 01/11/2006 | 101 | ORDER as to Lamar Chapman, III Signed by Judge James B. Zagel on 1/11/06. (Redacted image) (las, ) (Entered: 01/18/2006) |
| 01/12/2006 | 98 | MINUTE entry before Judge James B. Zagel : Status hearing set for 1/13/2006 at 10:45 AM. (drw, ) (Entered: 01/12/2006) |
| 01/12/2006 | | WRIT of habeas corpus Issued as to Lamar Chapman. (las, ) (Entered: 01/18/2006) |
| 01/13/2006 | 105 | MINUTE entry before Judge James B. Zagel : Motion notice of advisement prosecutorial and official misconduct 96 is entered and continued as to Lamar Chapman III (1). Status Hearing held on 1/13/2006. Defendant's oral motion to quash warrant is denied for the reasons stated in open court. Defendant remanded to the custody of the Department of Corrections. Mailed notice (drw, ) (Entered: 01/25/2006) |

Case 1:07-cv-07232    Document 36  Filed 05/15/2008    Page 14 of 13
CM/ECF LIVE, Ver 3.0 - U.S. District Court, Illinois - Docket Report
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 11 of 13

| 01/17/2006 | 102 | ARREST WARRANT returned executed as to Lamar Chapman, III on 1/13/06 (las, ) (Entered: 01/18/2006) |
| 01/26/2006 | 106 | MOTION by Lamar Chapman, III to strike detainer (Exhibits) (las, ) (Entered: 01/27/2006) |
| 01/26/2006 | 107 | NOTICE of Motion by Lamar Chapman for presentment of his motion to strike detainer 106 before Honorable James B. Zagel on 2/2/2006 at 10:00 AM. (las, ) (Entered: 01/27/2006) |
| 01/27/2006 | 108 | MINUTE entry before Judge James B. Zagel : Motion for advisement 96 is entered and continued and Motion to strike detainer 106is entered and continued as to Lamar Chapman III (1) from 2/2/2006. Motion Hearing set for 2/9/2006 at 10:15 AM. Mailed notice (drw, ) (Entered: 01/27/2006) |
| 02/01/2006 | 109 | PETITION by United States of America for writ of habeas corpus ad prosequendum as to Lamar Chapman, III (Redacted image) (las, ) (Entered: 02/03/2006) |
| 02/01/2006 | 110 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman III: Petiton for writ of habeas corpus and prosequendum is granted 109. Enter order for issuance of writ of habeas corpus ad prosequendum returnable 2/9/2006 at 10:00 A.M. as to defendant Lamar Chapman. Mailed notice (las, ) (Entered: 02/03/2006) |
| 02/01/2006 | 111 | ORDER as to Lamar Chapman, III Signed by Judge James B. Zagel on 2/1/06. (Redacted image) (las, ) (Entered: 02/03/2006) |
| 02/03/2006 | | WRIT of habeas corpus ad prosequendum issued as to Lamar Chapman (las, ) (Entered: 02/03/2006) |
| 02/09/2006 | 112 | MINUTE entry before Judge James B. Zagel : Motion hearing held on 2/9/2006 regarding motion to strike detainer 106. (drw, ) (Entered: 02/20/2006) |
| 03/10/2006 | 113 | PETITION by United States of America for writ of habeas corpus ad prosequendum as to Lamar Chapman, III (las, ) (Entered: 03/10/2006) |
| 03/10/2006 | 114 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman: Enter order. On petition of the United States of America, Order writ of habeas corpus ad prosequendum to issue for the person known as Lamar Ghapman to be brought before this court at 10:00 a.m. on 3/29/06, for a status hearing before Honorable James B. Zagel, courtroom 2503 113. Mailed notice (las, ) (Entered: 03/10/2006) |
| 03/10/2006 | 115 | ORDER as to Lamar Chapman, III Signed by Judge James B. Zagel on 3/10/06. (Redacted image) (las, ) (Entered: 03/10/2006) |
| 03/10/2006 | | WRIT of habeas corpus ad prosequendum Issued as to Lamar Chapman (las, ) (Entered: 03/10/2006) |
| 03/28/2006 | 116 | MINUTE entry before Judge James B. Zagel : Status hearing set for 3/29/2006 is stricken. Motion to strike detainer 106 is entered and continued as to Lamar Chapman III. Motion to strike detainer hearing set for 4/4/2006 at 10:00 AM. (drw, ) (Entered: 03/28/2006) |
| 03/28/2006 | 117 | MOTION by Lamar Chapman, III for ruling on sentence considered fully served and satisfied ; Notice (las, ) (Entered: 03/29/2006) |
| 03/28/2006 | 118 | PETITION by United States of America for writ of habeas corpus ad prosequendum as to Lamar Chapman, III (Redacted image) (las, ) (Entered: 03/29/2006) |
| 03/28/2006 | 119 | MINUTE entry before Judge James B. Zagel as to Lamar Chapman: Petition for writ |

| | | of habeas corpus ad prosequendum is granted 118. Writ of habeas corpus ad prosequendum to issue returnable 4/4/06 at 10:00 a.m. Mailed notice (las, ) (Entered: 03/29/2006) |
|---|---|---|
| 03/28/2006 | 120 | ORDER as to Lamar Chapman, III Signed by Judge James B. Zagel on 3/28/06. (Redacted image) (las, ) (Entered: 03/29/2006) |
| 03/29/2006 | | WRIT of habeas corpus ad prosequendum issued as to Lamar Chapman (las, ) (Entered: 03/29/2006) |
| 04/04/2006 | 121 | MINUTE entry before Judge James B. Zagel : Status hearing held. Defendant is remanded to the custody of the Bureau of Prisons forthwith for computation of time served on his federal conviction. Defendant's motion for finding of time served of six (6) months for this court's sentence imposed on October 22, 2004 is granted. The defendant is given credit for time served from the date of his detention (June 8, 2005) in the Cook County Department of Corrections while awaiting other charges. The warrant issued by this court on 2/14/2005 is quashed. Mailed notice (emd, ) (Entered: 04/06/2006) |
| 10/20/2006 | 122 | RENEWED VERIFIED MOTION by Lamar Chapman, III to quash indictment and to withdraw plea of guilty (meg, ) Modified on 4/24/2007 (air, ). (Entered: 10/23/2006) |
| 10/20/2006 | 123 | NOTICE of Motion for presentment of defendant's motion to quash indictment and withdraw plea of guilty 122 before Honorable James B. Zagel on 11/9/2006 at 10:15 a.m. (meg, ) (Entered: 10/23/2006) |
| 11/09/2006 | 125 | MINUTE entry before Judge James B. Zagel : Motion hearing held on 11/9/2006 regarding motion to quash, motion to withdraw plea 122. Response due by 11/16/2006. Reply due by 11/30/2006. Motion Hearing set for 1/4/2007 at 10.00 AM. Mailed notice (drw, ) (Entered: 11/30/2006) |
| 11/15/2006 | 124 | RESPONSE by United States of America as to Lamar Chapman, III regarding MOTION by Lamar Chapman, III to quashMOTION by Lamar Chapman, III to withdraw plea122 (Rao, Pravin) (Entered: 11/15/2006) |
| 12/08/2006 | 126 | REPLY by Lamar Chapman, III to government's response to defendant's motion to quash indictment and to withdraw plea of guilty and dismiss for want of jurisdiction 122; Notice (meg, ) (Entered: 12/13/2006) |
| 01/10/2007 | 127 | MINUTE entry before Judge James B. Zagel : Defendant's Motion to Quash Indictment and to Withdraw Plea of Guilty 122 is dismissed for want of jurisdiction. Mailed notice (emd, ) (Entered: 01/11/2007) |
| 05/07/2007 | 128 | VERIFIED petition by Lamar Chapman, III to vacate order of restitution (Exhibits) (Document not scanned) (las, ) (Entered: 05/08/2007) |
| 05/07/2007 | 129 | NOTICE of Motion for presentment of Lamar Chapman's verified petition to vacate order of restitution 128 ; Notice before Honorable James B. Zagel on 5/15/2007 at 10:15 A.M. (las, ) (Entered: 05/08/2007) |

Case 1:07-cv-07232    Document 16-5is - Docket Report Filed 05/05/2008    Page 16 of 41
CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 18 of 31

| PACER Login: | hc0358 | Client Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 1:04-cr-00307 |
| Billable Pages: | 9 | Cost: | 0.72 |

# EXHIBIT "K"

# ALEXANDER, CAVANAUGH & BLOCK, LLC

LIABILITY MITIGATION™ • SURROGATE LITIGATION™ • ASSET RE-APPROPRIATION™ • LITIGATION FUNDING & BUSINESS COUNSEL™

*Business Counsel - For The Business of Life!®*

1314 Kensington Road
Post Office Box 5232
Oak Brook Illinois 60523-5232
Toll Free Number (877) 31-BLOCK
Writer's Direct Number (630) 881-1936
Facsimile Toll Free Number (800) 706-5373
E-mail: acblock.com

*April 9, 2005*

**FACSIMILE DELIVERY**

Officer Garth Rehberd
United States Marshall
Dirksen Federal Building
219 South Dearborn Street, 15th Floor
Chicago, Illinois

RE:  Criminal Trespass to Property
Vanessa M. Chapman and The LaSalle Trust, BT

Dear Officer Rehberd:

As business counsel for Vanessa M. Chapman and The LaSalle Trust, BT the undersigned is hereby authorized to correspond with you regarding the above-referenced matter and to memorialize the facts surrounding your unlawful entrance upon the property situated at The Graue Mill Country Condominiums, located at 1140 Old Mill Road, Residence 202-F, Hinsdale, Illinois 60521.

Mr. Rehberd, specifically, on April 8, 2005, at the approximate hour of 6:06 a.m., you caused the front door lock on the above-referenced property to be manipulated to accommodate your entrance and the entrance of at least five (5) other of your colleagues and federal employees. Upon your entrance in Mrs. Chapman's unoccupied residence, you searched the premises including but not limited to going through the personal belongings of Mrs. Vanessa M. Chapman and removing the mattress from her bed.

Officer Rehberd, you are and were fully aware of the fact that prior to your unauthorized entrance upon the residence of Mrs. Chapman that in accordance with public records held in the Office of the Du Page County Recorder of Deeds that said residence is wholly owned by Vanessa M. Chapman and The LaSalle Trust, BT.

---

*Chicago, New York, San Francisco, Los Angeles, Detroit, Atlanta, Milwaukee, Houston, Portland, Tulsa, Washington, D.C.,
Philadelphia, Miami, Pittsburgh, Cleveland, Baltimore, Indianapolis, Memphis, Louisville, St. Louis, Kansas City, Buffalo,
Minneapolis, Cincinnati, San Antonio, Phoenix, Seattle, New Orleans, Orlando, Denver, Toronto, Ontario, Canada
and Worldwide Affiliates*

www.acblock.com

A LA SALLE COMPANY
www.lasallecompanies.com

Garth Rehberd
April 9, 2005

Page II

Please be advised that an accounting will be completed within the next five (5) days to establish the actual amount of damages to Mrs. Chapman's residence and to establish the identity and value of any missing property allegedly taken from the premises.

This correspondence shall also serve to enhance the previously filed formal complaint filed with the United States Justice Department, Office of Civil Rights and Office of the Inspector General and shall further serve as a police report herewith filed with the Hinsdale Illinois and Oak Brook Illinois Police Departments.

Mr. Rehberd, if the foregoing does not accurately and fairly memorialize your conduct regarding the residential property of Vanessa M. Chapman and The LaSalle Trust, BT on April 8, 2005, then please set forth in writing and with specificity any and all statements and allegations that may be contrary to your recollections of the facts within ten (10) days from the first date listed herein. Otherwise the undersigned will have the right to accept this memorialization as true and correct.

You may direct your correspondence to the attention of the undersigned at the first address listed herein. Thank you for your time, effort and professional consideration.

*Very truly yours,*

ALEXANDER, CAVANAUGH & BLOCK, LLC

L. CHRISTOPHER CHAPMAN III, *Solo Fides* ™
Managing Director – Chief Business Counsel

LCIII:dv
Enclosures – Bio
February 1, 2005 Letter to Marshall Widup
Memorandum on Injustice

Officer Garth Rehberd *via* Facsimile Delivery Number (312) 353-9491- Eleven Pages w/o a cover page

cc:

Honorable Charles J. Lettow – United States Court of Federal Claims
United States Justice Department on Civil Rights – Washington, DC
United States Senate Judiciary Subcommittee *via* Overnight Delivery
Officer Bradley Bloom – Police Chief, Hinsdale Police Department, Facsimile Number (630) 789-6278
Officer Thomas Sheahan – Police Chief, Oak Brook Police Department, Facsimile Number (630) 954-4112

*EXHIBIT "L"*

**Full docket text for document 1:**

EXECUTIVE COMMITTEE ORDER of 9/17/02: Lamar Chapman III has filed the following cases since March 2001: 03/23/01 01C2068 Chapman v. Charles Schwab Zagel Terminated; 07/05/01 01C5166 Chapman v. Fischer Kocoras Terminated; 12/19/01 01C9697 Chapman v. Charles Schwab Leinenweber Terminated; 12/28/01 01C9953 Chapman v. Smith Holderman Terminated; 01/14/02 02C0291 Chapman v. Charles Schwab Darrah Terminated; 03/11/02 02C1792 Chapman v. Smith Andersen Pending; 04/02/02 02C2327 Chapman v. Stricker Hibbler Pending. In Judge Leinenweber's memorandum of June 26, 2002, Judge Leinenweber asked that the Executive Committee consider barring Mr. Chapman from filing further pro se complaints without leave of court. It is the judgment of the Executive Committee that reasonable and necessary restraints must be imposed on Mr. Chapman's ability to file civil cases in this District pro se. The Executive Committee has concluded that Mr. Chapman has moved from being a litigant who is simply frivolous to being one who is vexatious. His filing practices have become a burden the Court will no longer tolerate. Accordingly, the Executive Committee finds that it is necessary and reasonable to place restrictions as outlined below on Mr. Chapman's ability to file new civil cases in this Court pro se. IT IS HEREBY ORDERED BY THE EXECUTIVE COMMITTEE in its capacity as the supervisor of the assignment of cases, that ------ 1) Mr. Lamar Chapman III, or anyone acting on his behalf, is enjoined from filing any new civil action or proceeding in the United States District Court for the Northern District of Illinois without first obtaining leave by way of the following procedures: a) Any materials Mr. Chapman, or anyone acting on his behalf, wishes to submit for filing shall be delivered to Room 2050, Office of the Clerk at the Courthouse in Chicago. Only the Clerk or deputies specifically designated by the Clerk may accept such documents. b) Where the document submitted is a complaint, it shall be accompanied by a motion captioned "Motion Seeking Leave to File Pursuant to Order of Executive Committee." That motion shall, in addition to requesting leave to file the complaint, include a sworn statement certifying that the claims raised by or on behalf of Mr. Chapman in the complaint are new claims never before raised in any federal court. c) Whenever Mr. Chapman submits a document for filing, the clerk or designated deputy shall accept the papers, stamp them received, docket them, and forward them to the Executive Committee. 2) The Executive Committee will examine any complaints submitted by or on behalf of Mr. Chapman to determine whether they should be filed. 3) If Mr. Chapman seeks leave to proceed in forma pauperis, the Committee will also determine if such leave should be granted. The Committee will deny leave to file any complaints if they are legally frivolous or are merely duplicative of matters already litigated. The Committee may deny leave to file any complaints not filed in conformity with this order. 4) If the Executive Committee enters an order denying leave to file the materials, the clerk shall retain the order and a copy of the materials in the miscellaneous file and cause a copy of the order to be mailed to Mr. Chapman. 5) If the Executive Committee enters an order granting leave to file the materials, the clerk will cause the materials to be stamped filed as of the date of the order and shall cause the case to be assigned to a judge in accordance with the rules. The clerk shall also cause a copy of the order to be mailed to Mr. Chapman. 6) Mr. Chapman's failure to comply with this order may, within the discretion of the Executive Committee, result in his being held in contempt of court and punished accordingly. 7) Nothing in this order shall be construed ----- a) to affect Mr. Chapman's ability to defend himself in any criminal action, b) to deny Mr. Chapman access to the federal courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ, or c) to deny Mr. Chapman access to the United States Court of Appeals or the United States Supreme Court. IT IS FURTHER ORDERED That the Clerk shall cause to be created and maintained a miscellaneous file with the title "In the matter of Lamar Chapman III" and case number 02 C 6581. The miscellaneous file shall serve as the repository of this order, all documents proffered for filing by Mr. Chapman covered by the terms of this order for which authority to file is not granted, and any order or minute order entered pursuant to this order. The Clerk will also maintain a miscellaneous docket associated with the file. All orders retained in the file will be entered on that docket following standard docketing procedures. A brief entry will be made on the docket indicating the receipt of any materials from Mr. Chapman. IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be mailed to Mr. Chapman at 6106 Elm Lane, Matteson, IL 60443, the address given by Mr. Chapman in papers filed on September 10, 2002. Such mailing shall be by certified or registered mail, return receipt requested. Mailed notice (dmkf)

CM/ECF LIVE, Ver 3.0 U.S. District Court Northern Illinois - Docket Report
Case 1:07-cv-02232    Document 13-3    Filed 05/08/2008    Page 22 of 41
Case 1:07-cv-02175    Document 13-3    Filed 05/25/2007    Page 22 of 41
APPEAL, DENLOW, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:04-cr-00307 All Defendants

Case title: USA v. Chapman

Date Filed: 03/18/2004
Date Terminated: 10/22/2004

Assigned to: Hon. James B. Zagel

Appeals court case number: '05-3757' '7th Circuit'

| **Defendant** | | |
|---|---|---|
| **Lamar Chapman, III** (1)<br>*TERMINATED: 10/22/2004* | represented by | **Lamar Chapman, III**<br>R-59114<br>Vienna - VNA<br>P.O. Box 100<br>Vienna, IL 62995<br>PRO SE |
| | | **Patrick Alan Tuite**<br>Arnstein & Lehr<br>120 South Riverside Plaza<br>Suite 1200<br>Chicago, IL 60606-3913<br>(312) 876-7100<br>*TERMINATED: 10/22/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:513A.F UTTER FORGED AND COUNTERFEIT SECURITY (2) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Six (6) Months on count 2. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on 1/14/05. Upon release from imprisonment, the defendant shall be on supervised release for a term of Thirty-Six (36) Months. (Additional Supervised Release Terms). The Defendant shall make total restitution in the amount of $77,860.00. Schedule of Payments. |

**Highest Offense Level (Opening)**

Felony

*EXHIBIT "M"*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III,

                   *Plaintiff,*

      -vs-

UNITED STATES MARSHAL
for the NORTHERN DISTRICT
of ILLINOIS; KIM WIDUP, *in his
individual and official capacity;*
GARTH G. REHBERG, a/k/a
"The Hammer" *in his individual and
official capacity;* UNKNOWN DEPUTY
MARSHALS for the UNITED STATES
MARSHAL GREAT LAKES FUGITIVE
RECOVERY UNIT; DAVID PEARLMAN;
MICHELE UTHE; and J. RUSSELL
GEORGE, *in their individual capacity.*

                *Defendants.*

]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]

07CV6531
JUDGE CASTILLO
MAGISTRATE JUDGE SCHENKIER

*Civil Rights Lawsuit
42 United States Code
Sections, 1983, 1988, et al.*

**JURY DEMAND**

## RECEIVED

APR 1 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## VERIFIED COMPLAINT

    Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, complain

of the United States Marshal Service for the Northern District of Illinois ("Marshal");

Kim Widup ("Widup"), United States Marshal for the Northern District of Illinois;

Marshal Garth G. Rehberg, ("Rehberd"); Unknown Deputy Marshals for the United

States Marshal Great Lakes Fugitive Recovery Unit, ("GLFRU"); and Unknown Others

("Unknown Others"), as follows:

1

## INTRODUCTION

. This lawsuit is intended to redress the intentional and fundamental violations of Plaintiff's civil rights. It is apparent that the Defendants have "a real zeal for justice that is not in accordance with the law."

Plaintiff has been warned by a credible member of the state and federal bar association that "if he didn't stop doing what he is doing that certain federal employees would kill him." Plaintiff's constitutional rights were grossly suspended and violated for retaliatory purposes only to teach the Plaintiff a lesson or to "make an impression" on the Plaintiff. Plaintiff has been incarcerated in a maximum security institution on nothing more than the "say so" jurisdiction of Defendants for ten and one half (10½) months on a six (6) month sentence that has never amounted to a federal crime or federal jurisdiction. Plaintiff was arrested by local law enforcement officers without any state or federal arrest warrant or any other legal authorization. Plaintiff's residence was broken into by Defendants; searched without warrant, permission or legal authorization; and precious jewelry in the form of a thirty (30) year old wrist watch collection containing eight (8) gold watches were seized, stolen and removed from Plaintiff's residence.

Defendants lied to the United States Senator and made knowingly false statements and representations to the same who investigated Plaintiff's allegations of retaliatory imprisonment and official misconduct.

Plaintiff's wife of thirty-two (32) years was repeatedly visited at her office and harassed by Defendants along with Plaintiff's elderly mother and adult daughter with her two (2) infant children. Plaintiff was further victimized by cruel and unusual punishment by being denied daily medication for hypertension and intentionally exposed to

2

tuberculosis, and other fungus and viruses and emotional torture while in the unlawful and excessive "say so" federal custody of Defendants.

## SUMMARY OF ACTION

Plaintiff Lamar C. Chapman III, ("*Chapman*"), a highly decorated African-American, an alumnus of the United States Naval Academy, recipient of a Presidential Appointment (*Richard Milhous Nixon*), Congressional Nomination (*William L. Dawson*), Gubernatorial Military Commission (*Richard B. Ogilvie*), and Judicial Appointment (*Honorable Francis Barth, Circuit Court of Cook County, Illinois*) has been an outspoken critic of the federal judiciary for the Northern District of Illinois, Eastern Division and related local federal agencies and their employees for the past twenty-three (23) years. During this twenty-three (23) year period, Chapman as an activist has repeatedly lobbied Washington, DC and the presidential administrations of President Ronald Reagan and all other administrations subsequent thereto to investigate verified allegations of official misconduct, including racial discrimination in judicial rulings and procedure and has been an advocate for civil rights, due process and full and fair treatment under the law.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C., Section 1331 and 28 U.S.C., Section 1343 because this action arises under the laws of the United States, specifically the United States Constitution, the First, Fifth, Eight and Fourteenth Amendments to the United States Constitution, 42 U.S.C., Section 1983 and 42 U.S.C., Section 1988.

2.      Venue is proper in this District pursuant to Plaintiff's choice of venue and 28 U.S.C., Section 1391(b) because Defendants' conduct and activities giving rise to this cause of action occurred under the laws of the United States of America.

## PARTIES

3.      **The United States Marshal.** Defendant United States Marshal is a federal agency and operating subsidiary of the United States Justice Department and maintains its headquarters in Washington, DC.

4.      **Kim Widup.** Defendant Kim Widup at all times alleged herein is a United States Marshal with the United States Marshal Service who serves as U.S. Marshal for the Northern District of Illinois, Eastern Division. Kim Widup is sued individually and in his official capacity as an officer of the United States Marshal Service and has acted as policy maker pursuant to color of government authority vested in him by federal officials located in Washington, DC.

5.      **Garth G. Rehberg.** Defendant Garth G. Rehberg a/k/a *"The Hammer"* at all times alleged herein is a federal employee employed by the United States Marshal Service who serves as U.S. Marshal Fugitive Recovery Team Leader for the Great Lakes Division. Garth G. Rehberg is sued individually and in his official capacity as an officer of the United States Marshal Service and has acted as limited and *sua sponte* policy maker and enforcer pursuant to color of government authority vested in him by his employment and by Defendant Kim Widup.

6.      **Unknown United States Marshals for the Great Lakes Fugitive Recovery Unit.** Unknown United States Marshals for the Great Lakes Fugitive Recovery Unit are several federal employees who have gone unidentified and who have

4

searched the Plaintiff's residence and seized or stolen Plaintiff's personal property as enforcers pursuant to color of government authority vested in them by their federal employment and by Defendants Kim Widup and Garth Rehberd.

7.    **David Pearlman.** Defendant David Pearlman is an employee of the United States Government as a debt collector for the United States Department of the Treasury.

8.    **Michele Uthe.** Defendant Michele Uthe is an employee of the United States Government as a debt collector for the United States Department of the Treasury.

9.    **J. Russell George**. Defendant J. Russell George or his predecessor in interest is an employee of the United States Government as a supervisor or manager for Defendants Michele Uthe and David Pearlman in the Arlington, Virginia Office of the Inspector General - United States Department of the Treasury.

10.    **Unknown Others**. Unknown Others are local state, county, municipal and federal law enforcement employees who have gone unidentified and who have searched the Plaintiff's residence and have seized or stolen Plaintiff's personal property or individuals who looked the other way while Plaintiff's personal property was being stolen, seized or re-appropriated. Unknown Others operated as enforcers pursuant to color of government vested in them by Defendants Kim Widup, Garth Rehberd and state, county or municipal laws.

## CAMPAIGN OF HARASSMENT AND RETALIATION AGAINST PLAINTIFF

11.    On Friday, February 4, 2005, Plaintiff was denied the requested benefit of counsel in a criminal proceeding in the United States District Court, for the Northern District of Illinois, Eastern Division, Judge James B. Zagel, presiding.

12.    Also, on Friday, February 4, 2005, Plaintiff requested from the Court to amend Plaintiff's February 7, 2005, surrender date to facilitate Plaintiff's request to be arrested on said date in lieu of an unconstitutional surrender. The Court granted Plaintiff's request to be arrested. *See Report of Proceedings by reference made a part hereof.*

13.    On Monday, February 7, 2005, Plaintiff made himself available to be arrested by Defendant Widup who failed to arrest the Plaintiff because a warrant for said arrest had not been issued by the Court.

14.    On Monday, February 14, 2005, a warrant for Plaintiff's arrest was prepared by Ms. Michelle Warner, Clerk for the Defendant the United States Marshal Service. See *Exhibit, A, attached hereto and made a part hereof as a true and correct copy of said warrant.*

15.    On Monday, February 14, 2005, *Exhibit, A* was submitted to the Federal Bureau of Investigations ("FBI") international warrant bureau without authorization of a judge of the Court.

16.    On or after Monday, February 14, 2005, Plaintiff's name, identity, personal information and purported warrant were placed on the international file with the Federal Bureau of Investigations without authorization of a judge of the Court.

17,    On or before April 8, 2005, Plaintiff's name was placed on Defendant United States Marshal List of wanted fugitive under the code name "Operation Falcon."

18.    On or about Thursday, February 17, 2005, an Unknown Member of the United States Marshal Fugitive Recovery Team went to the offices of Plaintiff's business

6

advisement client located in Waukegan, Illinois and interrogated the owners of said business about Plaintiff's whereabouts.

19.    On or before April 8, 2005, Plaintiff's residence was under surveillance by Defendant Garth G. Rehberg and Unknown Members of the United States Marshal Fugitive Recovery Team.

20.    On or before April 8, 2005, an Unknown Member of the United States Marshal Fugitive Recovery Team went to the gated community of Plaintiff's residence and questioned the guards and security management on the whereabouts of Plaintiff.

21.    On April 8, 2005, at the hour of 6:00 a.m., Defendant Garth G. Rehberg, David Pearlman; Michelle Uthe and Unknown Others came into the Plaintiff's gated community under "Operation Falcon."

22.    Also on April 8, 2005, Plaintiff's community security management advised Defendants that Plaintiff and his wife were not home.

23.    On April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe; and Unknown Others secured a ladder and entered the Plaintiff's residence by way of cutting the screen and entering through the second floor veranda.

24.    On Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe; and Unknown Others with guns drawn entered Plaintiff's residence and searched the same.

25.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked under Plaintiff's mattress.

7

26.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's refrigerator and freezer.

27.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's closets and storage areas.

28.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's garage and interrogated Plaintiff's neighbors regarding the whereabouts of Plaintiff.

29.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others located a jewelry box hidden between the house plants on top of Plaintiff's sweater armoire.

30.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others opened the wooden jewelry box and found eight (8) expensive antique and modern collectible gold watches located in the same.

31.    Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others seized and removed Plaintiff's gold watches from Plaintiff's residence.

32.    Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have a warrant to enter Plaintiff's residence or to search the same.

8

33.    Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have Plaintiff's permission to enter Plaintiff's residence or to seize any property from the same.

34.    Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have a warrant to search Plaintiff's residence.

35.    Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have Plaintiff's permission to search his residence.

36.    Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the home of Plaintiff's adult and married daughter Mrs. Tonya Chapman - Thomas.

37.    Defendants Garth G. Rehberg and Unknown Others surrounded Plaintiff's daughter's home and harassed Plaintiff's daughter with disparaging remarks about the Plaintiff and interrogated Plaintiff's daughter under the treat of incarceration for obstruction of justice if she failed to cooperate on the whereabouts of Plaintiff.

38.    Plaintiff's juvenile and infant granddaughters have been emotionally devastated by Defendants Garth Rehberd and Unknown Others conduct as set forth herein.

39.    Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the Dolton, Illinois High School District where Plaintiff's wife is employed and interrogated Plaintiff's wife under the threat of incarceration for obstruction of justice if she failed to cooperate on the whereabouts of Plaintiff.

9

40.    Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the residence of Plaintiff's seventy-nine (79) year old mother and surrounded the same.

41.    Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others interrogated Plaintiff's elderly mother and harassed the same with disparaging and threatening remarks made about the Plaintiff.

42.    On or about June 7, 2005, Defendant Garth G. Rehberg and Defendant Kim Widup caused the Plaintiff to be arrested by the Franklin Park, Illinois Police Department on the purported warrant issued by Defendants.

43.    On June 8, 2005, Defendant Garth G. Rehberg and/or Defendant Kim Widup telephoned the records department of the Cook County Department of Corrections and ordered the Plaintiff to be held in the county jail on a "warrant hold" when no warrant ever existed.

44.    For more than ten (10) months, from June 8, 2005, through and including April 22, 2006, Plaintiff was held in the county jail without bond on a warrant hold of Defendants Kim Widup and Garth Rehberd.

45.    Plaintiff has been denied property without due process of law.

46.    Plaintiff has been denied liberty and liberty rights without due process of law.

47.    Plaintiff has been denied privileges and freedoms guaranteed by the United States Constitution without due process of law.

48.    Defendants' conduct was intentional and calculated to violate the Plaintiff's constitutional rights under the color of law.

10

49.   Plaintiff has suffered monetary damages as a result of Defendants' unconstitutional conduct.

50.   Plaintiff has suffered emotional pain and suffering as a result of Defendants' unconstitutional conduct.

51.   Plaintiff has suffered damage to his good name and reputation as a result of Defendants' unconstitutional conduct.

## COUNT I

### INJUNCTIVE RELIEF

52.   Plaintiff alleges paragraphs one through fifty-one as alleged herein and continues as follows:

53.   Plaintiff has been harassed and will continue to be harassed unless this Court orders the parties to have no contact with each other outside these legal proceedings or pending further order of the court.

54.   To grant Plaintiff's request for injunctive relief will further the interest of justice and will not harm any party to this civil rights lawsuit.

*WHEREFORE*, Plaintiff respectfully request that an order for injunctive relief is entered and that all Defendants or their agents or designated representatives are barred from engaging in any contact with the Plaintiff outside of these legal proceedings pending further order of court.

## COUNT II

### VIOLATION OF FOURTH AMENDMENT

### UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

55.     Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

56.     Plaintiff has had his personal property and possessions searched without a warrant, permission or legal authorization.

57.     Defendants have intentionally violated provisions of the United States Constitution which prohibits the search and seizure without a warrant, permission or legal authorization.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A.      Defendants are adjudged to have violated Plaintiff's constitutional rights and each Defendant in their individual capacity are ordered to pay compensatory damages in excess of one million dollars or such greater amount to be determined by the Court;

B.      Plaintiff is awarded punitive damages in excess of five million dollars or such greater amount to be determined by the Court from each Defendant;

C.      Statutory damages as allowed by the law; *and*

D.      Such further relief as authorized by law including court costs and fees.

## COUNT III

## VIOLATION OF FIFTH AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

58.     Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

59.     Plaintiff has had his personal liberty restrained without warrant, legal authorization or due process of law.

60.    Defendants have intentionally caused Plaintiff personal damages as a result of their actions and have intentionally violated provisions of the Fifth Amendment of the United States Constitution.

*WHEREFORE,* Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Fifth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the court;

B.    Defendants are ordered to pay punitive damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the Court;

C.    Statutory damages as allowed by law; *and*

D.    Such further relief as authorized by law including court costs and fees.

## IV

## COUNT FOUR

## VIOLATION OF EIGHT AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

61.    Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

62.    Plaintiff has been intentionally treated by Defendants in violation of the laws that prohibit cruel and unusual punishment.

*WHEREFORE,* Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Eighth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in an amount in excess of ten million dollars or such greater amount to be determined by the Court;

B.    Defendants are ordered to pay punitive damages in excess of twenty-five million dollars or such greater amount as order by the court;

C.    Statutory damages as allowed by law; *and*

D.    Such further relief as allowed by law including court costs and fees.

### COUNT V

### VIOLATION OF THE FOURTEENTH AMENDMENT

### THE UNITED STATES CONSTITUTION, 42 U.S.C., Section 1983

63.    Plaintiff alleges paragraphs one through fifty-one as alleged herein and continues as follows:

64.    Plaintiff has been intentionally treated by Defendants in violation of Plaintiff's constitutional rights which prohibits denial of due process under the law.

*WHEREFORE,* Plaintiff respectfully prays for the following relief:

A.    Defendants are adjudged to have violated the Fourteenth Amendment of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount to be determined by the Court;

B.    Defendants are ordered to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C.    Statutory damages as ordered by the Court; *and*

14

D.    Such further relief as allowed by law including court costs and fees.

## COUNT VI

## VIOLATION OF THE FOURTEENTH AMENDMENT

## EQUAL PROTECTION UNDER THE LAW – 42 U.S.C., Section 1983

65.    Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

66.    Plaintiff has been intentionally treated by the Defendants in violation of Plaintiff's constitutional rights which guarantees equal protection under the law.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A.    That Defendants are adjudged by this Court to have violated Plaintiff's Fourteenth Amendment Rights of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount as ordered by the Court;

B.    Defendants are order to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C.    Statutory damages as ordered by the Court; *and*

D.    Such other relief as ordered by the Court including court costs and fees.


## JURY DEMAND

Plaintiff hereby demands that this matter is tried by a jury.

15

STATE OF ILLINOIS          )
                           )  *SS*
COUNTY OF **DU PAGE**  )

## **VERIFICATION**

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, being first duly

sworn under oath states that he has prepared the foregoing Verified Complaint and knows

the contents thereof and the same is true and correct, with the exception of allegations

based on information and belief and as to such allegations the Plaintiff verily believes

that same to be true and correct; any and all exhibits attached to this Verified Complaint

represents a true and correct copy of its original; this verified complaint is made pursuant

to provisions of the law and is not interposed for bad faith or in violation of any Federal

Rules of Civil Procedure. *FURTHER AFFIANT SAYETH NAUGHT.*

*Respectfully submitted,*

_____
LAMAR C. CHAPMAN III, *Solo Fides*

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 9TH DAY OF APRIL, 2007.

(S E A L *of*  N O T A R Y)

_____
*Signature of Notary Public*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (877) 31-BLOCK
Facsimile (800) 706-5373
Direct (630) 881-1936
Email: lasallecompanies@aol.com

16

Case 1:07-cv-06531    Document 1    Filed 04/18/2007

AO 442 (Rev. 6/97) Warrant for Arrest

# United States District Court
## Northern District of Illinois
### Eastern Division

United States of America

**WARRANT FOR ARREST**

v.

Lamar Chapman                                    Case Number: 04 cr 307-1

To:    The United States Marshal
       And any Authorized United States Officer

       YOU ARE HEREBY COMMANDED to arrest **Lamar Chapman** and bring him or her
forthwith to the nearest magistrate judge to answer a(n)

       Indictment    Information    Complaint    X Order of court    Violation Notice
Probation    Violation Petition

charging him or her with:    **Failure to surrender for sentencing**
                             **(See Attachment)**

in violation of Title United States Code, Section(s)

Yvette Pearson Issuing Officer                   U.S. Deputy Clerk

_(signature)_                                    February 14, 2005; Chicago

Signature of Issuing Officer

Bail fixed at $                                  _____
                                                 , Judicial Officer

FILED
JAN 1 7 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arrest Officer |
| Date of Arrest | | |
| 02/13/06 | DUSM GARIMA B-THONE | |

2006 FEB 14 PM 2:59

UNITED STATES MARSHAL

EXHIBIT, A

## BEFORE THE EXECUTIVE COMMITTEE
## OF THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*RECEIVED*

*OCT 1 8 2007*

*MICHAEL W. DOBBINS, CLERK, U. S. DISTRICT COURT*

| | |
|---|---|
| *In the Matter of:* | ] |
| | ] **Civil Docket Number:** |
| LAMAR C. CHAPMAN III, | ] **02 CV 6581** |
| | ] |
| *Petitioner.* | ] Honorable James B. Holdreman, |
| | ] *Chief Judge Presiding* |
| | ] |
| | ] **Restrictive Filing Order** |
| | ] **Dated: September 17, 2002** |

## NOTICE OF FILING

TO:  Honorable James B. Holderman      Michael W. Dobbins, Clerk
      Chief Judge – U.S. District Court      Clerk of the U.S. District Court
      Northern District of Illinois      Dirksen Federal Building – 20th Fl.
      C/O The Executive Committee      C/O Clerk of the Filing Desk
      219 South Dearborn Street      219 South Dearborn Street
      Chicago, IL 60604      Chicago, IL 60604

      *PLEASE TAKE NOTICE* that on Thursday, October 18, 2007, the undersigned filed this **Notice and Motion for Leave to File the Attached Verified Complaint**, with the Clerk of the United States District Court, *in the form attached hereto and served upon you herewith.*

### PROOF OF SERVICE

      LAMAR C. CHAPMAN III, *Solo Fides*, Non-Attorney, Non-Lawyer, *Pro Se*, being first duly sworn under oath states that he served this Notice and all relevant attachments on the Clerk of the Court or his designated representative, with cover letter, appropriate filing fees, adequate copies of Verified Complaint, Summons, Cover Sheets, Appearance Forms and all other documents required for proper filing on Thursday, October 18, 2007, before the hour of 4:30 PM.

*Respectfully submitted,*

LAMAR C. CHAPMAN III, *Pro Se*

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
1314 Kensington Road – Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1