IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | |
| *Plaintiff,* | CASE NUMBER: 07-CV-7232 |
| -vs- | |
| | Honorable George W. Lindberg |
| THE VILLAGE OF HINSDALE, ILLINOIS *an Illinois Municipal Corporation*; THE HINSDALE POLICE DEPARTMENT, and UNKNOWN OTHERS, | *Senior U.S. District Judge Presiding* |
| | Honorable Geraldine Soat Brown |
| | *Magistrate Judge* |
| *Defendants.* | |

### NOTICE OF FILING

TO:  Russell W. Hartigan, *Esq.*
     Patrick H. O'Connor, *Esq.*
     Michael R. Hartigan, *Esq.*
     HARTIGAN & O'CONNOR P. C.
     222 North LaSalle Street, Suite 2150
     Chicago, IL 60601, (312) 201-8880

FILED
J N 5-27-2008
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*PLEASE TAKE NOTICE,* that on Tuesday, May 27, 2008, pursuant to the Order of Court the undersigned filed with Leave of the Court **PLAINTIFF'S RESPONSE, OBJECTIONS AND MEMORANDUM TO HINSDALE DEFENDANTS' MOTION TO DISMISS**, *as served upon you in the above-captioned matter.*

### PROOF OF SERVICE

Lamar C. Chapman III, the Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, under oath and in consideration of the penalties of perjury states that he caused this Notice and all relevant attachments to be served on the above-named parties by first class U.S. Mail, addressed as indicated with proper postage prepaid and mailed from the U.S. Postal Facility in Oak Brook, Illinois on Tuesday, May 27, 2008, before the hour of 5:00 PM.

_____
LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
5-27-2008
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LAMAR C. CHAPMAN III, | |
| *Plaintiff,* | CASE NUMBER: 07-CV-7232 |
| -vs- | |
| | Honorable George W. Lindberg |
| THE VILLAGE OF HINSDALE, ILLINOIS *an Illinois Municipal Corporation*; THE HINSDALE POLICE DEPARTMENT, and UNKNOWN OTHERS, | *Senior U.S. District Judge Presiding* |
| | Honorable Geraldine Soat Brown *Magistrate Judge* |
| *Defendants.* | |

### RESPONSE, OBJECTIONS AND MEMORANDUM
### TO HINSDALE DEFENDANTS' MOTION TO DISMISS

*NOW COMES PLAINTIFF*, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se* and for his Response, Objections and Memorandum to Hinsdale Defendants' Motion to Dismiss, states as follows:

### INTRODUCTION

On May 5, 2008, The Village of Hinsdale and The Hinsdale Police Department filed with the Clerk of the Court their combined Motion to Dismiss Plaintiff's First Amended Complaint. On March 29, 2008, this Court granted the unrepresented Plaintiff's Oral Motion to Dismiss the Hinsdale Police Department and on March 29, 2008, this Honorable Court granted the unrepresented Plaintiff leave to file his First Amended Complaint. On May 16, 2008, this Court allowed Defendant Bradley Bloom erroneously sued as Lawrence Bloom; Defendant Charles Leuver; and Defendant Kevin Simpson to adopt the Village of Hinsdale Motion to Dismiss, which was also deemed by Order of the Court as moot.

Considering the fact that counsel for the Hinsdale Defendants has misconstrued the unrepresented Plaintiff's civil rights complaint and the fact that this Honorable Court

1

has been asked to resolve issues of facts in Defendants' Motion to Dismiss, this Honorable Court is lawfully obligated to deny Defendants' Motion to Dismiss.

The unrepresented Plaintiff's ten (10) count civil rights lawsuit derives from ongoing civil rights violations beginning on or about April 8, 2005, through and including the date of the filing of this Response, Objections and Memorandum.

## **STANDARDS FOR MOTION TO DISMISS**

Dismissals for failure to state a claim are not favored, and the only question is whether relief is possible under any set of facts that could be established. See, Indeck Power Equipment Co., v. Jefferson Surfit Corp., 881 F. Supp. 338 (N.D. Ill. 1995). A motion to dismiss for failure to state a claim upon which the court can grant relief will not be granted if any set of facts would justify granting the non-moving party relief. Also, the Plaintiff need not prove its allegations if its complaint sets out a sufficient basis for a claim. See, Knauz Continental Autos, Inc. v. Land Rover N. Am., Inc., 842 FR. Supp. 1034 (N.D. Ill. 1993).

When considering a motion to dismiss under subdivision (b) (6) of the Federal Rules of Civil Procedure, the court must interpret ambiguities in the complaint in favor of the plaintiff. Also, the plaintiff is free in defending against the motion, to allege without evidentiary support any facts it pleases that are consistent with the complaint in order to show that there is a state of facts within the scope of the complaint that if proved (a matter of trial) would entitle the plaintiff to judgment. See, Ziemack v. Centel Corp., 856 F. Supp. 430 (N.D. Ill. 1994).

The United States Court of Appeals for the Seventh Circuit directs the district court that when acting on a motion to dismiss, the district court is suppose to indulge all factual and legal possibilities in plaintiff's favor. If the plaintiff misses one good argument in support of a legal position they explicitly advance and develop, a court

should apply the right body of law even if the parties fail to cite their best cases. See, Palmer v. Board of Educ. of Community Unit Sch. Dist. 201-U, 46 F. 3d 682 (7th Cir. 1995).

The courts will grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss if "it is impossible [for the plaintiff] to prevail 'under any set of facts that could be proved consistent with [his] allegations.'" See, Albiero v. City of Kankakee, 122 F. 3d 417, 419 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing the plaintiff's complaint, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. See, Gutierrez v. Peters, 111 F. 3d 1364, 1368-69 (7th Cir. 1997).

To insure that *pro se* complaints are given fair and meaningful consideration, they are liberally construed, however inartfully pleaded. See, Talley v. Lane, 13 F. 3d 1031 (7th Cir. 1994). The *pro se* complaint is held to less stringent standards then a complaint that is drafted by an attorney. See, Gale v. United States Gov't, 786 F. Supp. 697 (N.D. Ill. 1990).

### DEFENDANTS HAVE IMPROPERLY ASKED THIS HONORABLE COURT TO DECIDE AN ISSUE OF FACT ON THEIR MOTION TO DISMISS

A MOTION TO DISMISS IS NOT THE FORUM TO DECIDE FACTUAL ISSUES. Issues of fact are jury functions and left up to the jury or lawfully disposed of by way of a Motion for Summary Judgment. See, Huszagh v. DiAmico, 846 F. Supp. 1352 (N.D. Ill. 1994). See, also, Rule 56 of the Federal Rules of Civil Procedure. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits or the disputed facts of the case. See, Driveway & Truckaway Serv., Inc. v. Aaron Driveway & Truckaway Co., 781 F. Supp. 548 (N.D. Ill. 1991). The Defendants' Motion

3

to Dismiss respectfully must be denied because the Defendants have incorrectly asked this Honorable Court to decide and resolve-disputed facts thereby avoiding genuine issues for trial. See, Terket v. Lund, 623 F. 2d 29 (7th Cir. 1980).

On page 4 of Defendants' Motion to Dismiss under the heading of "First Argument" Defendants' incorrectly states that Plaintiff's Complaint should be dismissed as it was filed beyond the two-year statute of limitations. This argument is incorrect and without merit. This civil rights lawsuit was originally filed on April 9, 2007, in the United States District Court in a District other than the Northern District of Illinois, Eastern Division. By Order of the Chief Judge, the plaintiff's lawsuit was received-stamped and returned to the unrepresented Plaintiff to be filed by motion for leave to do so, with the Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division. A lawsuit filed with the Clerk of the United States District Court in an incorrect district does not warrant a dismissal for filing beyond the statute of limitations. Moreover, Defendants must not be allowed to persuade this Honorable Court to resolve this disputed issue of fact on a motion to dismiss as held in Lund.

Likewise, the issue of whether Defendants Bloom, Simpson or Leuver effectuate a valid or void arrest warrant or a non-existent search warrant is also an issue of fact that must be resolved by jury or by a Motion for Summary Judgment. Accordingly, this Honorable Court respectfully must reject Defendants' argument under heading Number One in its Motion to Dismiss.

In addition, Defendants are asking this Honorable Court to make rulings and determinations in what they categorize as a "parallel case" with the United States Marshal Service that is currently pending before the Honorable Ruben Castillo. Although this Honorable Court can take judicial notice of the complaint pending before

4

Judge Castillo as offered by the Defendants in <u>Palay v. United States</u>, 349 F. 3d 418 (7th Cir. 2003), this Honorable Court is without any jurisdiction to make any findings of facts or conclusions of law that will impede the administration of justice in the Castillo Court. Moreover, when considering the motion to dismiss, this Honorable Court is only obligated to consider the "four corners" of the Plaintiff's complaint for sufficiency to state a claim. In fact, extraneous materials and documents outside of the complaint cannot be considered under Rule 12 (b) (6) of the Rules of Civil Procedure without the Court converting the motion to a motion for summary judgment. See, <u>Fleischfresser v. Directors of Sch. Dist.</u> 200, 15 F. 3d 680 (7th Cir. 1994).

Since this Honorable Court has not converted Defendants' improper motion to dismiss to a motion for summary judgment, whether or not Defendants in this case or Defendants in another case executed a non-existent search warrant on Plaintiff's residence cannot be decided on a motion to dismiss.

## REBUTTAL ARGUMENT II

In the unrepresented Plaintiff's complaint, Plaintiff makes no constitutional claim against Hinsdale Defendants for their intentional failure to investigate. Instead, the unrepresented Plaintiff makes a valid claim for equal protection under the law and due process violations in accordance with 42 U.S.C., Section 1983, which provides in relevant parts:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.."

Plaintiff makes no mention in his complaint of the value of the investigatory work of the Hinsdale Defendants as incorrectly asserted by the Defendants. Plaintiff correctly allege in his complaint that he was singled out for indifferent treatment because of his

5

race, political views or for retaliatory purposes as strictly prohibited by the Fourteenth Amendment to the United States Constitution.

Taking Plaintiff's allegations as true as required by this Honorable Court and drawing the best inference in favor of the unrepresented Plaintiff, prohibits this Honorable Court from accepting Defendants factually based argument for dismissal. See, Admiral Theater v. City of Chicago, 832 F. Supp. 1195 (N.D. Ill. 1993). Furthermore, the Defendants seem to believe that The Village of Hinsdale and Defendants Bloom, Leuver, and Simpson can pick and choose which citizen of this country can be entitled to draw from the well of public service. Our founding Fathers did not intend for the United States Constitution to be used as a shield and a sword. Administering service to the public is non-discretionary. To withhold public service to any citizen is fundamentally unconstitutional. It is also a factual issue that is not permitted to be resolved on a motion to dismiss.

Defendants have incorrectly asked this Honorable Court to resolve Hinsdale duty to act on a routine motion to dismiss. This Honorable Court respectfully must reject Hinsdale argument under heading Number Two.

### REBUTTAL ARGUMENT III

Defendants incorrectly ask this Honorable Court to determine whether Plaintiff's state law claims are time barred and subject to immunity.

Once again the Defendants are asking this Honorable Court to make factual determinations on their motion to dismiss. Defendants assert that for purpose of tolling of the statute of limitations the Plaintiff's state law claim started the tolling period on April 8, 2005. This is not true. The actions of the police, as alleged in Plaintiff's Complaint although first brought to Plaintiff's attention on March 23, 2008, is ongoing and even continues today. Therefore, Plaintiff's False Light claim is not barred by the

6

one year statute of limitations. This Honorable Court respectfully must take into consideration that the Defendants admit to bringing the false and slanderous documents to the attention of the unrepresented Plaintiff on February 27, 2008. *See motion to dismiss on page 13, first paragraph.* The unrepresented Plaintiff believes that he first had knowledge of the false light allegations on March 23, 2008. Either way, the claim is within the one year statute of limitations and the disputed date is an issue of fact that must not be resolved on Defendants' Motion to Dismiss as incorrectly relied on by the Defendants in Bogseth v. E. M., et al., 166 Ill 2d 507, 655 N. E. 2d 888 (Ill. 1995).

Considering the foregoing, this Honorable Court respectfully must reject Defendants' Motion to Dismiss.

### REBUTTAL ARGUMENT NUMBER FOUR

The Defendants incorrectly ask this Honorable Court to make the unrepresented Plaintiff "prove" his allegations of conspiracy in order to withstand their motion to dismiss. *See page (14) fourteen, paragraph (2) two of Defendants' Motion to Dismiss.*

Although this Honorable Court is required to relax the pleading requirements for the unrepresented Plaintiff, the Defendants have asked this Honorable Court to enhance the Plaintiff's pleading requirements and to offer proof in his civil rights complaint or subject the same to dismissal by this Honorable Court. Defendants' request sets a dangerous precedent.

All Circuits are in complete agreement that notice pleading is the only requirement to withstand a motion to dismiss. See, Knauz Continnental Autos, Inc. v. Land Rover N. Am., Inc., 842 F. Supp. 1034 (N.D. Ill. 1993). Consequently, the unrepresented Plaintiff is under no legal obligation to prove conspiracy in his civil rights complaint. The Plaintiff's civil rights complaint successfully alleges by inference or otherwise that the Defendants had an expressed or implied agreement to deprive the

7

African American Plaintiff of his constitutional rights to equal protection under the law and due process of law. Taking the Plaintiff's allegations as true as held by the Supreme Court in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), this Honorable Court is left with no discretion but to deny Defendants' Motion to Dismiss.

The United States Court of Appeals for the Seventh Circuit, patently states that Section 1983 authorizes recovery for conspiracy to violate a clearly established right, not for the conspiracy itself.

Defendants broke into the Plaintiff private residence. They damaged the property upon their unlawful entry. They never had any search warrant. They never had any seizure Order of Court. They removed a twenty-five (25) year old wrist watch collection containing eight (8) gold watches valued at more than thirty-two, thousand ($32,000.00) dollars. Now, they expect this Honorable Court to believe without evidentiary support that there was no meeting of the minds or conspiracy and dismissal of the unrepresented Plaintiff's complaint is somehow lawfully warranted.

Quoting the Honorable Ilvana Diamond – Rovner: *"This Strains Credulity to the Breaking Point."*

### WHEREFORE

PLAINTIFF, LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer, *Pro Se* Respectfully prays that this Honorable Court will squarely reject Defendants' arguments in their Motion to Dismiss; deny the motion to dismiss; and grant such further relief that is morally and lawfully warranted. God Save America. God Bless This Honorable Court.

*Very Respectfully Submitted,*

_____
LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

8

**May 27, 2008**

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

9