07-30-4778                                              ARDC No. 01144642

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAMAR C. CHAPMAN, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No.    07 CV 7232 |
| | ) | |
| **THE VILLAGE OF HINSDALE, ILLINOIS** | ) | **Judge Lindberg** |
| **an Illinois Municipal Corporation,** | ) | **Magistrate Judge Brown** |
| **THE HINSDALE POLICE DEPARTMENT,** | ) | |
| **and UNKNOWN OTHERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the defendants, KEVIN SIMPSON, CHARLES LEUVER,  and

BRADLEY BLOOM, incorrectly sued as Lawrence Bloom, THE VILLAGE OF HINSDALE,

ILLINOIS, an Illinois municipal corporation, and THE HINSDALE POLICE DEPARTMENT

(hereinafter collectively referred to as "HINSDALE"), by and through their attorneys,

HARTIGAN & O'CONNOR P.C., and for their reply in support of their motion to dismiss

hereby state as follows:

**I.    THE PLAINTIFF'S CIVIL RIGHTS COMPLAINT WAS FILED BEYOND THE**
**APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS.**

The plaintiff's cause of action arose on April 8, 2005.  The Complaint was originally

filed on April 19, 2007.  As an initial matter, the plaintiff asserts that the original Civil Rights

lawsuit was filed on April 9, 2007.  That statement is inaccurate.  The lawsuit originally

initiated by the plaintiff against the VILLAGE OF HINSDALE and UNKNOWN OFFICERS

was filed under 07 C 2175.  The copy of the Verified Complaint bears a filed stamped date of April 19, 2007.  While the plaintiff may well assert that he mailed the Complaint for filing on April 9, 2007, that does not constitute filing pursuant to the Federal Rules.  Moreover, contrary to plaintiff's assertions, substantial Seventh Circuit precedent establishes that a suit can be dismissed under 12(b)(6) where the facts alleged in the Complaint make it clear that the claims are time barred.

The defendant would also note that, at least with respect to CHIEF BRADLEY BLOOM, CHARLES LEUVER and KEVIN SIMPSON, the Amended Complaint adding the aforesaid individual officers was filed on May 1, 2008.  Therefore, the claims are untimely with respect to those officers.  Rule 15(c) of the Federal Rules of Civil Procedure applies to amendments which change the parties who are being sued, thus, claims against correctional officers who were formerly identified in Complaint as "unknown unit officers" were time barred.  Delgado v. Clark, 93 F.3d 339 (7th Cir. 1996).  Worthington v. Wilson, 790 F.Supp. 829 (C.D. Ill. 1992), affirmed 8 F.3d 1253 (7th Cir. 1993); Baskin v. City of Des Plaines, 138 F.3d 701 (7th Cir. 1998) (plaintiff did not make a mistake concerning person's identity, but simply did not know the person's identity when he filed the original Complaint, therefore, the amendment to name the person as a defendant did not relate back to the original filing.)  Major v. Koletsos, 823 F.Supp. 497 (N.D. Ill. 1993).  The plaintiff's original, untimely, Complaint, (filed without leave of the Executive Committee to file same) named only "Unknown Officers".  The Amendment adding the individual previously "unknown officers" is untimely and will not relate back to the original filing.  But even if it did, the original Complaint was untimely as it was filed beyond the two-year Statute of Limitations.

Although Rule 15(c) was revised in response to <u>Schiavone v. Fortune</u>, 106 S.Ct. 2379 (1986), the majority view is that substitution of "Doe" defendants is not within Rule 15(c) because the amendment is not necessitated by a mistake concerning the identities of the "proper party", but from lack of information when the Complaint is filed. <u>Worthington v. Wilson</u>, 8 F.3d 1253 (7th Cir. 1993). <u>Jones v. Wysinger</u>, 815 F.Supp. 1127 (N.D. Ill. 1993). (The defendant notes that the 2007 revisions to this rule were intended to be stylistic only.)

The plaintiff also makes the assertion that the Complaint was originally filed on April 9, 2007 in a district other than the Northern District of Illinois. However, MR. CHAPMAN failed to inform this court in what district it was filed, provide the order dismissing it for lack of jurisdiction, and the fact that it was refiled pursuant to the rules of the court.

It should be noted that although the plaintiff is proceeding pro se, federal courts are not required to indulge every whim of a pro se litigant pursuing frivolous claims. See <u>Chapman v. Ontra, Inc.</u>, 1997 W.L. 321 681 at 9 (N.D. Ill. June 6, 1997.) As the court in <u>Chapman v. Charles Schwab</u> 01 C 9697 held: "It must be noted that CHAPMAN is no ordinary pro se litigant and hardly in need of liberal treatment by any court." (See Memorandum Opinion and Order filed April 29,2002), Judge Leinenweber's Memorandum Opinion also recounts the fact that LAMAR CHAPMAN has spent the past decade zealously pursuing countless frivolous lawsuits in the state and federal courts in Illinois. Several courts in this district have noted that CHAPMAN is a "prolific pro se litigator", <u>Chapman v Ontra, Inc.</u>, 1997 W.L. 321 681 (N.D. Ill. June 6, 1997.) Others have commented on the fact that many of his lawsuits have been frivolous, or worse. <u>Chapman v. Curie Motors</u>, 65 F.3d 78, 80 (7th Cir. 1995) (noting that there "is a strong flavor of fraud

3

on the court"). (See Memorandum Opinion and Order by Judge Leinenweber of April 29, 2002 attached hereto as Exhibit "A".)

In short, plaintiff's Complaint was filed beyond the two-year statute of limitations and should be dismissed.

II.     **THE MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT WAS PREMISED UPON A THEORY THAT SEEMED TO RUN THROUGH THE PLAINTIFF'S COMPLAINT THAT THE HINSDALE POLICE FAILED TO INVESTIGATE MR. CHAPMAN'S CLAIMS AGAINST THE U.S. MARSHAL SERVICE IN THEIR ACTIONS THEY TOOK IN EXECUTING AN ARREST WARRANT.**

The plaintiff has asserted, inter alia, that on Monday, April 8, 2005 defendant BRADLEY BLOOM (incorrectly sued as Lawrence Bloom) refused to send a patrol car to the plaintiff's residence, refused to allow the plaintiff to file a complaint for residential burglary, refused to take pictures of the crime scene, take fingerprints or otherwise investigate the "residential burglary".[1] (See First Amended Complaint, Exh. "F" to Motion to Dismiss.)

As was set forth in the motion to dismiss, the VILLAGE OF HINSDALE or its employees cannot be liable for failing to investigate the crimes. Plaintiff has asserted that their failure to do so, however, violates the Equal Protection clause.

---

1 The Complaint also appears to be a collateral attack on criminal proceedings. According to the docket in United States v. Lamar Chapman, case number 04 CR 307 (N.D. Ill.), much of what appears to be the gravamen of Chapman's civil Complaint (the execution of an arrest warrant) seems to have been the subject of litigation in the criminal case. For example, docket number 54 in 04 CR 307 ("enter order for bench warrant to issue for defendant's failure to surrender on 2-7-05"); docket number 66 (motion to quash the court's bench warrant is denied"); docket number 93 ("motion for ruling on issue of federal jurisdiction . . . is denied"); docket number 96 ("motion by Lamar Chapman III of advisement of prosecutorial and official misconduct"); docket number 102 ("arrest warrant returned executed as to Lamar Chapman III on 1-13-06"); docket number 121 ("defendant is remanded to custody of the Bureau of Prisons forthwith for computation of time served . . . the warrant issued on 2-14-05 is quashed").

4

However, plaintiff's Equal Protection claims are untimely under whatever theory the plaintiff advances.  If, as the plaintiff contends, BRADLEY BLOOM refused to send a patrol car, allow the plaintiff to file a complaint for residential burglary, etc., on April 8, 2005, then the Complaint is untimely as a matter of law.  In <u>Wilson v. Geisen</u>, 956 F.2d 738 (7th Cir. 1991), the court ruled that a Section 1983 claim "accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action".  In this case, that is April 8, 2005.

III.    **THE PLAINTIFF'S CLAIMS OF FALSE LIGHT ARE IMMUNIZED.**

A prima facie case for false light under Illinois law requires:  1) that the defendant's actions caused the plaintiff to be placed in a false light before the public; 2) the false light would be highly offensive to a reasonable person; and 3) the defendant acted with malice or reckless disregard whether the statement was true or false.   <u>Kolegas v. Heftel Broadcasting Corp</u>, 154 Ill.2d 1, 607 N.E.2d 201, 209 (Ill. 1992).

The defendants assert that CHAPMAN's claim is deficient because the plaintiff has not satisfied the "before the public" element.  Here, the Complaint lacks any allegations tying the defendant's actions that caused the plaintiff to be placed in a false light before the public.  The Illinois Supreme Court has recognized that the heart of a false light claim lies within the publicity requirement.  <u>Lovgren v. Citizens First National Bank of Princeton</u>, 126 Ill.2d 411, 534 N.E.2d 987, 990 (Ill. 1989).  The publicity requirement is satisfied when the statements have been disclosed to the public at large or to so many persons that the matter must be regarded as one of general knowledge.  <u>Chisholm v. Foothill Capital Corp</u>, 940 F.Supp. 1273 (N.D. Ill. 1996).  What statements constitute the false light, or when they

5

were made, are not contained within the Complaint, and even if they were, and they were timely, the defendants enjoy immunity for same.  Presumably the false light allegations are statements contained in a police report completed on 5/18/06, almost two years prior to the adding of this claim.[2]  (See Exhibit "C" to plaintiff's Verified Complaint.)

Plaintiff's assertions notwithstanding, the false light claims are untimely as a matter of law.[3]  However, even if they were not, the tort of false light is included within the immunities granted in Section 2-107 of the Tort Immunity Act (745 ILCS 10/2-107.)  Although Section 2-107 does not specifically provide the term "false light" and , therefore, presumably, he can proceed under the doctrine of *expressio unius est exclusion alterius*, which provides that when a statute lists certain matters, those matters that are omitted were intended to be excluded.  However, in construing the meaning of the statute, the primary objective of the court is to ascertain and give effect to the legislature's intent.  Michigan Avenue National Bank, 191 Ill.2d 503, 732 N.E.2d 528.

Instructive is Ramos v. City of Peru, 333 Ill.App.3d 75, 775 N.E.2d 184, 188 (3rd Dist. 2002), in which the plaintiff filed a cause of action against the City of Peru for an advertisement issued by the City of Peru naming Ricardo Ramos as a person wanted for the offense of aggravated criminal sexual abuse, and directly above the name of Ricardo Ramos was a photograph of Adan Ramos, the plaintiff.  The plaintiff's defamation, false light, and personal injury claims were dismissed pursuant to Section 2-107 of the Tort Immunity Act, when the trial court determined that said Section of the Tort Immunity Act

---

2 In addition to 8-101 of the Tort Immunity Act, Illinois provides a one-year statute for claims of defamation and false light.  735 ILCS 5/13-201.

3 The discovery rule applies only when defamatory material is published in a manner likely to be concealed from the plaintiff, such as in a credit report or other confidential memoranda.  Schweibs v. Burdick, 96 F.3d 917 (C.A. 7 1996).

barred all three claims.  The Appellate Court affirmed that finding holding that a plain reading of Section 2-107 confirmed that the trial court did not err when it determined that the defamation is not an invasion of privacy and personal injury claims were barred by Section 2-107.

To the same effect is Section 2-210 of the Tort Immunity Act (745 ILCS 10/2-210) which provides that a public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

If the plaintiff's state law claims arise out of the defendant's actions or inactions on April 8, 2005, those claims are clearly barred by the one year statute contained in 8-101 of the Tort Immunity Act (745 ILCS 10/8-101).  If they arose before May 1, 2007, they are likewise barred because the First Amended Complaint adding state law claims was filed on May 1, 2008.  These state law claims were not plead in the initial Complaint, nor do they arise out of the transaction plead in the initial Complaint.  The original, albeit untimely, Complaint plead that defendants, on April 8, 2005, entered the plaintiff's residence and took valuable items of jewelry.  The Amended Complaint sets out new, unrelated causes of action not arising out of defendants' alleged entry into the plaintiff's home and taking of items, but regarding the police report prepared and the statements contained therein. These "new" causes of action do not relate back under either FRCP 15 or Illinois law as they set out entirely new causes of action.  The plaintiff cannot make his untimely Complaint timely by adding state law causes of action that set out different theories of recovery.  The Supreme Court of Illinois, in fact, recently adopted the Northern District's

7

test to determine whether an Amended Complaint relates back to the original filing.  <u>Porter v. Decatur Memorial Hospital</u>, 2008 WL 217204 (Ill. S.Ct.)  The <u>Porter</u> court adopted the test set out in <u>In re: Olympia Brewing Co. Securities Litigation</u>, 612 F.Supp. 1370 (N.D. Ill. 1985).  The court there held an amendment is considered distinct from the original pleading and will not relate back where:  1) the original and amended set of facts are separated by a significant lapse of time; or 2) the two sets of facts are different in character, as for example when one alleges slander and the other alleges a physical assault; or 3) the two sets of facts lead to arguably different injuries.  <u>Porter</u> * 8 citing <u>Olympia</u>, 612 F.Supp. at 1372. The plaintiff's Amended Complaint pleads different dates, different causes of actions, and different injuries.  It does not relate back.

## IV.    **THE PLAINTIFF'S CLAIM OF INTENTINOAL INFLICTION OF EMOTIONAL DISTRESS ALSO FAILS.**

Plaintiff asserts a new claim of intentional infliction of emotional distress evidently premised upon various actions taken by the defendant on or about April 8, 2005.  If so, that claim is also untimely.  If however, it is premised upon the Village providing the plaintiff a police report pursuant to the Illinois Freedom of Information Act, that is no constitutional violation at all and it is irrelevant when it occurred.

**CONCLUSION**

Because the plaintiff's Complaint was filed beyond the applicable statute of limitation, all federal claims arising out of the execution of the arrest warrant on MR. CHAPMAN must be dismissed. Moreover, the plaintiff's state law claims are beyond the applicable statute of limitations of one year, and there is immunity for claims of false light.

WHEREFORE, the defendants, KEVIN SIMPSON, CHARLES LEUVER, and BRADLEY BLOOM, incorrectly sued as Lawrence Bloom, THE VILLAGE OF HINSDALE, ILLINOIS, an Illinois municipal corporation, and THE HINSDALE POLICE DEPARTMENT (hereinafter collectively referred to as "HINSDALE"), respectfully request this Honorable Court dismiss the plaintiff's Complaint with prejudice with costs assessed against the plaintiff, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/Patrick H. O'Connor
Patrick H. O'Connor, one of the
attorneys for the defendants

Russell W. Hartigan
Patrick H. O'Connor
HARTIGAN & O'CONNOR P.C.
222 North LaSalle Street, Suite 2150
Chicago, Illinois 60601
(312)201-8880