# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**F I L E D**
6 - 9 - 2 008
'JUN 0 9 2008  Y M

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LAMAR C. CHAPMAN III,

                              Plaintiff,

      -vs-

THE VILLAGE OF HINSDALE,
ILLINOIS *an Illinois Municipal
Corporation*; THE HINSDALE POLICE
DEPARTMENT, and UNKNOWN
OTHERS,

                              Defendants.

**CASE NUMBER: 07-CV-7232**

Honorable George W. Lindberg
*Senior U.S. District Judge Presiding*

Honorable Geraldine Soat Brown
*Magistrate Judge*

## MOTION FOR LEAVE TO
## FILE SUR-REPLY TO HINSDALE DEFENDANTS'
## REPLY TO PLAINTIFF'S RESPONSE TO
## HINSDALE DEFENDANTS' MOTION TO DISMISS *INSTANTER*

*NOW COMES PLAINTIFF*, Non-Attorney, Non-Lawyer, *Pro Se* and pursuant to

Rule 7 (b)(1) of the Federal Rules of Civil Procedure respectfully moves this Honorable

Court to allow the unrepresented Plaintiff to file his Sur-reply in the above-captioned

matter and for this Honorable Court to make a reasonable decision, states as follows:

    1.      On Tuesday, June 3, 2008, Hinsdale Defendants filed electronically their

Reply to the unrepresented, Plaintiff's Response to The Village of Hinsdale Motion to

Dismiss.

    2.      Counsel for the Village of Hinsdale improperly advanced a new argument

in its Reply and for the first time, brought to the attention of the court irrelevant case law

and argument in its Replay making this request to address the Hinsdale Defendants' out

of line, wrongful, credibility argument necessary.

    3.      Although the unrepresented, *Pro Se*, Plaintiff has yet to receive a copy of

the Defendants' June 3, 2008, Reply *via* first class mail as certified by the Defendants,

Plaintiff has secured a copy through his PACER account and has made this request for

1

leave to file his Sur-Reply, *instanter* to prevent any needless delays before this Honorable Court.

    4.    In Defendants' nine (9) page Reply, they attach as Exhibit A, a thirty-one (31) page, seven (7) year old, extraneous, irrelevant and needlessly, harshly written Memorandum Opinion and Order that has absolutely nothing to do with the case at Bar; the facts in this case; or the June 8, 2005, burglary; break-in to Plaintiff's residence; search of Plaintiff's residence without any warrant whatsoever, (arrest warrant or search warrant); and the theft of Plaintiff's twenty-eight (28) year old antique gold wrist watch collection valued at more than thirty-two thousand ($32,000.00) dollars.

    5.    Defendants' "credibility Reply" has absolutely nothing to do with Defendants' wholesale denial of public accommodations (June 8, 2005, and February 13, 2008,) to the distinguished (Presidential Appointment, Congressional Nomination, Judicial Appointment, Gubernatorial Military Commission), decorated African-American, unrepresented Plaintiff.

    6.    To allow the Defendants to bring up issues before this Honorable Court for the first time in their Reply Memorandum is contrary to well-settled law; and an abusive and dilatory tactic that has been patently discouraged by the courts. See, <u>Cheek v. Doe</u>, 828 F. 2d 395 (7th Cir.), *cert denied*, 484 U.S. 955, 108 S. Ct. 349, 98 L. Ed. 2d 374 (1987).

    7.    To deny the unrepresented, Plaintiff any opportunity to address the Hinsdale Defendants' desperate, extraneous and irrelevant argument or for this Honorable Court to consider the same would cause the unrepresented, *Pro Se*, Plaintiff, severe prejudice.

    *WHEREFORE*, Plaintiff, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se*, respectfully prays that this Honorable Court will allow for the filing and

consideration of the attached Sur-Reply, *Instanter* and for such additional relief that is

morally and lawfully warranted.  God Bless This Honorable Court.  GOD BLESS

AMERICA!

*Very Respectfully submitted,*

_____

LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

**DATED: June 9, 2008**

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

## PLAINTIFF'S EXHIBIT A

### PLAINTIFF'S SUR-REPLY TO HINSDALE DEFNDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LAMAR C. CHAPMAN III,                    ]
                                         ]
                         *Plaintiff,*    ]        **CASE NUMBER: 07-CV-7232**
                                         ]
         *-vs-*                          ]
                                         ]        Honorable George W. Lindberg
**THE VILLAGE OF HINSDALE,**             ]        *Senior U.S. District Judge Presiding*
**ILLINOIS** *an Illinois Municipal*     ]
***Corporation*; THE HINSDALE POLICE**   ]        Honorable Geraldine Soat Brown
**DEPARTMENT, and UNKNOWN**              ]        *Magistrate Judge*
**OTHERS,**                              ]
                         *Defendants.*   ]

## NOTICE OF MOTION

TO:   Russell W. Hartigan, *Esq.*              Patrick J. Fitzgerald, *Esq.*
      Patrick H. O'Connor, *Esq.*              United States Attorney
      Michael R. Hartigan, *Esq.*              Jonathan C. Haile, *Esq.*
      HARTIGAN & CUISINIER, P. C.              Assistant United States Attorney
      222 North LaSalle Street, Suite 2150     219 South Dearborn Street
      Chicago, IL 60601, (312) 201-8880        Chicago, IL 60604

*PLEASE TAKE NOTICE,* that on Wednesday, June 25, 2008, at the hour of 9:30 AM, or such other time as Plaintiff may be heard, I shall appear before the court, Honorable George W. Lindberg, Senior U.S. District Judge presiding, or before such other judge who may be presiding in his place and stead in the United States District Court for the Northern District of Illinois, Eastern Division, in the courtroom usually occupied by him in courtroom, 1425, and shall then and there present **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY INSTANTER** at which time and place you are invited to attend if you so see fit.

## PROOF OF SERVICE

Lamar C. Chapman III, the Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, under oath and in consideration of the penalties of perjury states that he caused this Notice and all relevant attachments to be served on the above-named parties by first class mail, addressed as indicated and mailed from the Oak Brook Postal Facility with proper postage prepaid at the address listed herein on Monday, June 9, 2008, before the hour of 5:00 PM.

_____
LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAMAR C. CHAPMAN III,      )
                 )
           *Plaintiff,*   )
                 )
    -vs-              )
                 )
THE VILLAGE OF HINSDALE,   )
ILLINOIS *an Illinois Municipal*  )
*Corporation*; THE HINSDALE POLICE )
DEPARTMENT, and UNKNOWN  )
OTHERS,                )
          *Defendants.*  )

**CASE NUMBER: 07-CV-7232**

Honorable George W. Lindberg
*Senior U.S. District Judge Presiding*

Honorable Geraldine Soat Brown
*Magistrate Judge*

### PLAINTIFF'S SUR-REPLY
### TO HINSDALE DEFENDANTS'
### REPLY TO PLAINTIFF'S RESPONSE TO
### HINSDALE DEFENDANTS' MOTION TO DISMISS

*NOW COMES PLAINTIFF*, Non-Attorney, Non-Lawyer, *Pro Se* and pursuant to

Rule 7 (b)(1) of the Federal Rules of Civil Procedure and for Plaintiff's Sur-reply to the

Hinsdale Defendants' Reply in the above-captioned matter, states as follows:

    1.    The Honorable James B. Moran, Senior Judge for the United States

District Court for the Northern District of Illinois, Eastern Division has stated from the

Bench and in long-held, published opinions that: *"protecting the civil rights of the*

*American People is the most important function of the federal courts."*

    2.    On Monday, April 9, 2007, the Clerk of the United States District Court in

Washington, DC *"received stamped"* the unrepresented, Plaintiff's civil rights complaint

and returned the same to him *via* first class mail with a filing deficiency because the form

of Plaintiff's civil rights complaint failed to have holes punched in the top of the

complaint's paper for file binding in the Clerk's office and because an incorrect civil

cover sheet was submitted with Plaintiff's filing. Defendants the Village of Hinsdale and

defaulted Defendants Leuver, Bloom and Simpson improperly argue that this is somehow

2

reason enough or forms a basis for the dismissal of the *Pro Se*, Plaintiff's civil rights

lawsuit and because this deficiency filing somehow makes Plaintiff's claim frivolous. In

fact the Hinsdale Defendants incorrectly relies on <u>Chapman v. Ontra, Inc.</u>, 1997 W.L.

321, 681 at 9 (N.D. Ill. June 6,1997) to incorrectly attempt to persuade this Honorable

Court to just throw the *Pro Se*, Plaintiff out. The Defendants also abusively suggest that

the Defendants' search of Plaintiff's residence and garage without a search warrant, arrest

warrant or any other legal authorization is really the Plaintiff's own fault and for this

distinguished, African-American, Plaintiff to seek constitutional redress as provided by

the fourth (4th) and fourteenth (14th) Amendments to the United States Constitution

should not be tolerated by this Honorable Court because this pursuit makes the Plaintiff

"frivolous or vexatious."

Defaulted Defendants Bloom, Simpson, Leuver and the Village of Hinsdale,

"...*argument strains credulity to the breaking point*." – quoting the Honorable Ivana

Diamond-Rovner, former U.S. District Court Judge, now sitting before the United States

Court of Appeals for the Seventh Circuit.

This Honorable Court respectfully must squarely reject the Hinsdale Defendants'

out-of-place, entitlement or credibility argument for the following reasons set forth under

law:

First of all, the personal and credibility arguments established by the Defendants

are not well-grounded in fact, law or equity. Defendants' out-of-place and improper

arguments respectfully must be in fact, construed as a dilatory tactic and prohibited by

Rule 11 of the Federal Rules of Civil Procedure. Besides, although there is no lawful

requirement to do so, the African-American, unrepresented, Plaintiff has already proven

his worthiness to be treated in accordance to the constitution and laws of our Nation.

Defendants' improper "credibility" and personal worthiness argument for dismissal sets a

3

dangerous and morally bankrupt precedent. The Constitution of the United States was never written to allow any government agency to get to pick and choose who could and who could not avail themselves of constitutional rights.

Defendants have asked this Honorable Court, Honorable George W. Lindberg, Senoir Judge, presiding to decide if the distinguished, unrepresented, *Pro Se*, Plaintiff is good enough to be seated at the "table of justice" and to be treated in accordance to the law. Thereby, the Plaintiff has been immorally and circumstantially reduced to begging for constitutional rights that were promised at birth.

Secondly, the unrepresented, *Pro Se*, Plaintiff is entitled to seek civil rights redress against the Defendants and the Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division, Honorable James B. Holderman, Chief Judge presiding already decided whether or not the Plaintiff's efforts were frivolous or not, when the Executive Committee granted the Plaintiff leave to file his civil rights complaint in the first place, after Plaintiff waited for more than four (4) months for leave to do so, sometime in October 17, 2006, (almost two years ago). Consequently, the unrepresented *Pro Se*, Plaintiff has already passed the *quasi*-unconstitutional and heightened, litigation requirements of the Executive Committee and the United States District Court for the Northern District of Illinois, Eastern Division.

Thirdly, the Honorable James B. Moran, Senior Judge for the United States District Court for the Northern District of Illinois, Eastern Division, has previously found in a civil rights lawsuit filed more than eleven (11) years ago, prior to Plaintiff's indifferent treatment and Executive Committee *quasi*-unconstitutional, scrutiny, "review or preview" that "...*Mr. Chapman's civil rights lawsuit is cut and dried*." See, Chapman v. Gasperec, 1997 WL 112821 (N.D. Ill. 1997).

And fourthly, the United States Court of Appeals for the Seventh Circuit, has squarely rejected any credibility or personal attack argument such as the argument made by counsel for defaulted Defendants Bloom, Simpson, Leuver and the non-defaulted Defendant the Village of Hinsdale.

On October 11, 2002, the United States District Court for the Northern District of Illinois, Eastern Division, Honorable William J. Hibbler, Judge presiding, granted Defendants' Motion to Dismiss based on nothing but a slanderous, "credibility" and personal attack argument including deciding and resolving facts in the favor of the Defendants along Plaintiff's "*tortuous peregrination*" to injustice. - *Quoting the Honorable Milton I. Shadur, Senior Judge of the United States District Court for the Northern District of Illinois, Eastern Division.* The Shadur Court also found the Plaintiff to be "*ingenious*" and refused to pierce Plaintiff's Corporate Vail. See, Christopher LaSalle and Company, Incorporated vs. Heller International, case number 86-cv-6001. In the Shadur Court, Heller International a client of Plaintiff, represented by Dardick and Denlow, Ltd., (Magistrate Judge Morton Denlow) unsuccessfully appeared on behalf of the Defendant, Heller International.

In fact, the Hibbler Court's October 11, 2002, order starts off with its unreasonable justification for dismissal by saying the following in relevant parts:

"Lamar Chapman's proclivity for filing frivolous and vexatious lawsuits is well known….Mr. Chapman's suit in this case, though not subject to the Executive Committee Order, is no different…" See, **Exhibit A**, *attached hereto and made a part hereof as a true and correct copy of the reversed order of the court.*

In an unreported, unanimous, Opinion by the United States Court of Appeals for the Seventh Circuit, The "credibility" and personal arguments of the Defendants in Chapman vs. Stricker, case number 1:02-cv-2327 warranting dismissal of the action was rejected on legal grounds and never allowed personal or credibility issues and reversed by

reviewing court on appeal. See, **Exhibit B**, *attached hereto and made a part hereof as a true and correct copy of the Opinion of the United States Court of Appeals.*

This Honorable Court respectfully must do the same thing. This Honorable Court must squarely reject any out-of-place personal arguments; and credibility arguments of the Defendants. This Honorable Court respectfully applying the lawful standards on Motions to Dismiss must not allow itself to resolve factual issues in Defendants' favor considering their defaulted (Defendant Bloom, Simpson, and Leuver) status, and Motion to Dismiss. See, Indeck Power Equipment Co., v. Jefferson Smurfit Corp., 881 F. Supp. 338 (N.D. Ill. 1995); and Knauz Continental Autos, Inc., v. Land Rover N. Am., Inc., 842 F. Supp. 1034 (N.D. Ill. 1993).

## CONCLUSION

Properly applying the law respectfully requires this Honorable Court to deny the Village of Hinsdale's Motion to Dismiss and to find Defendants Bloom, Leuver, and Simpson in Default for their failure to answer or plead by adopting a "moot" motion to dismiss. See, **Exhibit C,** *attached hereto and made a part hereof as the Order of Court.* See also, *Plaintiff's Motion for Default Order by reference made a part hereof.*

*WHEREFORE*, Plaintiff, Lamar C. Chapman III, *Solo Fides*, Non-Attorney, Non-Lawyer, *Pro Se*, respectfully prays that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is denied, and a default order is entered against, Defendants Bloom, Leuver and Simpson, for failure to answer or plead as set forth in the May 14, 2008, Order of Court. God Bless This Honorable Court. GOD BLESS AMERICA!

*Respectfully Submitted,*

_____

LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

6

**DATED: June 9, 2008**


Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# PLAINTIFF'S EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Office of the Clerk

Michael W. Dobbins
     CLERK

        Lamar C Chapman III
        6106 Elm Lane
        Matteson, IL  60443-1322

-------------------------------------------------------------------------------
        Case Number:  1:02-cv-02327

        Title:  Chapman v. Stricker

Assigned Judge: Honorable William J. Hibbler


MINUTE ORDER of 10/11/02  by Hon. William J. Hibbler : For
the attached reasons, defendants' motion to dismiss
complaint [9-1] [17-1] is granted. terminating case (See
reverse of minute order.) Mailed notice


This docket entry was made by the Clerk on October 15, 2002


ATTENTION:  This notice is being sent pursuant to Rule 77(d) of the
            Federal Rules of Civil Procedure or Rule 49(c) of the Federal
            Rules of Criminal Procedure.  It was generated by ICMS,
            the automated docketing system used to maintain the civil and
            criminal dockets of this District.  If a minute order or
            other document is enclosed, please refer to it for
            additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

(Reserved for use by the Court)
# ORDER

Lamar Chapman's proclivity for filing frivolous and vexatious lawsuits is well known. *See Chapman v. Charles Schwab & Co.*, No. 01-C-9697, 2002 WL 818300 (N.D. Ill. April 30, 2002) (recounting Mr. Chapman's litigation history). Because of his propensity for filing frivolous suits, the Executive Committee recently entered an order enjoining Mr. Chapman from future filings without first receiving leave from the Executive Committee. *See In re Chapman*, 02-C-6581 (N.D. Ill. Sept. 20, 2002). Mr. Chapman's suit in this case, though not subject to the Executive Committee Order, is no different. Defendants have filed a motion to dismiss under Fed R. Civ. P. 12(b)(6), which is fully briefed and is ripe for ruling.

The gravamen of Mr. Chapman's complaint is simple: he alleges that the defendants conspired to deprive him of his First Amendment rights by interfering with his distribution of flyers that expressed his opposition to the Village's current administration. In short, Mr. Chapman alleges that Defendant Stricker (the Mayor of Matteson), Defendant Vis (Matteson's Police Commissioner), and Defendant Wilson, (a Matteson Police Officer) engaged in a covert conspiracy to deprive him of his civil rights by removing flyers that he placed on cars at various Matteson locations.

In reviewing a motion to dismiss, all well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). Here, Mr. Chapman has failed to plead facts that, if true, state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right and that the deprivation was imposed upon him by a person acting under color of state law. *Harbours Pointe of Nashotah, LLC v. Village of Nashotah*, 278 F.3d 701, 704 (7th Cir. 2002). Mr. Chapman alleges only that defendants Stricker and Vis engaged in some sort of covert conspiracy to remove his flyers from the vehicles on which he had left them. While Mr. Chapman has a First Amendment right to express his opinion about Matteson's elected officials, this right is not unfettered. Matteson's littering ordinance (of which the Court takes judicial notice) *prohibits* the attachment of flyers to unattended vehicles. The state may enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication. *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45 (1983). Mr. Chapman does not contend that the Village ordinance is unconstitutional or was unfairly applied. Indeed, the ordinance allows several alternative channels for Mr. Chapman to distribute his literature. He was free to distribute his pamphlets to passersby or to canvas door-to-door on behalf on his chosen political candidate. Mr. Chapman does not allege that defendants Stricker or Vis prohibited him from distributing his flyers to passersby or door-to-door. Accordingly, the Court holds that Mr. Chapman does not have a property or liberty interest in attaching his flyers to unattended vehicles throughout the Matteson village limits. The Court therefore finds that Mr. Chapman has failed to state a claim under § 1983 based on the defendants' removal of his flyers.

Mr. Chapman also alleges that at one time during his efforts to circulate his flyers, Defendant Wilson ordered him to stop and asked to see Mr. Chapman's identification. But a police officer does not violate a person's constitutional rights merely by approaching them and asking to see identification when the officer has a lawful reason to ask for identification (for instance if the person is engaged in an activity that violates a village ordinance, as here). *See, e.g., Terry v. Ohio*, 392 U.S. 1, 20 (1968); *People v. Gonzalez*, 753 N.E.2d 1209 (Ill. App. Ct. 2001).

There is another reason why Mr. Chapman's complaint fails. Nowhere in his complaint does he allege any fact to show that Defendants Stricker and Vis acted under color of state law. Mr. Chapman makes conclusory allegations that Stricker and Vis watched him as he distributed his flyers and also reported his activities to the police. But Mr. Chapman never alleges that Stricker and Vis *ordered* the Village police to interfere with his leafleting. *See Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1990) (warden's reporting of suspected crime was not a state action because the calls were not made in his capacity as a state official).

For the foregoing reasons, Mr. Chapman's claim is DISMISSED.

# PLAINTIFF'S EXHIBIT, B

UNPUBLISHED ORDER
**Not to be cited per Circuit Rule 53**

Dcclerk

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 4, 2003[*]
Decided November 12, 2003

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

FILED
NOV 14 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 02-3754

| | |
|---|---|
| LAMAR CHAPMAN, III,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>MARK W. STRICKER, et al.,<br>*Defendants-Appellees*. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 02 C 2327<br><br>William J. Hibbler,<br>*Judge*. |

### ORDER

Lamar Chapman III filed suit under 42 U.S.C. § 1983 alleging that several employees of the village of Matteson, Illinois, violated his constitutional rights by thwarting him from distributing a political flyer. Chapman initially received a default against two defendants who had not been properly served, but the district court later set it aside and eventually dismissed the complaint in its entirety for failure to state a claim. We vacate the dismissal and remand.

We assume for purposes of our review that the following facts as alleged in Chapman's complaint are true. In April 2001 Mark Stricker was running for reelection to the Matteson Board of Trustees. Chapman was opposed to Stricker's

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

No. 02-3754                                                          Page 2

reelection, so he went to two church parking lots, an elementary school, and private homes to distribute a flyer that criticized Stricker and promoted Chapman's favored candidates instead. Chapman was circulating both in Matteson and in the nearby village of Flossmoor, but it is not clear from his complaint whether he was leaving the flyers only on front doors and unattended cars or whether he was also distributing them to willing recipients. Chapman's efforts, though, were mostly for naught. William Vis, who served as Stricker's campaign aid and also as the Matteson police commissioner, removed the flyers that Chapman had put on cars in a church parking lot in Flosmoor and directed an off-duty Matteson police officer to stop Chapman from circulating in a Matteson church parking lot. Stricker himself removed Chapman's flyers from cars at a Matteson elementary school and then enlisted the help of a non-party, Henry Swan, to replace all of the flyers Chapman had left at homes in Matteson with ones promoting Stricker and Vis. Swan was rewarded for his cooperation with "non-bid Village insurance business." Stricker and Vis ultimately called the Matteson police to report Chapman's leafleting. Officer R. Wilson and other unnamed officers found Chapman on the street, "verbally restrained" him, and ordered him to produce identification. Wilson told Chapman to stop circulating the "slanderous" flyers because he needed to register with the village before circulating. Chapman, who is African American, claims that Stricker, Vis, and Wilson, all of the them "European American," acted under color of law to deprive him of his rights to free speech, equal protection, due process, and privacy. He contends that they discriminated against him based on his race and political beliefs.

As an initial matter Chapman contends here that the district court erred in vacating the default against Vis and Wilson, a decision we review for an abuse of discretion. See *Robinson Eng'g Co., Ltd. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000). In order to have an entry of default vacated, the moving party must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Although the district court did not articulate its evaluation of these factors in its written decision, we cannot find that the court abused its discretion. Vis and Wilson took quick action to cure the default, filing a motion to enter their appearances two business days after it was entered. They showed good cause for the default—they had not been properly served with process—and also told the court that they planned to pursue a meritorious defense by joining in Stricker's motion to dismiss. See *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (meritorious defense need not be one that will definitely succeed); see also *Augusta Fiberglass Coatings, Inc. v. Floor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). We therefore cannot say that the district court abused its discretion by vacating the default against Vis and Wilson.

No. 02-3754                                                        Page 3

As to the merits, the district court concluded that Chapman, a plaintiff with a "proclivity for filing frivolous and vexatious lawsuits," had brought yet another frivolous suit, this time failing "to plead facts" to support his claims. Indeed, the district court thought Chapman's suit so meritless that the court did not even mention all of his claims. The Supreme Court has made clear, and we have held repeatedly, that the federal system requires only notice pleading; a plaintiff need not plead all of the elements of his claims or all of the facts necessary to support them. *See, e.g., Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 166-67 (1993); *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002). Rather, a complaint need only contain a "short and plain statement" that gives "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema,* 534 U.S. 506, 512 (2002) (citation omitted). Chapman's complaint satisfies this standard.

To state a claim under § 1983, a plaintiff must allege that the defendants acted under color of state law to deprive him of specific constitutionally protected rights. *Case v. Milewski,* 327 F.3d 564, 566 (7th Cir. 2003). Chapman alleges that the defendants acted under color of law, and violated several of his constitutional rights. First, he contends that the defendants interfered with his right to free speech. As the basis for this claim he details how the defendants interfered with his leafleting by ordering him to stop circulating, confiscating the flyers he had already distributed, and enlisting the help of local police to restrain him.

The district court, relying on a Matteson anti-littering ordinance, concluded that the defendants were merely enforcing reasonable time, place, and manner restrictions on Chapman's speech. That conclusion cannot be sustained for a number of reasons, not the least of them that the ordinance merely prohibits depositing handbills in public places and on unattended vehicles but does not bar distribution to individuals in public places or cars and imposes no restriction on leafleting at private homes. Matteson, Illinois Code § 130.07. Taking him at his word, Chapman's leafleting activities were not confined to placing his flyer on unattended vehicles; indeed, he claims that the defendants not only stopped him from leaving his pamphlet at private residences but also replaced the pamphlets he left at homes with their own. Moreover, Chapman's leafleting extended to Flossmoor, presumably outside of the reach of Matteson's ordinance.

The district court's conclusion is also erroneous because the court engaged in impermissible factfinding to determine on a motion to dismiss that the defendants had acted to enforce the ordinance rather than, as Chapman alleges, because of racial animus and a desire to suppress his political views. By Chapman's account the defendants never mentioned the ordinance when interfering with his leafleting, and since they deny acting under color of state law, it is unclear to us how—as

No. 02-3754                                                                          Page 4

ordinary citizens—they could also have been acting with the purpose of enforcing this ordinance.

Finally, in concluding that the ordinance placed reasonable time, place, or manner restrictions on Chapman's speech, the district court reasoned that he had sufficient alternative channels of communication open to him, specifically the ability to "distribute his pamphlets to passersby or to canvass door-to-door." But as Chapman correctly points out on appeal, his complaint specifically alleges that the defendants *stopped* him from circulating his flyers in these alternative ways. Whether Chapman was able to distribute his flyers to willing recipients will likely be an integral fact in resolving his First Amendment claim under § 1983, *see Schneider v. New Jersey*, 308 U.S. 147, 162 (1939); *Krantz v. City of Fort Smith*, 160 F.3d 1214 (8th Cir. 1998) (declaring as facially overbroad an ordinance similar to Matteson's), but at such an early stage in the litigation the court should have drawn any inferences from the facts in Chapman's favor, *see Midwest Gas Servs., Inc. v. Ind. Gas Co.*, 317 F.3d 703, 709 (7th Cir. 2003).

Chapman also says that the defendants violated his right to equal protection. To the extent that his claim rests on the theory that he was treated differently based on his political beliefs or opposition to particular political candidates, that contention seems to be more appropriately litigated as part of his First Amendment claim. *Cf. Graham v. O'Connor*, 490 U.S. 386, 395 (1989) (substantive due process not appropriate vehicle for litigating claim when a more specific amendment is applicable). But his allegation that the defendants interfered with his political activities on the basis of his race states an equal protection claim. *See Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 262 (7th Cir. 1999) (plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular group).

In addition, Chapman claims that the defendants violated his rights to due process and privacy, but only the latter finds any hint of support in his complaint. As to privacy, Chapman's complaint states a claim that he was deprived of his Fourth Amendment right not to be subjected to unreasonable searches or seizures. *See Roach v. City of Evansville*, 111 F.3d 544, 550 (7th Cir. 1997). Chapman says that Officer Wilson's stated reasons for stopping him were that the flyer was "slanderous" and that he needed to register with the village before circulating it in any case. The defendants have never pointed to any such ordinance, and without knowing whether such a registration requirement exists, the district court could not assume that Wilson stopped him for a valid reason. The district court's conclusion that a different ordinance, the one prohibiting littering, provided reasonable suspicion to stop Chapman relies on the factual conclusion that the reason for the

No. 02-3754                                                    Page 5

stop was the littering ordinance, and nothing in the complaint mandates such a factual conclusion.

Accordingly, we VACATE the district court's dismissal of Chapman's complaint for failure to state a claim and REMAND for further proceedings.

# PLAINTIFF'S EXHIBIT, C

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Lamar C Chapman III

                                    Plaintiff,

v.

                                              Case No.: 1:07−cv−07232
                                              Honorable George W. Lindberg

Village of Hinsdale Illinois, The, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 16, 2008:

     MINUTE entry before the Honorable George W. Lindberg: Defendants Simpson, Leuver and Bloom motion to adopt motion to dismiss of defendant Village of Hinsdale [48] is granted. The motion to dismiss [23] is moot. No court appearance required on 5/21/2008. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.