IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lamar C. Chapman, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  07 C 7232 |
| -vs- ) | |
| ) | SENIOR U.S. DISTRICT JUDGE |
| The Village of Hinsdale, ) | GEORGE W. LINDBERG |
| Lawrence Bloom, Kevin Simpson, ) | |
| Charles Leveur, Diane Heath ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 19, 2007, plaintiff, Lamar C. Chapman III ("plaintiff"), filed a complaint against defendants, the Village of Hinsdale, Illinois ("Village"); the Hinsdale Police Department ("Police Department"); and Unknown Others.  On May 1, 2008, he filed an amended complaint including claims under 42 U.S.C. §1983: injunctive relief (Count I), violation of the Fourth Amendment (Count II), violation of the Fifth Amendment (Count III), violation of the Eighth Amendment (Count IV), violation of the First Amendment (Count V), violation of his right to due process under the Fourteenth Amendment (Count VI), conspiracy (Count VII), and violation of equal protection under the law (Count IX).  He also alleged two state law tort claims, for intentional infliction of emotional distress (Count VIII), and false light (Count X). The amended complaint named Lawrence Bloom ("Bloom"), Charles Leuver ("Leuver"), Kevin Simpson ("Simpson"), and Diane Heath ("Heath") as defendants.  Defendant Village moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and defendants Bloom, Leuver, and Simpson have adopted this motion.

Plaintiff's amended complaint alleges that: Bloom is a police officer in the Village and is currently acting as the Police Department's chief.  Simpson is a police officer in the Police Department and is currently acting as deputy police chief.  Leuver is a police officer in the Police Department and is currently serving as an investigator and detective in its burglary division.

07 C 7232

Heath is a federal employee with the US Department of the Treasury. On April 8, 2005, the Police Department authorized and conducted a warrantless entry and search of plaintiff's home. Heath was present to effectuate this warrantless search. The officers present at the search took eight watches. When plaintiff returned home and discovered the property was missing, he attempted to make a report to the Police Department that his home had been burglarized. The Police Department initially refused to take a police report and treated him with indifference because of his African American race. When a police report was eventually taken, Leuver stated in the report that he was suspicious and believed plaintiff to be filing a false report. These actions were intentionally undertaken to deprive plaintiff of his constitutional rights. These alleged events are the basis for Counts I-VI, IX of his amended complaint.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim where the plaintiff has failed to state a claim upon which relief can be granted. While expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is "obviously time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), Fed. R. Civ. P. 8(c), 12(b)(6).

There is no limitation period for bringing an action set forth in 42 U.S.C. § 1983. Therefore, federal courts apply the most analogous state tort statute of limitations to § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Given the nature of § 1983 claims and their remedy, the most analogous tort is the recovery of damages for personal injury. *Id.* at 276. In Illinois, the statute of limitations for personal injury is two years. 735 Ill. Comp. Stat. 5/13-202. The 7th Circuit has held that this two year statute of limitations applies to §1983 actions arising in Illinois. *Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *Knox v. Cook County Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988).

Therefore, the last date for filing within the limitations period for the § 1983 claims was April 9, 2007. Plaintiff's initial complaint was filed by the clerk of this court on April 19, 2007.

07 C 7232

Plaintiff stated in his January 23, 2008 motion to reinstate this lawsuit (after he was granted the proper leave to file by the Executive Committee):

> On April 9, 2007, the unrepresented, Non-attorney, Non-Lawyer, *Pro Se* Plaintiff filed the above-captioned civil rights lawsuit by sending the Clerk of the Court *via* first class mail, the original and copies of the verified complaint, Summons and copies, Cover Sheet, Appearance Form and check for filing fee in the amount of $350.00.

Under the Federal Rules of Civil Procedure, the date of filing is the date that a complaint is delivered to the clerk, not the date that the complaint was mailed. Fed. R. Civ. P. 5(d)(2). The above statement is the only reference made by plaintiff to the April 9, 2007 deadline in this court, prior to defendants filing their motion to dismiss.

> Plaintiff's sur-reply to defendants' motion to dismiss states:
>
> On Monday, April 9, 2007, the Clerk of the United States District Court in Washington, DC "*received stamped*" the unrepresented, Plaintiff's civil rights complaint and returned the same to him *via* first class mail with a filing deficiency because the form of Plaintiff's civil rights complaint failed to have holes punched in the top of the complaint's paper for file binding in the Clerk's office and because an incorrect civil cover sheet was submitted with Plaintiff's filing.

However, although plaintiff provides three other exhibits in support of other issues raised in his sur-reply, he provides no documentation to support the allegation that the Clerk of the United States District Court in Washington, DC "received stamped" his complaint. Additionally, these are facts that should have been included in plaintiff's responsive memorandum.

However, assuming arguendo plaintiff's complaint was received stamped on April 9, 2007, it still would not have been filed on that date. Plaintiff is a highly sophisticated litigant, as was noted by another judge of this court in *Chapman v. Charles Schwab*, No. 01 C 9697 [18] at 8-9 (Memorandum Opinion and Order), (N.D. Ill. Apr. 29, 2002). Therefore, because plaintiff specified that his complaint was "received-stamped" rather than "file-stamped" by the Clerk of the District Court of Washington D.C., this court understands him to be using the correct and accurate designation of "received-stamped." A complaint that has only been received-stamped has not been filed. In *Lorentzen v. Anderson Pest Control*, this court noted that "the stamp on the front page of the document received in chambers on April 30, 1990, is not 'the clerk's filed

3

stamp' but rather a 'received' stamp indicating it had been received in chambers. The difference between the two is enormous." 1990 WL 251905 at *12 (N.D. Ill.), *see Brandt v. Turbine Engine Specialists, Inc.*, 2008 WL 1968804 at *2 (S.D. Ill.).  Therefore, even taking plaintiff's statements in his response and sur-reply as true, he did not properly file his complaint with any United States District Court on or before April 9, 2007.  It is true that there are situations where the statute of limitations is tolled while an action is pending in another court.   735 Ill. Comp. Stat. 5/13-217, *see generally Wilson*, 471 U.S. at 275.  It is also true that an action that is filed in an improper district can be transferred to this court pursuant to 42 U.S.C. §§ 1404, 1406.  However, in both these situations, a case must be properly filed in the other court.  This court knows of no legal authority, and plaintiff fails to cite any, which states that an improper attempt to file tolls the statute of limitations, or which states that the date of an attempted filing can act as an actual filing date for the purposes of the statute of limitations.

      Additionally, taking all plaintiff's statements about his attempts to file as true, it would appear that he sent "the Clerk of [this] Court *via* first class mail, the original and copies of the verified complaint," on April 9, 2007 (as he stated to the Executive Committee), which was the same date that he attempted to file with the Clerk of the United States District Court in Washington, DC.  While this court need not determine whether both these statements are factually true to rule on the motion to dismiss, it is worth noting that if they are both true, it would appear plaintiff was knowingly trying to file the same complaint in two District Courts simultaneously.  This is curious to say the least.

      Finally, plaintiff's sur-reply asserts that because he has "already passed the quasi-unconstitutional and heightened, litigation requirements of the Executive Committee," the presiding judge had already determined "whether or not the Plaintiff's efforts were frivolous." The statute of limitations can be raised as an affirmative defense under Rule 8(c), and can also be disposed of through a Rule 12(b)(6) motion to dismiss.  *Small*, 398 F.3d at 898, Fed. R. Civ. P. 8(c), 12(b)(6).  Affirmative defenses which are not raised can be considered waived by a

07 C 7232

defendant. Fed. R. Civ. P. 12(h). Therefore, without an explicit statement to that effect, the Executive Committee order granting leave to plaintiff to file this complaint, cannot be considered to have ruled that the claims were not barred by the statute of limitations.

It is unclear whether Defendant Heath has been properly served. Regardless, the federal claims against her are also be barred by the statute of limitations for the aforementioned reasons.

As to the state tort claims of intentional infliction of emotional distress and false light, the 7th Circuit has held as a general rule that, "when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994), *see* 28 U.S.C. § 1367(a). There are three exceptions to this rule: when the re-filing of the state claims is barred by the statute of limitations, where substantial judicial resources have already been expended on the state claims, and when it is clearly apparent how the state claims will be decided. *Wright*, 29 F.3d 1244 at 1251-1252. Although it may be that plaintiff's re-filing of his state claims would be barred by the statute of limitations for the same reasons that his § 1983 claims are barred, that exception is meant to protect plaintiffs for whom the statute of limitations expires between the time a complaint is brought in federal court and the time it is dismissed, not to protect those whose initial complaint, even if brought in state court, is not filed within the statute of limitations. *O'Brien v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 593 F.2d 54, 65 (7th Cir. 1979). With regard to plaintiff's state tort claims, either the limitation period began to run on the same date as the federal claims (April 8, 2005), or plaintiff's limitation period began to run at a later date, as he claims in his response. If the limitations period began to run on April 8, 2005, the pendency of the claims in this court does not affect whether they are barred. If the limitations period began to run at a later date, the statute of limitations would be tolled pursuant to 735 Ill. Comp. Stat. 5/13-217 while the claims were pending in this court. In either case, it is not necessary or appropriate for this court to exercise jurisdiction over the state tort claims. This court therefore declines to

5

07 C 7232

exercise jurisdiction over the pendent state law tort claims of intentional infliction of emotional distress and false light and dismisses these claims without prejudice.

**ORDERED:** Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [36] is granted. Counts I-VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I-VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. P. 58(a)(1), 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: June 23, 2008