IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | |
| Plaintiff, | CASE NUMBER: 07-CV-7232 |
| -vs- | |
| | Honorable George W. Lindberg |
| THE VILLAGE OF HINSDALE, | Senior U.S. District Judge Presiding |
| ILLINOIS *an Illinois Municipal* | |
| *Corporation*; THE HINSDALE POLICE | Honorable Geraldine Soat Brown |
| DEPARTMENT, and UNKNOWN | Magistrate Judge |
| OTHERS, | |
| Defendants. | |

**MOTION FOR RECONSIDERATION
OF THE COURT'S JUNE 23, 2008,
ORDER OF DISMISSAL**

FILED

JUL - 2 2008
JUL 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*NOW COMES PLAINTiFF*, Non-Attorney, Non-Lawyer, *Pro Se* and pursuant to Rule 59 of the Federal Rules of Civil Procedure, *et., al.*, respectfully moves this Honorable Court for an Order of Reconsideration, and to reconsider its June 23, 2008, Order, dismissing the defendants in the above-captioned matter and for this Honorable Court to make a reasonable decision, the unrepresented Plaintiff states as follows:

1. On June 23, 2008, this Honorable Court dismissed all federal counts in this civil rights lawsuit because the Court concluded that the two year statute of limitation period had completely tolled.

2. This Honorable Court may have incorrectly over-looked the multiple dates included in the Plaintiff's Civil Rights Complaint to conclude that the April 19, 2007, "File-Stamped" date or the April 9, 2007, "Received-Stamped" or the "File-Stamped" or "Received-Stamped" date for the United States District Court for the District of

Columbia, in Washington, DC controls or overrules the tolling date for each count of Plaintiff's civil rights lawsuit.

3. In fact, **Exhibit A**, of Plaintiff's civil rights lawsuit and Plaintiff's First Amended Civil Rights Lawsuit has a "FILED" date of January 17, 2006, which would extend the tolling of the statute of limitations until January 17, 2008, which is almost six (6) months prior to the April 9, 2007, or April 19, 2007, actual filing date. In addition, the Hinsdale Police Incident Report that is subject to the Plaintiff's Fourteenth Amendment Civil Rights Complaint and due process claim is dated March 16, 2006.

4. There are ample cases and case law that directs the Court that the date on an exhibit will control in any dispute. See, *Memorandum in Support of Motion for Reconsideration, by referenced made a part hereof.*

5. Also, it may have been a reversible error for this Honorable Court to decide or resolve this critical issue of fact in Defendants' favor on a motion to dismiss. See, Terket v. Lund, 623 F. 2d 29 (7th Cir. 1980). See also, *Memorandum in support of Motion for Reconsideration.*

6. Also, this Honorable Court was lawfully obligated to draw the best inference in favor of the unrepresented, Plaintiff. This Honorable Court failed to draw the best inference in Plaintiff's favor in dismissing Defendant Diane Heath, without any motions, pleadings or documents being filed or when her actual service of process was and the Court's jurisdiction was not ascertained by this Honorable Court. See, Admiral Theater v. City of Chicago, 832 F. Supp. 1195 (N.D. Ill. 1993).

WHEREFORE, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se*, respectfully prays that for the foregoing reasons and for the reasons set forth in Plaintiff's Memorandum in Support of his Motion for Reconsideration, Plaintiff respectfully pray

3

that the June 23, 2008, Order of Dismissal is reconsidered and vacated. God Bless This Honorable Court. GOD BLESS AMERICA.

*Very Respectfully Submitted,*

_____
LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

**DATED: July 2, 2008**

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

4

# PLAINTIFF'S EXHIBIT GROUP, A

(Rev. 5/97) Warrant for Arrest

# United States District Court
### Northern District of Illinois
### Eastern Division

United States of America                                      **WARRANT FOR ARREST**

v.

Lamar Chapman                                                 Case Number: 04 cr 307-1

To:   The United States Marshal
      And any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **Lamar Chapman** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

    Indictment    Information    Complaint    X Order of court    Violation Notice    Probation Violation Petition

charging him or her with:    Failure to surrender for sentencing
                             (See Attachment)

in violation of Title United States Code, Section(s)

Yvette Pearson Issuing Officer                U.S. Deputy Clerk

[signature]                                   February 14, 2005; Chicago
Signature of Issuing Officer

Bail fixed at $
                                              , Judicial Officer

**FILED JAN 17 2006** MICHAEL W. DOBBINS, CLERK U.S. DISTRICT COURT

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| Date Received | Name and Title of Arresting Officer | Signature of Arrest Officer |
|---|---|---|
| | | |

Date of Arrest
02/13/06    DUSM GABINA BETHEA                    [signature]

2006 FEB 14 PM 2:59
UNITED STATES MARSHAL


Emot, A

# Hinsdale Police Dept
## Incident Report

| Incident No. | | | | Print Date |
|---|---|---|---|---|
| 2006 - 3682 | | | | |

**Incidents**

| CODE | TYPE OF INCIDENT | DATE OCCURRED | DAY OCC | TIME OCC |
|---|---|---|---|---|
| 10010 | BURGLARY | 04/08/2005 - 04/08/2005 | 6 - 6 | 06:30:00 - 07:00:00 |

| | DATE REC | TIME REC | DISP | ARR | COMP |
|---|---|---|---|---|---|
| | 05/10/2006 | 13:26:00 | 13:26:00 | 13:42:00 | 14:11:00 |

| LOCATION OCCURRED | CODE | CITY | |
|---|---|---|---|
| [redacted] | 796 | Hinsdale | NO |

**Officers**

| Code | ON | Badge No | Officers | Agency or Address | Phone |
|---|---|---|---|---|---|
| 20 | | CL220 | Leuver, Charles | Hinsdale Police Dept | |

**Persons**

| Code | ON | Name (Alias) Business/Organization | Address | DOB | S | R | Phone |
|---|---|---|---|---|---|---|---|
| CV | | Chapman, Lamar C | [redacted] | 070853 | M | B | (C) (630) 881-1936 |
| W | | Rehberd, Garth / US Marshals | 219 S Dearborn St, Apt/Unit 2444, Chicago IL 60604 | | | | (B) (312) 353-5290 |
| W2 | | Walden, Margaret / US Marshals - Division Supervisor | 219 S Dearborn St, Apt/Unit 2444, Chicago IL 60604 | | | | (B) (312) 353-5290 |

**Loss Of Property**

| Item | Qty | Brand Name | Model | Type | Description | Est. Value |
|---|---|---|---|---|---|---|
| 1 | 1 | Daniel Jean Richard | | Watch | Daniel Jean Richard Mens Wristwatch | $3,900.00 |

| Insurance Company, if known: | Information Source Name: Chapman |
|---|---|

**Follow Up**

| Date Of Follow Up | Time Of Follow Up |
|---|---|
| 05/17/2006 | 13:26:00 |

## Narrative :

In summary, I spoke to Chief Bloom reference this case. He provided me with copies of the documents that Chapman had sent this department reference his complaint. Chief Bloom related that in previous correspondence Chapman never mentioned that any items were missing.

On 5/11/06 I contacted the Fugitive/Warrants division of the US Marshals Office in Chicago. I was advised Rehberd had been transferred to another division. I explained why I was calling. I spoke to the on-duty warrant officer. I asked if Chapman was still a fugitive. He said he was not sure and checked their records. He said there were no current warrants. I asked if there was an active warrant for Chapman on 4/8/05 that was issued on 2/14/05. I was advised there was reference a case where he was supposed to surrender for a sentence in the federal penitentiary. I located a number to the division which Rehberd was assigned. I spoke to the receptionist in that division. I asked for a number for him and I was provided his cell number. I contacted Rehberd at that number and he remembered speaking with me in 2005 when Chapman was supposed to come in to meet with Chief Bloom. I explained why I was calling and asked if he remembered who the other agents were at the Chapman home on 4/8/05. He said off the top of his head he could not but did say he would have another agent fax me a copy of the report. I explained that Chapman was claiming that the agents on the scene that day took some property from the home. He vehemently denied they took anything. He said they made entry through an unlocked patio door and looked for Chapman. He said he even spoke to his neighbors. I thanked him for his time and he said he would make sure I get their report from that incident. I received a copy of the report and read it. The report indicated that there was an active warrant for Chapman. The report indicated that there were 2 US Treasury Agents with Rehberd and 3 other US Marshal's at the apartment. The report indicated entry was made via an unlocked patio door. It indicated the apartment was searched for Chapman and the agents left immediately after they determined he was not there. It was also noted in the report that they secured the apartment. Rehberd indicated in the report that he did speak with Chapman's neighbor. The facts of the report coincided with his brief account of the incident at the home over a year ago. He suggested Chapman was filing this complaint to get back at the US Marshals Office for him getting arrested.

After receiving the report, I contacted the US Marshals Office to speak with a supervisor to verify their protocol and inquire if proper protocol was followed in Chapman's case. I spoke to US Marshal Supervisor Margaret Walden who indicated that

Incident No : 2006 - 3682     *APPROVED*     Page 1 OF 2

**Hinsdale Police Dept**
Incident Report

...was familiar with Chapman. I informed her why I was calling and what I was doing. I stated that I wanted to verify that proper protocol was followed in the case. She said indeed it was. She stated that they verified the address and had 2 Treasury agents with them. She said he also located Chapman's vehicle in the garage. I informed her that I was thankful for her help with the matter. I also told her that I would be contacting Chapman as well.

On 5/17/06 I contacted Chapman via his cell phone. I identified myself and informed him that I was assigned to the case. I started the conversation with Chapman by telling him I spoke to the US Marshals Office in Chicago to verify proper protocol was followed in his case. I also said that I verified that there was an active warrant at the time the Marshals were at his home. Chapman said that was not true. He said that the warrant did not have a judges signature. He said that he went to the federal building on 2/7/05 and waited to be arrested but the Marshals would not arrest him because they did not have a warrant for him. I said that date was irrelevant and the warrant was issued on 2/14/05. I said that I had the correspondence that he sent to Chief Bloom. I explained to Chapman that I was having a problem with the timeliness of the report. I asked why he waited a year to file the report. Chapman said he tried to file the report 4 times as indicated by his correspondence. I said that there was no mention of missing items in the earlier correspondence. I said I find it odd that it is just now that the items are being reported as missing after he had been arrested by the US Marshals Service. Again he said he tried reporting the incident but we would not take a report. I read the correspondence letter dated 4/17/05 to him. I said that we do not make appointments by letter to go to someone's home on a specific date and time to take a report. I explained that if it were me, I would have immediately called the police to file a report when the items were discovered missing. I further explained that on the date that the meeting was scheduled with Chief Bloom, there was an active warrant for him and that was why he declined to come in to the station. I told Chapman that Rehberd and the agents at his home did not commit any crimes. Chapman said that he was taking that up with the US Senate and has filed complaints in Washington DC reference the actions of the US Marshal. Chapman said that the items are missing. I asked him if he was filing the report for insurance purposes. He said he was filing and needed a report number. I told Chapman that there has been numerous burglaries in the past year. He was very surprised. I said that we have no exact time frame when these items went missing. I said with the delay on reporting the items missing the likelihood of the items being recovered are slim to nil. Chapman said he had furnished the initial reporting officer with the serial number for the watch. I said I did not have that information and there was no mention of it in his report. I was provided with the serial number for the Daniel Jean Richard watch. I had TCO Hogan enter the watch into LEADS under LEADS # A06A9667. I said I would check the pawn listings but said there was no guarantee. I again confirmed with Chapman that he had the report number. He said he did and I told him to use that for the insurance.

The criminal trespass on 4/8/05 is unfounded. The US Marshals had legal authority to be there because there was an active arrest warrant for Chapman. I do not have any evidence that a burglary took place or that this is a false report. The fact that a crime was being reported over a year later makes me suspicious as well as the circumstances surrounding the incident. Chapman said himself that it seems as if he was filing this report to get back at the US Marshals although he said he was not using this to do that. I believe that Chapman is filing a false report but I do not have the evidence to support that charge. I am leaving the case open a while to see if the watch can be located to prove this case either way.

Case Pending

Incident No : 2006 - 3682

*APPROVED*

2008-02-07



### Village of Hinsdale

FEB 0 8 2008

## Freedom of Information Act

REQUEST FOR PRODUCTION OF RECORDS

TO:

Village Clerk, Village of Hinsdale, 19 East Chicago Avenue, Hinsdale, IL 60521
FAX: 630-789-7015

DATE:   FEBRUARY 7, 2008

The Village will comply with this request within seven (7) working days of the time and date of its receipt unless the seven-day period is extended by seven (7) days as provided by law, or this request is ended. In the case of extension or denial, the extension or denial will be in writing with the reasons therefor. A denial may be appealed to the Village President within fourteen (14) days of receipt of the denial by the requestor in writing. Judicial review under Section 11 of the Illinois Freedom of Information Act is available as a final recourse.

I hereby request production of the following records: (Describe in detail, using reverse side if necessary or attach separate sheet)

The names and badge numbers of any and all police officers who acted as backup for the U.S. Marshals on April 8, 2005, and came upon the property at 1140 Old Mill Road, Suite 202F Hinsdale, IL 60521 and the names and badge numbers of any and all officers who processed and/or investigated any and all claims for residential burgulary against said property after April 8, 2005.

Check which of the following will apply:

\_\_\_\_ I will inspect these records at the Village offices.



**VILLAGE OF HINSDALE**
19 EAST CHICAGO AVENUE  HINSDALE, ILLINOIS 60521-3489

To:
Mr. Lamar C. Chapmann III
1314 Kensington Road
P.O. Box 5232
Oak Brook, IL  60523-5232

US POSTAGE $0.58

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lamar C. Chapman, III, ) | |
| Plaintiff, ) | |
| ) | No. 07 C 7232 |
| -vs- ) | |
| ) | SENIOR U.S. DISTRICT JUDGE |
| The Village of Hinsdale, ) | GEORGE W. LINDBERG |
| Lawrence Bloom, Kevin Simpson, ) | |
| Charles Leveur, Diane Heath ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 19, 2007, plaintiff, Lamar C. Chapman III ("plaintiff"), filed a complaint against defendants, the Village of Hinsdale, Illinois ("Village"); the Hinsdale Police Department ("Police Department"); and Unknown Others. On May 1, 2008, he filed an amended complaint including claims under 42 U.S.C. §1983: injunctive relief (Count I), violation of the Fourth Amendment (Count II), violation of the Fifth Amendment (Count III), violation of the Eighth Amendment (Count IV), violation of the First Amendment (Count V), violation of his right to due process under the Fourteenth Amendment (Count VI), conspiracy (Count VII), and violation of equal protection under the law (Count IX). He also alleged two state law tort claims, for intentional infliction of emotional distress (Count VIII), and false light (Count X). The amended complaint named Lawrence Bloom ("Bloom"), Charles Leuver ("Leuver"), Kevin Simpson ("Simpson"), and Diane Heath ("Heath") as defendants. Defendant Village moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and defendants Bloom, Leuver, and Simpson have adopted this motion.

Plaintiff's amended complaint alleges that: Bloom is a police officer in the Village and is currently acting as the Police Department's chief. Simpson is a police officer in the Police Department and is currently acting as deputy police chief. Leuver is a police officer in the Police Department and is currently serving as an investigator and detective in its burglary division.

07 C 7232

Heath is a federal employee with the US Department of the Treasury. On April 8, 2005, the Police Department authorized and conducted a warrantless entry and search of plaintiff's home. Heath was present to effectuate this warrantless search. The officers present at the search took eight watches. When plaintiff returned home and discovered the property was missing, he attempted to make a report to the Police Department that his home had been burglarized. The Police Department initially refused to take a police report and treated him with indifference because of his African American race. When a police report was eventually taken, Leuver stated in the report that he was suspicious and believed plaintiff to be filing a false report. These actions were intentionally undertaken to deprive plaintiff of his constitutional rights. These alleged events are the basis for Counts I-VI, IX of his amended complaint.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim where the plaintiff has failed to state a claim upon which relief can be granted. While expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is "obviously time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), Fed. R. Civ. P. 8(c), 12(b)(6).

There is no limitation period for bringing an action set forth in 42 U.S.C. § 1983. Therefore, federal courts apply the most analogous state tort statute of limitations to § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Given the nature of § 1983 claims and their remedy, the most analogous tort is the recovery of damages for personal injury. *Id.* at 276. In Illinois, the statute of limitations for personal injury is two years. 735 Ill. Comp. Stat. 5/13-202. The 7th Circuit has held that this two year statute of limitations applies to §1983 actions arising in Illinois. *Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *Knox v. Cook County Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988).

Therefore, the last date for filing within the limitations period for the § 1983 claims was April 9, 2007. Plaintiff's initial complaint was filed by the clerk of this court on April 19, 2007.

2

07 C 7232

Plaintiff stated in his January 23, 2008 motion to reinstate this lawsuit (after he was granted the proper leave to file by the Executive Committee):

> On April 9, 2007, the unrepresented, Non-attorney, Non-Lawyer, *Pro Se* Plaintiff filed the above-captioned civil rights lawsuit by sending the Clerk of the Court *via* first class mail, the original and copies of the verified complaint, Summons and copies, Cover Sheet, Appearance Form and check for filing fee in the amount of $350.00.

Under the Federal Rules of Civil Procedure, the date of filing is the date that a complaint is delivered to the clerk, not the date that the complaint was mailed. Fed. R. Civ. P. 5(d)(2). The above statement is the only reference made by plaintiff to the April 9, 2007 deadline in this court, prior to defendants filing their motion to dismiss.

Plaintiff's sur-reply to defendants' motion to dismiss states:

> On Monday, April 9, 2007, the Clerk of the United States District Court in Washington, DC "*received stamped*" the unrepresented, Plaintiff's civil rights complaint and returned the same to him *via* first class mail with a filing deficiency because the form of Plaintiff's civil rights complaint failed to have holes punched in the top of the complaint's paper for file binding in the Clerk's office and because an incorrect civil cover sheet was submitted with Plaintiff's filing.

However, although plaintiff provides three other exhibits in support of other issues raised in his sur-reply, he provides no documentation to support the allegation that the Clerk of the United States District Court in Washington, DC "received stamped" his complaint. Additionally, these are facts that should have been included in plaintiff's responsive memorandum.

However, assuming arguendo plaintiff's complaint was received stamped on April 9, 2007, it still would not have been filed on that date. Plaintiff is a highly sophisticated litigant, as was noted by another judge of this court in *Chapman v. Charles Schwab*, No. 01 C 9697 [18] at 8-9 (Memorandum Opinion and Order), (N.D. Ill. Apr. 29, 2002). Therefore, because plaintiff specified that his complaint was "received-stamped" rather than "file-stamped" by the Clerk of the District Court of Washington D.C., this court understands him to be using the correct and accurate designation of "received-stamped." A complaint that has only been received-stamped has not been filed. In *Lorentzen v. Anderson Pest Control*, this court noted that "the stamp on the front page of the document received in chambers on April 30, 1990, is not 'the clerk's filed

3

07 C 7232

stamp' but rather a 'received' stamp indicating it had been received in chambers. The difference between the two is enormous." 1990 WL 251905 at *12 (N.D. Ill.), *see Brandt v. Turbine Engine Specialists, Inc.*, 2008 WL 1968804 at *2 (S.D. Ill.). Therefore, even taking plaintiff's statements in his response and sur-reply as true, he did not properly file his complaint with any United States District Court on or before April 9, 2007. It is true that there are situations where the statute of limitations is tolled while an action is pending in another court. 735 Ill. Comp. Stat. 5/13-217, *see generally Wilson*, 471 U.S. at 275. It is also true that an action that is filed in an improper district can be transferred to this court pursuant to 42 U.S.C. §§ 1404, 1406. However, in both these situations, a case must be properly filed in the other court. This court knows of no legal authority, and plaintiff fails to cite any, which states that an improper attempt to file tolls the statute of limitations, or which states that the date of an attempted filing can act as an actual filing date for the purposes of the statute of limitations.

Additionally, taking all plaintiff's statements about his attempts to file as true, it would appear that he sent "the Clerk of [this] Court *via* first class mail, the original and copies of the verified complaint," on April 9, 2007 (as he stated to the Executive Committee), which was the same date that he attempted to file with the Clerk of the United States District Court in Washington, DC. While this court need not determine whether both these statements are factually true to rule on the motion to dismiss, it is worth noting that if they are both true, it would appear plaintiff was knowingly trying to file the same complaint in two District Courts simultaneously. This is curious to say the least.

Finally, plaintiff's sur-reply asserts that because he has "already passed the quasi-unconstitutional and heightened, litigation requirements of the Executive Committee," the presiding judge had already determined "whether or not the Plaintiff's efforts were frivolous." The statute of limitations can be raised as an affirmative defense under Rule 8(c), and can also be disposed of through a Rule 12(b)(6) motion to dismiss. *Small*, 398 F.3d at 898, Fed. R. Civ. P. 8(c), 12(b)(6). Affirmative defenses which are not raised can be considered waived by a

4

07 C 7232

defendant. Fed. R. Civ. P. 12(h). Therefore, without an explicit statement to that effect, the Executive Committee order granting leave to plaintiff to file this complaint, cannot be considered to have ruled that the claims were not barred by the statute of limitations.

It is unclear whether Defendant Heath has been properly served. Regardless, the federal claims against her are also be barred by the statute of limitations for the aforementioned reasons.

As to the state tort claims of intentional infliction of emotional distress and false light, the 7th Circuit has held as a general rule that, "when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994), see 28 U.S.C. § 1367(a). There are three exceptions to this rule: when the re-filing of the state claims is barred by the statute of limitations, where substantial judicial resources have already been expended on the state claims, and when it is clearly apparent how the state claims will be decided. *Wright*, 29 F.3d 1244 at 1251-1252. Although it may be that plaintiff's re-filing of his state claims would be barred by the statute of limitations for the same reasons that his § 1983 claims are barred, that exception is meant to protect plaintiffs for whom the statute of limitations expires between the time a complaint is brought in federal court and the time it is dismissed, not to protect those whose initial complaint, even if brought in state court, is not filed within the statute of limitations. *O'Brien v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 593 F.2d 54, 65 (7th Cir. 1979). With regard to plaintiff's state tort claims, either the limitation period began to run on the same date as the federal claims (April 8, 2005), or plaintiff's limitation period began to run at a later date, as he claims in his response. If the limitations period began to run on April 8, 2005, the pendency of the claims in this court does not affect whether they are barred. If the limitations period began to run at a later date, the statute of limitations would be tolled pursuant to 735 Ill. Comp. Stat. 5/13-217 while the claims were pending in this court. In either case, it is not necessary or appropriate for this court to exercise jurisdiction over the state tort claims. This court therefore declines to

5

07 C 7232

exercise jurisdiction over the pendent state law tort claims of intentional infliction of emotional distress and false light and dismisses these claims without prejudice.

**ORDERED:** Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [36] is granted. Counts I-VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I-VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. P. 58(a)(1), 79(a).

ENTER:

*[signature]*
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: June 23, 2008

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Lamar C Chapman III

                        Plaintiff,

v.

                        Case No.: 1:07-cv-07232
                        Honorable George W. Lindberg

Village of Hinsdale Illinois, The, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 23, 2008:

      MINUTE entry before the Honorable George W. Lindberg: Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [36] is granted. Counts I–VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I–VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. Civil case terminated. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Lamar C Chapman III

                              Plaintiff,

v.                                             Case No.: 1:07-cv-07232
                                                       Honorable George W. Lindberg

Village of Hinsdale Illinois, The, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 23, 2008:

      MINUTE entry before the Honorable George W. Lindberg:Plaintiff's motion for leave to file sur-reply [60] is granted.Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Lamar C Chapman
Alexander, Cavanaugh &Block, LLC
1314 Kensington Road
P.O. Box 5232
Oak Brook IL 60523-5232

1