IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lamar Chapman, III, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>Village of Hinsdale, et al., )<br>)<br>Defendants. ) | No. 07 C 7232<br><br>Senior U.S. District Judge<br>GEORGE W. LINDBERG |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lamar C. Chapman, III, moves this court to reconsider its June 23, 2008, order dismissing his federal claims on three bases. First, plaintiff contends this court incorrectly overlooked a possible filing date in the United States District Court for the District of Columbia as the filing date for his action. Second, plaintiff contends this court did not correctly determine the accrual date for his federal claims, and should consider the dates found on two additional documents as possible accrual dates. Third, plaintiff contends this court improperly dismissed the claims against defendant Diane Heath, without her moving to dismiss or briefing on the issue.

First, while plaintiff has attached numerous exhibits and documents to his motion, he has failed to provide documentation for the allegation that he filed his complaint in the United States District Court for the District of Columbia, even though this issue was specifically mentioned in the order dismissing his claims. Even if he had provided this court with a received-stamped document as he alleges, plaintiff has supplied no legal authority for the proposition that a received-stamped date in another District Court would determine the filing date for this action.

07 C 7232

This issue was thoroughly addressed in the memorandum and order granting defendants' motion to dismiss, and no more needs to be said about it.

Second, plaintiff contends this court should use the dates of two additional documents to determine the accrual date for his claims of violation of his Fourteenth Amendment rights and due process rights. The Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." *See also* U.S. Const. amend. V.

The first document plaintiff asserts should affect the accrual date for these constitutional claims is a warrant for his arrest for failure to surrender for sentencing, issued subsequent to his conviction in a criminal case in this court (04 CR 307-1). This court fails to see how a warrant, stemming from an entirely separate criminal matter, issued to the United States Marshal or any authorized United States Officer, is related to the constitutional violations by defendants of plaintiff's due process or equal protection rights alleged in this action.

The second document which plaintiff asserts should affect the accrual date of his claim is the allegedly false incident report of the Hinsdale Police Department, made on May 17, 2006. The follow-up incident report states that plaintiff reported a watch was stolen from his home. Plaintiff alleges that defendant Leuver erroneously listed the value of the property reported to have been stolen, and made false statements in the report regarding the validity of plaintiff's report. The United States Court of Appeals for the Seventh Circuit has noted that the equal protection clause acts to establish negative liberties: "[C]oncerned as it is with equal treatment, rather than establishing entitlements to some minimum of government services, [it] does not entitle a person to adequate, or indeed to any, police protection." *Hilton v. City of Wheeling*, 209

07 C 7232

F.3d 1005, 1007 (7th Cir. 2000). Furthermore, police have broad discretion in routine law enforcement matters. *Id.* at 1008. Defendant Leuver noted that he was suspicious of plaintiff's delay in filing the report, and that he believed plaintiff was making a false report, but he also stated that he had no proof of these suspicions, and that he was going to leave the matter open for a while in the hope that the watch would be recovered. Defendant Leuver included the statement, after investigating the matter and including details of the investigation in his incident report, "Criminal trespass of 4/8/2005 is unfounded," referring to the alleged presence of the U.S. Marshals in plaintiff's residence. In spite of his suspicions noted in the incident report, defendant Leuver kept the burglary investigation open. Plaintiff's allegations regarding the contents of the incident report do not rise to the level of violations of plaintiff's right to equal protection or due process.

 First, Plaintiff cannot claim that the May 17, 2006, police report deprived him of equal protection, as the report taken on that date was initiated by plaintiff, and defendants continued to investigate his case in spite of the suspicions noted in the report. Second, claims of due process violations must allege that a plaintiff was deprived of life, liberty, or property. The property plaintiff alleges he was deprived of, the watches, were allegedly taken from him on April 9, 2005. The allegedly false May 17, 2006, police report in no way deprived plaintiff of this property.

 Finally, as to defendant Diane Heath ("Heath"), she was only alleged to be present for the events of April 9, 2005. Plaintiff's amended complaint does not allege Heath was in any way part of the events of February 2008 or May 2006, which are the dates raised in the complaint later than April 9, 2005. The statute of limitations issue as to the events of April 9, 2005, was

07 C 7232

more than adequately briefed by the parties and considered by this court. "A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993), *see also Leonhard v. U.S.*, 633 F.2d 599, 609 n. 11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim. There appears to be no reason why the same rule should not apply to statute of limitations grounds where, as here, the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") Defendant Heath is "in a position similar to that of moving defendants," with regard to the events of April 9, 2005, and for this reason, this court dismissed the federal claims against her also.

**ORDERED:** Plaintiff Lamar C. Chapman III's motion to reconsider is denied.

ENTER:

*George W. Lindberg*
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: July 25, 2008