*MHN*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

*NR*

AUG 0 7 2008

8 - 7 - 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

LAMAR C. CHAPMAN III, )
)
)
                                    *Plaintiff,* )
                                                )    **CASE NUMBER: 07-CV-7232**
          -vs-                                  )
                                                )
                                                )    Honorable George W. Lindberg
THE VILLAGE OF HINSDALE,                        )    *Senior U.S. District Judge Presiding*
ILLINOIS *an Illinois Municipal*                )
*Corporation*; THE HINSDALE POLICE              )    Honorable Geraldine Soat Brown
DEPARTMENT, and UNKNOWN                         )    *Magistrate Judge*
OTHERS,                                         )
                                    *Defendants.* )

## NOTICE OF APPEAL TO THE
## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

*NOTICE IS HEREBY GIVEN* that Lamar C. Chapman III, *Solo Fides,* Non-Attorney, Non-Lawyer, Appellant, *Pro Se,* hereby appeals to the United States Court of Appeals, for the Seventh Circuit from the final orders of the United States District Court, For the Northern District of Illinois, entered in the above-captioned matter on June 23, 2008, and July 25, 2008.

An appeal is further taken from any and all other matters, findings of the District Court and issues consistent with this Notice of Appeal.

## JURISDICTIONAL STATEMENT

Appellant Lamar C. Chapman III, *Solo Fides,* Non-Attorney, Non-Lawyer, *Pro Se* pursuant to Local Circuit Rule 3 (c) of the United States Court of Appeals for the Seventh Circuit makes the following jurisdictional statement:

On June 23, 2008, a final order of the United States District Court for the Northern District of Illinois, Eastern Division was entered by the Honorable George W.

Lindberg, dismissing the *Pro Se*, Plaintiff's civil rights lawsuit, filed as authorized

pursuant to 42 U.S.C., Section 1983.

On July 25, 2008, the district court denied without notice to the Plaintiff,

Plaintiff's Federal Rule of Civil Procedure, Rule 59, Motion for Reconsideration.

On Thursday, August 7, 2008, a Notice of Appeal was duly filed with the Clerk of

the United States District Court for the Northern District of Illinois, Eastern Division

conferring jurisdiction upon the United States Court of Appeals for the Seventh Circuit in

accordance to 28 U.S.C., Section 158(a) and (d).

*Very Respectfully Submitted,*

_____

LAMAR C. CHAPMAN III, Plaintiff/Appellant, *Pro Se*

**DATED: August 7, 2008**

Non-Attorney, Non-Lawyer
Plaintiff, Appellant, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone Number (630) 881-1936
Email: lasallecompanies@aol.com

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

AUG 0 7 2008  **NF**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LAMAR C. CHAPMAN III,　　　　　　　]

　　　　　　　　　　*Plaintiff,*　　]

　　　*-vs-*　　　　　　　　　　　　]

　　　　　　　　　　　　　　　　　　]

THE VILLAGE OF HINSDALE,　　　　]
ILLINOIS *an Illinois Municipal*　]
*Corporation*; THE HINSDALE POLICE ]
DEPARTMENT, **and** UNKNOWN　　　]
OTHERS,　　　　　　　　　　　　　]

　　　　　　　　　　*Defendants.*　]

**CASE NUMBER: 07-CV-7232**

Honorable George W. Lindberg
*Senior U.S. District Judge Presiding*

Honorable Geraldine Soat Brown
*Magistrate Judge*

## NOTICE OF FILING

TO:　Russell W. Hartigan, *Esq.*
　　　Patrick H. O'Connor, *Esq.*
　　　Michael R. Hartigan, *Esq.*
　　　HARTIGAN & O'CONNOR P. C.
　　　20 North Clark Street
　　　Chicago, IL 60601, (312) 201-8880

　　　*PLEASE TAKE NOTICE*, that on Thursday, August 7, 2008, pursuant to the Order of Court the undersigned filed with Leave of the Court **PLAINTIFF'S NOTICE OF APPEAL,** *as served upon you in the above-captioned matter.*

## PROOF OF SERVICE

　　　Lamar C. Chapman III, the Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, under oath and in consideration of the penalties of perjury states that he caused this Notice and all relevant attachments to be served on the above-named parties by first class mail at the address listed herein with postage prepaid and mailed from the United States Postal Facility located at Adams and Dearborn Streets, Chicago, Illinois on Thursday, August 7, 2008, before the hour of 5:00 PM.

LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHPMAN, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:  07cv7232

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Lamar C. Chapman, III/Appellant | | The Village of Hinsdale Illinois,et al/Appellees |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Lamar C. Chapman, III (ProSe) | Name | Russell W. Hartigan |
| Firm | Alexander, Cavanaugh & Block, LLC | Firm | Hartigan & O'Connor, P.C. |
| Address | 1314 Kensington Road P.O. Box 5232 Oak Brook, IL 60523-5232 | Address | 20 North Clark Street 1250 Chicago, IL 60602 |
| Phone | 630-881-1936 | Phone | 312-201-8880 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Lindberg | Date Filed in District Court | 4/19/2007 |
| Court Reporter | B. Wilson    Ext. 5771 | Date of Judgment | 6/23/2008, 7/25/2008 |
| Nature of Suit Code | 440 | Date of Notice of Appeal | 8/7/2008 |

COUNSEL:          Appointed [ ]          Retained [ ]          Pro Se [X]

FEE STATUS:          Paid [ ]          Due [X]          IFP [ ]

                     IFP Pending [ ]          U.S. [ ]          Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes [ ]          No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

          Granted [ ]          Denied [ ]          Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).    Rev 04/01**

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Lamar C Chapman III

                                        Plaintiff,

v.                                                      Case No.: 1:07−cv−07232
                                                        Honorable George W. Lindberg

Village of Hinsdale Illinois, The, et al.

                                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 23, 2008:

      MINUTE entry before the Honorable George W. Lindberg: Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [36] is granted. Counts I−VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I−VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. Civil case terminated. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Lamar C. Chapman, III,            )

Plaintiff,                   )

                             )     No. 07 C 7232

-vs-                      )

                             )     SENIOR U.S. DISTRICT JUDGE

The Village of Hinsdale,      )     GEORGE W. LINDBERG

Lawrence Bloom, Kevin Simpson,   )

Charles Leveur, Diane Heath     )

                             )

Defendants.               )

## <u>MEMORANDUM OPINION AND ORDER</u>

On April 19, 2007, plaintiff, Lamar C. Chapman III ("plaintiff"), filed a complaint against

defendants, the Village of Hinsdale, Illinois ("Village"); the Hinsdale Police Department ("Police

Department"); and Unknown Others. On May 1, 2008, he filed an amended complaint including

claims under 42 U.S.C. §1983: injunctive relief (Count I), violation of the Fourth Amendment

(Count II), violation of the Fifth Amendment (Count III), violation of the Eighth Amendment

(Count IV), violation of the First Amendment (Count V), violation of his right to due process

under the Fourteenth Amendment (Count VI), conspiracy (Count VII), and violation of equal

protection under the law (Count IX). He also alleged two state law tort claims, for intentional

infliction of emotional distress (Count VIII), and false light (Count X). The amended complaint

named Lawrence Bloom ("Bloom"), Charles Leuver ("Leuver"), Kevin Simpson ("Simpson"),

and Diane Heath ("Heath") as defendants. Defendant Village moved to dismiss plaintiff's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and defendants Bloom, Leuver,

and Simpson have adopted this motion.

Plaintiff's amended complaint alleges that: Bloom is a police officer in the Village and is

currently acting as the Police Department's chief. Simpson is a police officer in the Police

Department and is currently acting as deputy police chief. Leuver is a police officer in the Police

Department and is currently serving as an investigator and detective in its burglary division.

07 C 7232

Heath is a federal employee with the US Department of the Treasury. On April 8, 2005, the Police Department authorized and conducted a warrantless entry and search of plaintiff's home. Heath was present to effectuate this warrantless search. The officers present at the search took eight watches. When plaintiff returned home and discovered the property was missing, he attempted to make a report to the Police Department that his home had been burglarized. The Police Department initially refused to take a police report and treated him with indifference because of his African American race. When a police report was eventually taken, Leuver stated in the report that he was suspicious and believed plaintiff to be filing a false report. These actions were intentionally undertaken to deprive plaintiff of his constitutional rights. These alleged events are the basis for Counts I-VI, IX of his amended complaint.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim where the plaintiff has failed to state a claim upon which relief can be granted. While expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is "obviously time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), Fed. R. Civ. P. 8(c), 12(b)(6).

There is no limitation period for bringing an action set forth in 42 U.S.C. § 1983. Therefore, federal courts apply the most analogous state tort statute of limitations to § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Given the nature of § 1983 claims and their remedy, the most analogous tort is the recovery of damages for personal injury. *Id.* at 276. In Illinois, the statute of limitations for personal injury is two years. 735 Ill. Comp. Stat. 5/13-202. The 7th Circuit has held that this two year statute of limitations applies to §1983 actions arising in Illinois. *Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *Knox v. Cook County Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988).

Therefore, the last date for filing within the limitations period for the § 1983 claims was April 9, 2007. Plaintiff's initial complaint was filed by the clerk of this court on April 19, 2007.

07 C 7232

Plaintiff stated in his January 23, 2008 motion to reinstate this lawsuit (after he was granted the

proper leave to file by the Executive Committee):

> On April 9, 2007, the unrepresented, Non-attorney, Non-Lawyer, *Pro Se* Plaintiff filed the
> above-captioned civil rights lawsuit by sending the Clerk of the Court *via* first class mail,
> the original and copies of the verified complaint, Summons and copies, Cover Sheet,
> Appearance Form and check for filing fee in the amount of $350.00.

Under the Federal Rules of Civil Procedure, the date of filing is the date that a complaint is

delivered to the clerk, not the date that the complaint was mailed. Fed. R. Civ. P. 5(d)(2). The

above statement is the only reference made by plaintiff to the April 9, 2007 deadline in this court,

prior to defendants filing their motion to dismiss.

> Plaintiff's sur-reply to defendants' motion to dismiss states:

> On Monday, April 9, 2007, the Clerk of the United States District Court in Washington,
> DC "*received stamped*" the unrepresented, Plaintiff's civil rights complaint and returned
> the same to him *via* first class mail with a filing deficiency because the form of Plaintiff's
> civil rights complaint failed to have holes punched in the top of the complaint's paper for
> file binding in the Clerk's office and because an incorrect civil cover sheet was submitted
> with Plaintiff's filing.

However, although plaintiff provides three other exhibits in support of other issues raised in his

sur-reply, he provides no documentation to support the allegation that the Clerk of the United

States District Court in Washington, DC "received stamped" his complaint. Additionally, these

are facts that should have been included in plaintiff's responsive memorandum.

However, assuming arguendo plaintiff's complaint was received stamped on April 9,

2007, it still would not have been filed on that date. Plaintiff is a highly sophisticated litigant, as

was noted by another judge of this court in *Chapman v. Charles Schwab*, No. 01 C 9697 [18] at

8-9 (Memorandum Opinion and Order), (N.D. Ill. Apr. 29, 2002). Therefore, because plaintiff

specified that his complaint was "received-stamped" rather than "file-stamped" by the Clerk of

the District Court of Washington D.C., this court understands him to be using the correct and

accurate designation of "received-stamped." A complaint that has only been received-stamped

has not been filed. In *Lorentzen v. Anderson Pest Control*, this court noted that "the stamp on the

front page of the document received in chambers on April 30, 1990, is not 'the clerk's filed

stamp' but rather a 'received' stamp indicating it had been received in chambers. The difference
between the two is enormous."  1990 WL 251905 at *12 (N.D. Ill.), *see Brandt v. Turbine
Engine Specialists, Inc.*, 2008 WL 1968804 at *2 (S.D. Ill.).  Therefore, even taking plaintiff's
statements in his response and sur-reply as true, he did not properly file his complaint with any
United States District Court on or before April 9, 2007.  It is true that there are situations where
the statute of limitations is tolled while an action is pending in another court.   735 Ill. Comp.
Stat. 5/13-217, *see generally Wilson*, 471 U.S. at 275.  It is also true that an action that is filed in
an improper district can be transferred to this court pursuant to 42 U.S.C. §§ 1404, 1406.
However, in both these situations, a case must be properly filed in the other court.  This court
knows of no legal authority, and plaintiff fails to cite any, which states that an improper attempt
to file tolls the statute of limitations, or which states that the date of an attempted filing can act as
an actual filing date for the purposes of the statute of limitations.

Additionally, taking all plaintiff's statements about his attempts to file as true, it would
appear that he sent "the Clerk of [this] Court *via* first class mail, the original and copies of the
verified complaint," on April 9, 2007 (as he stated to the Executive Committee), which was the
same date that he attempted to file with the Clerk of the United States District Court in
Washington, DC.  While this court need not determine whether both these statements are
factually true to rule on the motion to dismiss, it is worth noting that if they are both true, it
would appear plaintiff was knowingly trying to file the same complaint in two District Courts
simultaneously.  This is curious to say the least.

Finally, plaintiff's sur-reply asserts that because he has "already passed the quasi-
unconstitutional and heightened, litigation requirements of the Executive Committee," the
presiding judge had already determined "whether or not the Plaintiff's efforts were frivolous."
The statute of limitations can be raised as an affirmative defense under Rule 8(c), and can also be
disposed of through a Rule 12(b)(6) motion to dismiss.  *Small*, 398 F.3d at 898, Fed. R. Civ. P.
8(c), 12(b)(6).  Affirmative defenses which are not raised can be considered waived by a

07 C 7232

defendant. Fed. R. Civ. P. 12(h). Therefore, without an explicit statement to that effect, the Executive Committee order granting leave to plaintiff to file this complaint, cannot be considered to have ruled that the claims were not barred by the statute of limitations.

It is unclear whether Defendant Heath has been properly served. Regardless, the federal claims against her are also be barred by the statute of limitations for the aforementioned reasons.

As to the state tort claims of intentional infliction of emotional distress and false light, the 7th Circuit has held as a general rule that, "when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994), *see* 28 U.S.C. § 1367(a). There are three exceptions to this rule: when the re-filing of the state claims is barred by the statute of limitations, where substantial judicial resources have already been expended on the state claims, and when it is clearly apparent how the state claims will be decided. *Wright*, 29 F.3d 1244 at 1251-1252. Although it may be that plaintiff's re-filing of his state claims would be barred by the statute of limitations for the same reasons that his § 1983 claims are barred, that exception is meant to protect plaintiffs for whom the statute of limitations expires between the time a complaint is brought in federal court and the time it is dismissed, not to protect those whose initial complaint, even if brought in state court, is not filed within the statute of limitations. *O'Brien v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 593 F.2d 54, 65 (7th Cir. 1979). With regard to plaintiff's state tort claims, either the limitation period began to run on the same date as the federal claims (April 8, 2005), or plaintiff's limitation period began to run at a later date, as he claims in his response. If the limitations period began to run on April 8, 2005, the pendency of the claims in this court does not affect whether they are barred. If the limitations period began to run at a later date, the statute of limitations would be tolled pursuant to 735 Ill. Comp. Stat. 5/13-217 while the claims were pending in this court. In either case, it is not necessary or appropriate for this court to exercise jurisdiction over the state tort claims. This court therefore declines to

07 C 7232

exercise jurisdiction over the pendent state law tort claims of intentional infliction of emotional distress and false light and dismisses these claims without prejudice.

**ORDERED:** Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) [36] is granted. Counts I-VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I-VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. P. 58(a)(1), 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: June 23, 2008

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Lamar C Chapman III

Plaintiff,

v.                                                      Case No.: 1:07−cv−07232
                                                        Honorable George W. Lindberg

Village of Hinsdale Illinois, The, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 25, 2008:

        MINUTE entry before the Honorable George W. Lindberg: Plaintiff Lamar C.
Chapman III's motion to reconsider is denied. Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Lamar Chapman, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 7232 |
| -vs- | ) | |
| | ) | Senior U.S. District Judge |
| | ) | GEORGE W. LINDBERG |
| Village of Hinsdale, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Lamar C. Chapman, III, moves this court to reconsider its June 23, 2008, order dismissing his federal claims on three bases.  First, plaintiff contends this court incorrectly overlooked a possible filing date in the United States District Court for the District of Columbia as the filing date for his action.  Second, plaintiff contends this court did not correctly determine the accrual date for his federal claims, and should consider the dates found on two additional documents as possible accrual dates.  Third, plaintiff contends this court improperly dismissed the claims against defendant Diane Heath, without her moving to dismiss or briefing on the issue.

First, while plaintiff has attached numerous exhibits and documents to his motion, he has failed to provide documentation for the allegation that he filed his complaint in the United States District Court for the District of Columbia, even though this issue was specifically mentioned in the order dismissing his claims.  Even if he had provided this court with a received-stamped document as he alleges, plaintiff has supplied no legal authority for the proposition that a received-stamped date in another District Court would determine the filing date for this action.

07 C 7232

This issue was thoroughly addressed in the memorandum and order granting defendants' motion to dismiss, and no more needs to be said about it.

Second, plaintiff contends this court should use the dates of two additional documents to determine the accrual date for his claims of violation of his Fourteenth Amendment rights and due process rights. The Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." *See also* U.S. Const. amend. V.

The first document plaintiff asserts should affect the accrual date for these constitutional claims is a warrant for his arrest for failure to surrender for sentencing, issued subsequent to his conviction in a criminal case in this court (04 CR 307-1). This court fails to see how a warrant, stemming from an entirely separate criminal matter, issued to the United States Marshal or any authorized United States Officer, is related to the constitutional violations by defendants of plaintiff's due process or equal protection rights alleged in this action.

The second document which plaintiff asserts should affect the accrual date of his claim is the allegedly false incident report of the Hinsdale Police Department, made on May 17, 2006. The follow-up incident report states that plaintiff reported a watch was stolen from his home. Plaintiff alleges that defendant Leuver erroneously listed the value of the property reported to have been stolen, and made false statements in the report regarding the validity of plaintiff's report. The United States Court of Appeals for the Seventh Circuit has noted that the equal protection clause acts to establish negative liberties: "[C]oncerned as it is with equal treatment, rather than establishing entitlements to some minimum of government services, [it] does not entitle a person to adequate, or indeed to any, police protection." *Hilton v. City of Wheeling*, 209

2

07 C 7232

F.3d 1005, 1007 (7th Cir. 2000). Furthermore, police have broad discretion in routine law

enforcement matters. *Id.* at 1008. Defendant Leuver noted that he was suspicious of plaintiff's

delay in filing the report, and that he believed plaintiff was making a false report, but he also

stated that he had no proof of these suspicions, and that he was going to leave the matter open

for a while in the hope that the watch would be recovered. Defendant Leuver included the

statement, after investigating the matter and including details of the investigation in his incident

report, "Criminal trespass of 4/8/2005 is unfounded," referring to the alleged presence of the

U.S. Marshals in plaintiff's residence. In spite of his suspicions noted in the incident report,

defendant Leuver kept the burglary investigation open. Plaintiff's allegations regarding the

contents of the incident report do not rise to the level of violations of plaintiff's right to equal

protection or due process.

  First, Plaintiff cannot claim that the May 17, 2006, police report deprived him of equal

protection, as the report taken on that date was initiated by plaintiff, and defendants continued to

investigate his case in spite of the suspicions noted in the report. Second, claims of due process

violations must allege that a plaintiff was deprived of life, liberty, or property. The property

plaintiff alleges he was deprived of, the watches, were allegedly taken from him on April 9,

2005. The allegedly false May 17, 2006, police report in no way deprived plaintiff of this

property.

  Finally, as to defendant Diane Heath ("Heath"), she was only alleged to be present for the

events of April 9, 2005. Plaintiff's amended complaint does not allege Heath was in any way

part of the events of February 2008 or May 2006, which are the dates raised in the complaint

later than April 9, 2005. The statute of limitations issue as to the events of April 9, 2005, was

07 C 7232

more than adequately briefed by the parties and considered by this court. "A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993), *see also Leonhard v. U.S.*, 633 F.2d 599, 609 n. 11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim. There appears to be no reason why the same rule should not apply to statute of limitations grounds where, as here, the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") Defendant Heath is "in a position similar to that of moving defendants," with regard to the events of April 9, 2005, and for this reason, this court dismissed the federal claims against her also.

**ORDERED:** Plaintiff Lamar C. Chapman III's motion to reconsider is denied.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: July 25, 2008

4

APPEAL, BROWN, REOPEN, TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:07-cv-07232
# Internal Use Only

Chapman v. Village of Hinsdale Illinois, The et al    Date Filed: 04/19/2007
Assigned to: Honorable George W. Lindberg    Date Terminated: 06/23/2008
Cause: 42:1985 Civil Rights    Jury Demand: None
    Nature of Suit: 440 Civil Rights: Other
    Jurisdiction: Federal Question

**Plaintiff**

**Lamar C Chapman, III**    represented by    **Lamar C Chapman, III**
    Alexander, Cavanaugh & Block, LLC
    1314 Kensington Road
    P.O. Box 5232
    Oak Brook, IL 60523-5232
    (630) 881-1936
    PRO SE

V.

**Defendant**

**Village of Hinsdale Illinois, The**    represented by    **Russell W. Hartigan**
*an Illinois Municiple Corporation*    Hartigan & O'Connor, P.C.
    20 North Clark Street
    1250
    Chicago, IL 60602
    (312) 201-8880
    Email: rwhartigan@hartiganlaw.com
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **Michael Russell Hartigan**
    Hartigan & Cuisinier P.C.
    222 North LaSalle Street
    Suite 2150
    Chicago, IL 60601
    (312) 201-8880
    Email: mhartigan@hartiganlaw.com
    *ATTORNEY TO BE NOTICED*

    **Patrick Halpin O'Connor**
    Hartigan & Cuisinier P.C.

222 North LaSalle Street
Suite 2150
Chicago, IL 60601
(312) 201-8880
Email: patoconnor@hartiganlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hinsdale Police Department, The**     represented by     **Russell W. Hartigan**
*TERMINATED: 04/30/2008*                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Russell Hartigan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Halpin O'Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Others**
*TERMINATED: 04/30/2008*

**Defendant**

**Diane Heath**     represented by     **Jonathan C. Haile**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: jonathan.haile@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin Simpson**     represented by     **Russell W. Hartigan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Russell Hartigan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Halpin O'Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Leuver**        represented by    **Russell W. Hartigan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                  **Michael Russell Hartigan**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                  **Patrick Halpin O'Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lawrence Bloom**        represented by    **Russell W. Hartigan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                  **Michael Russell Hartigan**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                  **Patrick Halpin O'Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2007 | 1 | RECEIVED Complaint and 1 copies by Lamar C Chapman, III. (gcy, ) (Entered: 12/27/2007) |
| 04/19/2007 | 2 | CIVIL Cover Sheet. (gcy, ) (Entered: 12/27/2007) |
| 01/14/2008 | 3 | WAIVER OF SERVICE returned executed by The Village of Hinsdale Police Department. The Village of Hinsdale Police Department waiver sent on 5/17/07, answer due 7/16/07; Notice. (mjc, ) (Entered: 01/17/2008) |
| 01/18/2008 | 4 | MOTION by Plaintiff Lamar C Chapman, III to issue summons of the court (Exhibits). (Poor Quality Original - Paper Document on File.) (ar, ) (Entered: 01/22/2008) |
| 01/18/2008 | 5 | NOTICE of Motion by Lamar C Chapman, III for presentment of his motion to issue summons of the court 4 before Honorable George W. Lindberg on 1/23/2008 at 09:30 AM. (ar, ) (Entered: 01/22/2008) |
| 01/18/2008 | 6 | NOTICE by Lamar C Chapman, III, regarding his motion to issue summons of the court 4 . (ar, ) (Entered: 01/22/2008) |
| 01/22/2008 | 7 | MINUTE entry before Judge George W. Lindberg :Plaintiff having failed to pay the required filing fee and failed to file an application to proceed informa pauperis the |

| | | |
|---|---|---|
| | | action is terminated. All pending motions are denied. Mailed notice (slb, ) (Entered: 01/22/2008) |
| 01/23/2008 | 8 | MOTION by plaintiff Lamar C Chapman, III to reinstate above-captioned lawsuit. (mjc, ) (Entered: 01/24/2008) |
| 01/23/2008 | 9 | NOTICE of Motion by Lamar C Chapman, III for presentment of motion to reinstate the above-captioned lawsuit 8 before Honorable George W. Lindberg on 1/30/2008 at 09:30 AM. (mjc, ) (Entered: 01/24/2008) |
| 01/30/2008 | 10 | MINUTE entry before Judge George W. Lindberg : Motion hearing held on plaintiff's motion to reinstate case. Plaintiff's motion to reinstate case is granted. Civil case reinstated. Status hearing set for 2/21/2008 at 09:00 a.m. Mailed notices (gcy, ) (Entered: 01/31/2008) |
| 02/08/2008 | 11 | RENEWED MOTION by plaintiff Lamar C Chapman, III to issue the summons of this court. (mjc, ) (Entered: 02/11/2008) |
| 02/08/2008 | 12 | NOTICE of Motion by Lamar C Chapman, III for presentment of renewed motion to issue the summons of this court 11 before Honorable George W. Lindberg on 2/13/2008 at 09:30 AM. (mjc, ) (Entered: 02/11/2008) |
| 02/11/2008 | 13 | MINUTE entry before Judge George W. Lindberg : Hearing reset to 2/21/2008 at 9:30 a.m. on plaintiff's renewed motion to issue the summons of this court (11). No court appearance required on 2/13/2008.Mailed notice (mjc, ) (Entered: 02/11/2008) |
| 02/21/2008 | 14 | MINUTE entry before Judge George W. Lindberg : Status hearing held and continued to 2/27/2008 at 9:30a.m. RENEWED MOTION by plaintiff Lamar C Chapman, III to issue the summons of this court is granted.Mailed notice (slb, ) (Entered: 02/21/2008) |
| 02/27/2008 | 15 | MINUTE entry before Judge George W. Lindberg : Status hearing held and continued to 3/19/2008 at 9:30a.m.Mailed notice (slb, ) (Entered: 02/27/2008) |
| 03/06/2008 | 16 | ATTORNEY Appearance for Defendants Village of Hinsdale Illinois, The, Hinsdale Police Department, The by Patrick Halpin O'Connor (O'Connor, Patrick) (Entered: 03/06/2008) |
| 03/06/2008 | 17 | JURY Demand by Village of Hinsdale Illinois, The, Hinsdale Police Department, The (O'Connor, Patrick) (Entered: 03/06/2008) |
| 03/06/2008 | 18 | WAIVER OF SERVICE returned executed as to the Hinsdale Police Department, waiver sent on 2/25/08, answer due 4/25/08 (O'Connor, Patrick) (Text modified by the Clerk's Office on 3/6/2008) (cdy, ). (Entered: 03/06/2008) |
| 03/06/2008 | 19 | WAIVER OF SERVICE returned executed as to The Village of Hinsdale Illinois, waiver sent on 2/25/08, answer due 4/25/08. (O'Connor, Patrick) (Text modified by Clerk's Office on 3/6/2008) (cdy, ). (Entered: 03/06/2008) |
| 03/06/2008 | 20 | ATTORNEY Appearance for Defendants Village of Hinsdale Illinois, The, Hinsdale Police Department, The by Russell W. Hartigan (Hartigan, Russell) (Entered: 03/06/2008) |
| 03/06/2008 | 21 | ATTORNEY Appearance for Defendants Village of Hinsdale Illinois, The, Hinsdale Police Department, The by Michael Russell Hartigan (Hartigan, Michael) (Entered: 03/06/2008) |

| 03/06/2008 | 22 | NOTICE by Village of Hinsdale Illinois, The, Hinsdale Police Department, The re attorney appearance 20 , jury demand 17 , waiver of service executed 18 , attorney appearance 16 , attorney appearance 21 , waiver of service executed 19 (O'Connor, Patrick) (Entered: 03/06/2008) |
|---|---|---|
| 03/07/2008 | 23 | MOTION by Defendants Village of Hinsdale Illinois, The, Hinsdale Police Department, The to dismiss (Attachments: # 1 Exhibit "A" - "G"# 2 Exhibit "H" - "M")(O'Connor, Patrick) (Entered: 03/07/2008) |
| 03/07/2008 | 24 | NOTICE of Motion by Patrick Halpin O'Connor for presentment of motion to dismiss 23 before Honorable George W. Lindberg on 3/19/2008 at 09:30 AM. (O'Connor, Patrick) (Entered: 03/07/2008) |
| 03/13/2008 | 25 | MINUTE entry before Judge George W. Lindberg : Response due 4/2/2008 to the motion by Defendants Village of Hinsdale Illinois and The Hinsdale Police Department to dismiss. Reply due 4/9/2008. Ruling set for 5/14/2008 at 9:30a.m.Mailed notice (slb, ) (Entered: 03/13/2008) |
| 03/19/2008 | 26 | MINUTE entry before Judge Honorable George W. Lindberg: Status hearing held and continued to 4/30/2008 at 9:30a.m. Leave of court is given to the plaintiff to file an amended complaint on or before 3/24/2008. Answer to the amended complaint to be filed on or before 4/18/2008.Mailed notice (slb, ) (Entered: 03/19/2008) |
| 03/27/2008 | 27 | MOTION by plaintiff Lamar C Chapman, III for leave to file first amended complaint instanter. (mjc, ) (Entered: 03/27/2008) |
| 03/27/2008 | 28 | NOTICE of Motion by Lamar C Chapman, III for presentment of plaintiff's motion for leave to file first amended complaint, instanter 27 before Honorable George W. Lindberg on 5/14/2008 at 09:30 AM. (mjc, ) (Entered: 03/27/2008) |
| 03/31/2008 | 29 | MOTION by plaintiff Lamar C Chapman, III for leave to voluntaily dismiss defendant Hinsdale Police Department. (mjc, ) (Entered: 03/31/2008) |
| 03/31/2008 | 30 | NOTICE of Motion by Lamar C Chapman, III for presentment of plaintiff's motion for leave to voluntarily dismiss defendant The Village of Hinsdale Police Department 29 before Honorable George W. Lindberg on 5/14/2008 at 9:30 a.m. (mjc, ) (Entered: 03/31/2008) |
| 04/25/2008 | 31 | NOTICE by Russell W. Hartigan of Change of Address (Hartigan, Russell) (Entered: 04/25/2008) |
| 04/30/2008 | 32 | MINUTE entry before Judge Honorable George W. Lindberg: Status hearing held. Plaintiff's motion for leave to file first amended complaint (27) instanter is granted.Plaintiff's motion for leave to voluntarily dismiss Hinsdale Police Department (29) is granted. Plaintiff's request to dismiss Unknown others is granted. Defendants' answer to the amended complaint to be filed on or before 5/5/2008. Defendants' motion to dismiss due 5/5/2008. Plaintiff's response to the motion(s) to dismiss due 5/19/2008. Reply due 5/26/2008. Ruling set for 6/25/2008 at 9:30 a.m. Hinsdale Police Department, The and Unknown Others terminated.Mailed notice (mjc, ) (Entered: 05/01/2008) |
| 05/01/2008 | 33 | SUMMONS Issued as to Defendant Diane Heath (mjc, ) (Entered: 05/02/2008) |
| 05/01/2008 | 34 | AMENDED complaint by Lamar C Chapman, III against all defendants. Notice.(Exhibits) (kj, ) (Entered: 05/05/2008) |

| 05/02/2008 | 35 | ALIAS Summons Issued as to Diane Heath. (kjc, ) (Entered: 05/05/2008) |
| --- | --- | --- |
| 05/05/2008 | 36 | MOTION by Defendants Village of Hinsdale Illinois, The, Hinsdale Police Department, The to dismiss *Plaintiff's First Amended Complaint* (Attachments: # 1 Exhibit A-E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H-M, # 5 Notice of Filing)(O'Connor, Patrick) (Entered: 05/05/2008) |
| 05/08/2008 | 37 | MOTION by Plaintiff Lamar C Chapman, III for extension of time to serve summons, or in the alternative MOTION to accept defenants' open-court waiver of service of summons. (gcy, ) (Entered: 05/09/2008) |
| 05/08/2008 | 38 | NOTICE of Motion by Lamar C Chapman, III for presentment of plaintiff's motion extension of time or in the alternative to accept defendants' open court waiver of service of summons 37 before Honorable George W. Lindberg on 5/14/2008 at 09:30 AM. (gcy, ) (Entered: 05/09/2008) |
| 05/09/2008 | 39 | ATTORNEY Appearance *for Kevin Simpson, Charles Leuver and Bradley Bloom, incorrectly sued as Lawrence Bloom* (Hartigan, Russell) (Entered: 05/09/2008) |
| 05/09/2008 | 40 | JURY Demand by Kevin Simpson, Charles Leuver, Lawrence Bloom (Hartigan, Russell) (Entered: 05/09/2008) |
| 05/09/2008 | 41 | WAIVER OF SERVICE returned executed by Kevin Simpson. Kevin Simpson waiver sent on 3/31/2008, answer due 5/30/2008. (Hartigan, Russell) (Entered: 05/09/2008) |
| 05/09/2008 | 42 | WAIVER OF SERVICE returned executed by Lawrence Bloom. Lawrence Bloom waiver sent on 3/31/2008, answer due 5/30/2008. (Hartigan, Russell) (Entered: 05/09/2008) |
| 05/09/2008 | 43 | ATTORNEY Appearance for Defendants Kevin Simpson, Charles Leuver, Lawrence Bloom by Patrick Halpin O'Connor (O'Connor, Patrick) (Entered: 05/09/2008) |
| 05/09/2008 | 44 | ATTORNEY Appearance for Defendants Kevin Simpson, Charles Leuver, Lawrence Bloom by Michael Russell Hartigan (Hartigan, Michael) (Entered: 05/09/2008) |
| 05/09/2008 | 45 | NOTICE by Kevin Simpson, Charles Leuver, Lawrence Bloom re attorney appearance 43 , attorney appearance 44 , waiver of service executed 42 , jury demand 40 , attorney appearance 39 , waiver of service executed 41 (Hartigan, Russell) (Entered: 05/09/2008) |
| 05/12/2008 | 46 | WAIVER OF SERVICE returned executed by Charles Leuver. Charles Leuver waiver sent on 3/31/2008, answer due 5/30/2008. (Attachments: # 1 Notice of Filing)(Hartigan, Russell) (Entered: 05/12/2008) |
| 05/14/2008 | 47 | MINUTE entry before Judge Honorable George W. Lindberg: MOTION by Plaintiff Lamar C Chapman, III for extension of time to serve summons, or in the alternative MOTION to accept defendants' open-court waiver of service of summons is withdrawn.Mailed notice (slb, ) (Entered: 05/14/2008) |
| 05/14/2008 | 50 | ALIAS SUMMONS Returned Executed by Lamar C Chapman, III as to Diane Heath served on 5/8/2008, answer due 7/7/2008. (mjc, ) (Entered: 05/16/2008) |
| 05/15/2008 | 48 | MOTION by Defendants Kevin Simpson, Charles Leuver, Lawrence Bloomto adopt motion to dismiss *of Village of Hinsdale* (O'Connor, Patrick) (Entered: 05/15/2008) |

| 05/15/2008 | 49 | NOTICE of Motion by Patrick Halpin O'Connor for presentment of motion for miscellaneous relief 48 before Honorable George W. Lindberg on 5/21/2008 at 09:30 AM. (O'Connor, Patrick) (Entered: 05/15/2008) |
| 05/16/2008 | 51 | MINUTE entry before the Honorable George W. Lindberg: Defendants Simpson, Leuver and Bloom motion to adopt motion to dismiss of defendant Village of Hinsdale 48 is granted. The motion to dismiss 23 is mooted by the filing of the amended complaint. The motion to dismiss the first amended complaint 36 remains pending and is being briefed. No court appearance required on 5/21/2008. Mailed notice (slb, ) (Entered: 05/16/2008) |
| 05/19/2008 | 52 | MOTION by plaintiff Lamar C Chapman, III for consolidated briefing or in the alternative motion for leave to file response to defendants' motion to dismiss instanter. (mjc, ) (Entered: 05/20/2008) |
| 05/19/2008 | 53 | NOTICE of Motion by plaintiff Lamar C Chapman, III for presentment of motion for consolidated briefing or in the alternative motion for leave to file response to motion to dismiss instanter 52 before Honorable George W. Lindberg on 5/28/2008 at 09:30 AM. (mjc, ) (Entered: 05/20/2008) |
| 05/20/2008 | 54 | MINUTE entry before the Honorable George W. Lindberg:Plaintiffs motion for consolidated briefing or in the alternative motion for leave to file response to motion to dismiss instanter 52 is granted in part. There is a single motion to dismiss the first amended complaint pending, which was filed by the defendants in the case at the time of its filing and adopted by defendants who have entered the case subsequently. It was and is the courts intention that plaintiff file a single response to that motion to dismiss. Plaintiff is granted leave to serve and file his response to the motion to dismiss on or before 5/27/2008. Defendants reply is due 6/3/2008. No court appearance is required on 5/28/2008. Mailed notice (ca, ) (Entered: 05/21/2008) |
| 05/27/2008 | 55 | RESPONSE by plaintiff Lamar C Chapman, III, Objections and memorandum to Hinsdale defendants' motion to dismiss [52; Notice. (mjc, ) (Entered: 05/30/2008) |
| 05/30/2008 | 58 | SUMMONS Returned Executed by Lamar C Chapman, III as to Diane Heath on 5/8/08, answer due 7/7/08. (mjc, ) (Entered: 06/03/2008) |
| 06/02/2008 | 56 | MINUTE entry before the Honorable George W. Lindberg:Plaintiff's motion for consolidated briefing, etc. 52 was ruled on by minute order of 5/20/2008 54 which granted it in part.Mailed notice (slb, ) (Entered: 06/02/2008) |
| 06/03/2008 | 57 | DESIGNATION of Jonathan C. Haile as U.S. Attorney for Defendant Diane Heath (Haile, Jonathan) (Entered: 06/03/2008) |
| 06/03/2008 | 59 | REPLY by Defendants Kevin Simpson, Charles Leuver, Lawrence Bloom, Village of Hinsdale Illinois, The to motion to dismiss, 36 , response to motion 55 (Attachments: # 1 Exhibit Exhibit "A", # 2 Notice of Filing)(O'Connor, Patrick) (Entered: 06/03/2008) |
| 06/09/2008 | 60 | MOTION by plaintiff Lamar C Chapman, III for leave to file sur-reply to Hinsdale defendants' reply to plaintiff's response to Hinsdale defendants' motion to dismiss instanter;(Exhbits). (mjc, ) (Entered: 06/10/2008) |
| 06/09/2008 | 61 | NOTICE of Motion by plaintiff Lamar C Chapman, III for presentment of motion for leave to file sur-reply instanter 60 before Honorable George W. Lindberg on 6/25/2008 at 09:30 AM. (mjc, ) (Entered: 06/10/2008) |

| | | |
|---|---|---|
| 06/23/2008 | 62 | MINUTE entry before the Honorable George W. Lindberg:Plaintiff's motion for leave to file sur-reply 60 is granted.Mailed notice (slb, ) (Entered: 06/23/2008) |
| 06/23/2008 | 63 | MINUTE entry before the Honorable George W. Lindberg: Defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) 36 is granted. Counts I-VII, and IX are dismissed with prejudice, Counts VIII and X are dismissed without prejudice. Judgment in favor of defendants and against plaintiff dismissing Counts I-VII and IX of plaintiff's amended complaint with prejudice and dismissing Counts VIII and X without prejudice, will be set forth in a separate document and entered in the civil docket. Fed. R. Civ. Civil case terminated. Mailed notice (slb, ) (Entered: 06/23/2008) |
| 06/23/2008 | 64 | MEMORANDUM Opinion and Order Signed by the Honorable George W. Lindberg on 6/23/2008:Mailed notice(slb, ) (Entered: 06/23/2008) |
| 07/02/2008 | 65 | MOTION by plaintiff Lamar C Chapman, III for reconsideration of the court's 6/23/08 order of dismissal. (Poor Quality Original - Paper Document on File.) (mjc, ) (Entered: 07/03/2008) |
| 07/02/2008 | 66 | NOTICE of Motion by Lamar C Chapman, III for presentment of plaintiff's motion for reconsideration of the 6/23/08 order of dismissal 65 before Honorable George W. Lindberg on 7/16/2008 at 09:30 AM. (mjc, ) (Entered: 07/03/2008) |
| 07/08/2008 | 67 | MINUTE entry before the Honorable George W. Lindberg:MOTION by plaintiff Lamar C. Chapman, III for reconsideration of the court's 6/23/08 order of dismissal will be ruled on by mail. No court appearance is required on 7/16/2008.Mailed notice (slb, ) (Entered: 07/08/2008) |
| 07/25/2008 | 68 | MINUTE entry before the Honorable George W. Lindberg: Plaintiff Lamar C. Chapman III's motion to reconsider is denied. Mailed notice (slb, ) (Entered: 07/25/2008) |
| 07/25/2008 | 69 | MEMORANDUM Opinion and Order Signed by the Honorable George W. Lindberg on 7/25/2008:Mailed notice(slb, ) (Entered: 07/25/2008) |
| 08/07/2008 | 70 | NOTICE of appeal by Lamar C Chapman, III regarding orders 64 , 69 , 63 , 68 . (Fee Due). (gej, ) (Entered: 08/08/2008) |